**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION** | **CASE NO. 12-MD-02311** **HON. MARIANNE O. BATTANI** |
| **In Re: OCCUPANT SAFETY SYSTEMS CASES** | |
| **THIS RELATES TO:** **ALL DIRECT PURCHASER ACTIONS** | **12-cv-00601-MOB-MKM** |

**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT**
**WITH AUTOLIV DEFENDANTS AND AUTHORIZING  DISSEMINATION OF**
**NOTICE TO DIRECT PURCHASER SETTLEMENT CLASS**

Upon consideration of the Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with defendants Autoliv Inc., Autoliv ASP, Inc., Autoliv B.V. & Co. KG, Autoliv Safety Technology, Inc. and Autoliv Japan Ltd. (collectively, "Autoliv") and For Authorization to Disseminate Notice to the Direct Purchaser Settlement Class (the "Motion"), it is hereby ORDERED as follows:

1.      The Motion is hereby **GRANTED**.

2.      Terms used in the Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

Preliminary Approval of Settlement Agreement

3.      The terms of the Settlement Agreement are hereby preliminarily approved as being fair, reasonable, and adequate to the Settlement Class, subject to a Fairness Hearing.  The Court finds that the Settlement Agreement was entered into at arm's-length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given to members of the proposed Settlement Class.

120700_4

<u>Class Certification</u>

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the

proposed settlement, the Court hereby finds that the prerequisites for a class action have been

met and provisionally certifies the following class for settlement purposes (the "Settlement

Class"):

> All individuals and entities who purchased Occupant Safety
> Systems in the United States directly from one or more Defendants
> or any of the Defendants' respective parents, subsidiaries, or
> affiliates from January 1, 2003 through May 30, 2014.

5.      The Court finds that provisional certification of the Settlement Class is warranted

in light of the Settlement Agreement because: (a) the Settlement Class is so numerous that

joinder is impracticable; (b) the Direct Purchaser Plaintiff Class representatives' claims present

common issues and are typical of the Settlement Class; (c) the Direct Purchaser Plaintiff Class

representatives and Settlement Class Counsel (identified below) will fairly and adequately

represent the Settlement Class; and (d) common issues predominate over any individual issues

affecting the members of the Settlement Class. The Court further finds that the Direct Purchaser

Plaintiff Class representatives' interests are aligned with the interests of all other members of the

Settlement Class. The Court also finds settlement of this action on a class basis superior to other

means of resolving the matter.

<u>Appointment of Class Representatives and Settlement Class Counsel</u>

6.      The Court hereby appoints plaintiffs Beam's Industries, Inc. and Findlay

Industries, Inc. to serve as Class Representatives of the Direct Purchaser Settlement Class.

7.      The Court hereby appoints the law firms of Freed Kanner London & Millen LLC,

Kohn, Swift & Graf, P.C., Preti, Flaherty, Beliveau & Pachios LLP, and Spector Roseman

Kodroff & Willis, P.C. to serve as Settlement Class Counsel for the Direct Purchaser Settlement

Class having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by these appointments.

<u>Notice to Potential Settlement Class Members</u>

8.      The Court approves the form and content of the: (a) Notice of Proposed Settlement of Direct Purchaser Class Action with Autoliv Defendants and Hearing on Settlement Approval ("Notice"), attached hereto as Exhibit "A"; and (b) Summary Notice of Proposed Settlement of Direct Purchaser Class Action with Autoliv Defendants and Hearing on Settlement Approval ("Summary Notice"), attached hereto as Exhibit **"**B."

9.      The Court finds that the mailing and publication of the Notice and Summary Notice, respectively, in the manner set forth herein constitutes the best notice practicable under the circumstances and is valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

10.     Within thirty (30) days from the date of entry of this Order, Autoliv shall provide to Settlement Class Counsel, in an electronic mailing format, the names and addresses of the members of the Settlement Class, to the extent they are identifiable through reasonable efforts.

11.     On or before August 29, 2014, the Notice, in substantially the same form as Exhibit "A," shall be mailed by first class mail, postage prepaid, to all members of the Settlement Class identified by defendants.  The Notice shall also be provided to all persons who request it in response to the Summary Notice provided for herein.  In addition, copies of the Notice shall be posted on the Internet on a website dedicated to this litigation.

12.     Settlement Class Counsel shall cause the Summary Notice, in substantially the same form as Exhibit "B," to be published in one national edition of *The Wall Street Journal* and

in one edition of *Automotive News*, on or before August 29, 2014.

13.     On or before October 17, 2014, Settlement Class Counsel shall file with the Court their motion for final approval of the Settlement Agreement and request to utilize a portion of the Autoliv Settlement Fund to pay plaintiffs' litigation expenses.

14.     All requests for exclusion from the Settlement Class must be in writing, postmarked no later than October 30, 2014, and must otherwise comply with the requirements set forth in the Notice.

15.     Any member of the Settlement Class who objects to the proposed settlement, or to the request to utilize a portion of the Autoliv Settlement Fund to pay plaintiffs' litigation expenses must do so in writing, postmarked no later than October 30, 2014, and shall otherwise comply with the requirements set forth in the Notice.

16.      Each member of the Settlement Class shall retain all rights and causes of action with respect to claims against every defendant other than the Autoliv Defendants, regardless of whether such member of the Settlement Class decides to remain in, or request exclusion from, the Settlement Class.

17.     At least ten (10) days before the date fixed by this Court for the Fairness Hearing, Settlement Class Counsel shall file with the Court affidavits or declarations of the person under whose general direction the mailing and posting of the Notice, and publication of the Summary Notice, were made, showing that mailing, posting and publication were made in accordance with this Order.

18.     The Court will hold a Fairness Hearing on December 3 2014, at 1:00 p.m.at the Theodore Levin U.S. Courthouse, Courtroom 272, 231 West Lafayette Blvd., Detroit MI, 48226, to determine the fairness, reasonableness, and adequacy of the proposed settlement with Autoliv, and to consider whether to approve the request to utilize a portion of the Autoliv Settlement Fund

to pay plaintiffs' litigation expenses.  Any Settlement Class member who follows the procedure set forth in the Notice may appear and be heard at this hearing.  The Fairness Hearing may be rescheduled, adjourned and/or continued without further notice to the Settlement Class.

Other Provisions

19.     In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of the Direct Purchaser Plaintiffs, Autoliv, and the members of the Settlement Class.

20.     The Court's provisional certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any defendant to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any defendant's motion, and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any defendant's motion.

21.     The Court approves the establishment of the escrow account under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Settlement Class Counsel are, in accordance with the Settlement Agreement authorized to use funds from the QSF to pay costs of notice, taxes, tax expenses and settlement administration costs.

22.     The Direct Purchaser Class litigation against Autoliv is stayed except to the extent

necessary to effectuate the Settlement Agreement.

**IT IS SO ORDERED.**


Date:   July 9, 2014                          s/Marianne O. Battani
                                              MARIANNE O. BATTANI
                                              United States District Judge


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 9, 2014.


                                              s/ Kay Doaks
                                              Case Manager

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | CASE NO. 12-MD-02311<br>HON. MARIANNE O. BATTANI |
| In Re: OCCUPANT SAFETY SYSTEMS CASES | |
| THIS RELATES TO:<br>ALL DIRECT PURCHASER ACTIONS | 12-cv-00601-MOB-MKM |

NOTICE OF PROPOSED SETTLEMENT OF DIRECT PURCHASER
CLASS ACTION WITH AUTOLIV DEFENDANTS
AND HEARING ON SETTLEMENT APPROVAL

TO:     ALL INDIVIDUALS AND ENTITIES WHO PURCHASED OCCUPANT SAFETY
SYSTEMS IN THE UNITED STATES DIRECTLY FROM ONE OR MORE
DEFENDANTS OR ANY OF THE DEFENDANTS' RESPECTIVE PARENTS,
SUBSIDIARIES OR AFFILIATES ("OSS Sellers") FROM JANUARY I, 2003
THROUGH MAY 30, 2014.

PLEASE READ THIS ENTIRE NOTICE CAREFULLY. YOUR LEGAL RIGHTS
MAY BE AFFECTED BY LITIGATION NOW PENDING IN THIS COURT.

**WHAT IS THE PURPOSE OF THIS NOTICE AND WHY WAS IT SENT TO ME?**

This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an

Order of the United States District Court for the Eastern District of Michigan, Southern Division.

The purpose of this Notice is to inform you of a proposed settlement with defendants Autoliv

Inc., Autoliv ASP, Inc., Autoliv B.V. & Co. KG, and Autoliv Japan Ltd. (collectively,

"Autoliv"). Under the terms of the proposed settlement, Autoliv has made a payment in the

amount of $40 million (the "Settlement Fund"), and will cooperate with Direct Purchaser

Plaintiffs in the prosecution of the claims against the remaining defendants.

This litigation is part of coordinated legal proceedings involving a number of parts used in motor vehicles. The litigation, and the proposed settlement, relate solely to Occupant Safety Systems purchased **directly** from an OSS Seller. These proceedings do not relate to, and have no effect upon, cases involving any other product or purchaser.

"Occupant Safety Systems," for purposes of the settlement, are seat belts, airbags, steering wheels or steering systems, safety electronic systems and related parts and components. If you purchased Occupant Safety Systems in the United States directly from any OSS Seller during the period from January 1,2003 through May 30, 2014 (the "Class Period"), you are a member of the Direct Purchaser Settlement Class and have the rights and options summarized here:

- You may remain in the Direct Purchaser Settlement Class and be eligible to share in the Autoliv Settlement Fund under a claims procedure that will be instituted in the future;

- You may exclude yourself from the Direct Purchaser Settlement Class, in which case you will **not** be bound by the settlement and will **not** be eligible to share in the Autoliv Settlement Fund;

- If you do not exclude yourself from the Direct Purchaser Settlement Class, you may object in writing to the proposed Autoliv settlement or the request to use a portion of the Settlement Fund to pay litigation expenses and appear at the hearing where the Court will determine whether the proposed settlement should be approved as fair, adequate and reasonable, and whether a portion of the Settlement Fund may be used to pay litigation expenses; and

- You may enter an appearance in the litigation through your own counsel at your own expense.

2

120687_5

You do **not** need to take any action at this time if you wish to remain in the Direct Purchaser Settlement Class. You should retain all of your records of Occupant Safety Systems purchases for use in the claims procedure that will be instituted at a later date.

## WHO IS IN THE DIRECT PURCHASER SETTLEMENT CLASS?

On _____, 2014, the Court certified a Direct Purchaser Settlement Class for purposes of disseminating notice of the proposed Autoliv settlement, defined as follows:

> All individuals and entities who purchased Occupant Safety Systems in the United States directly from one or more Defendants or any of the Defendants' respective parents, subsidiaries or affiliates from January 1,2003 through May 30, 2014.

For purposes of the Direct Purchaser Settlement Class definition set forth above, the following entities are defendants:

> Autoliv Inc.; Autoliv ASP, Inc.;
> Autoliv B.V. & Co. KG; Autoliv Japan Ltd.;
> Autoliv Safety Technology, Inc.
> Takata Corporation; TK Holdings, Inc.;
> Tokai Rika Co., Ltd.;
> TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc.;
> TRW Automotive Holdings Corporation; and
> TRW Deutschland Holding GmbH.

Plaintiffs Beam's Industries, Inc. and Findlay Industries, Inc. have been appointed by the Court to serve as class representatives for the Direct Purchaser Settlement Class. The Court has appointed the law firms of Freed Kanner London & Millen LLC, Kohn, Swift & Graf, P.C., Preti, Flaherty, Beliveau & Pachios LLP, and Spector Roseman Kodroff & Willis, P.C. (hereinafter, "Settlement Class Counsel") to serve as Settlement Class Counsel for the Direct Purchaser Settlement Class.

**WHAT IS THIS LITIGATION ABOUT?**

In 2012, class action lawsuits were filed against Defendants by Plaintiffs, who are direct purchasers of Occupant Safety Systems. Plaintiffs allege that Defendants entered into a conspiracy to suppress and eliminate competition for Occupant Safety Systems by agreeing to fix, maintain, or stabilize prices, rig bids, and allocate the supply of Occupant Safety Systems, in violation of federal antitrust laws. Plaintiffs further allege that as a result of the conspiracy, they and other direct purchasers of Occupant Safety Systems have been injured by paying more for those products than they would have paid in the absence of the alleged illegal conduct, and they seek recovery of treble damages, together with reimbursement of costs and an award of attorneys' fees.

Autoliv and the other defendants deny Plaintiffs' allegations, and the Court has not issued any findings or rulings with respect to the merits of Plaintiffs' claims or Defendants' defenses. This is a partial settlement of the claims in the Complaint as it is with Autoliv only. The class representative plaintiffs are continuing to prosecute the case against the remaining, non-settling, defendants.

**WHAT RELIEF DOES THE PROPOSED SETTLEMENT PROVIDE?**

Plaintiffs, on behalf of the Direct Purchaser Settlement Class, have entered into a settlement agreement with Autoliv dated May _, 2014 (the "Settlement Agreement") under which Autoliv has paid the amount of $40 million into an escrow account for the benefit of the Settlement Class. The Settlement Agreement gives Autoliv the right to reduce the Settlement Fund by as much as, but no more than, $16 million depending upon the percentage of the total dollar volume of sales of Occupant Safety Systems by Autoliv during the Class Period to direct purchasers who timely exercise their right to request exclusion from the Settlement Class.

4

Further, the settlement gives both Autoliv and the plaintiffs the right to withdraw from the settlement if the total dollar amount of sales of Occupant Safety Systems by Autoliv during the Class Period to direct purchasers who timely exercise their right to request exclusion from the Settlement Class exceeds a certain percentage.

Autoliv has also agreed to cooperate with plaintiffs in the prosecution of the lawsuit against the remaining defendants. The cooperation provided for under the Settlement Agreement includes: (a) the production by Autoliv of certain documents and data potentially relevant to plaintiff's claims; (b) interviews with certain of Autoliv's employees; (c) declarations and affidavits from Autoliv's employees; (d) depositions and trial testimony of certain of Autoliv's employees; and (e) meetings between Settlement Class Counsel and Autoliv's counsel to provide information relating to the Occupant Safety Systems industry and the alleged antitrust violations at issue in these actions.

Settlement Class Counsel agreed to the proposed settlement to ensure a fair and reasonable resolution to this matter, and to provide benefits to the members of the Direct Purchaser Settlement Class recognizing the existence of complex, contested issues of law and fact; the risks inherent in such complex litigation; the likelihood that in the absence of settlement future proceedings would take several years and be extremely costly; and the magnitude of the benefits resulting from the settlement in light of the possible range of recovery that could be obtained through further litigation, including the risk of no recovery. Settlement Class Counsel believe it is in the best interests of the Direct Purchaser Settlement Class to enter into the proposed settlement and resolve this litigation as to Autoliv.

This Notice is only a summary of the terms of the proposed settlement. The Settlement Agreement contains other important provisions, including the release of certain claims against

5

Autoliv, and you are referred to the Agreement, which is on file with the Clerk of Court and is available on-line at _____ .com, for the complete terms of the settlement. The proposed settlement must receive final approval by the Court in order to become effective.

If you are a member of the Direct Purchaser Settlement Class and the proposed settlement is approved and becomes effective, you will be bound by its terms, including the release provisions. If you wish to object to approval of the settlement, you may do so, but only in accordance with the procedures set forth below. If you do not object to the settlement, you do not need to take any action at this time to indicate your support for, or lack of objection to, the settlement.

## HOW DO I REMAIN IN THE SETTLEMENT CLASS AND WHAT HAPPENS IF I DO?

If you are a member of the Direct Purchaser Settlement Class as defined above, you will automatically remain a Direct Purchaser Settlement Class member with respect to the Autoliv settlement unless you elect to be excluded. If you wish to remain in the Direct Purchaser Settlement Class, you do not need to take any action at this time and your interests will be represented by the class representatives and by Settlement Class Counsel. You will have no responsibility to individually pay attorneys' fees or expenses. Any such fees and expenses will be paid solely from amounts obtained from the Defendants, whether by settlement or judgment, and must be approved by the Court after notice to you and a hearing. If you choose, you may also have your own attorney enter an appearance on your behalf and at your expense.

If you remain in the Direct Purchaser Settlement Class and the final judgment order dismissing Autoliv from the litigation becomes final and unappealable, you will be bound by that judgment.

As a member of the Direct Purchaser Settlement Class, you will be eligible to share in the Autoliv Settlement Fund pursuant to a claims procedure that will begin at a later date.

Settlement Class Counsel are not presently asking the Court to distribute the Settlement Fund proceeds to Direct Purchaser Settlement Class members. If you remain a member of the Direct Purchaser Settlement Class, you will receive additional notice at a later date and you will have an opportunity to object to and be heard in connection with the proposed plan of distribution of the Settlement Fund at that time.

**Do not dispose of any document that reflects your direct purchases of Occupant Safety Systems in the United States from any defendant during the period from January 1, 2003 through May 30, 2014. You may need those documents to complete a claim form in the future, which would be subject to inquiry and verification, if the settlement is approved or if damages are otherwise recovered from Autoliv or another defendant.**

Settlement Class Counsel are not seeking payment of attorney's fees or reimbursement of litigation costs incurred by Settlement Class Counsel at this time. In connection with seeking final approval of the Autoliv settlement, plaintiffs will seek permission from the Court to use up to $1.0 million from the Settlement Fund to pay plaintiffs' litigation expenses, including, but not limited to, costs for economic experts, depositions, costs related to document reproduction and review, and other costs incurred in prosecuting the case.

At a later date, Settlement Class Counsel will ask the Court for an award of attorneys' fees and reimbursement of litigation expenses, as well as payment of incentive awards to the class representatives for their service to the class. When Settlement Class Counsel seek payment of attorneys' fees, reimbursement of litigation expenses, and incentive awards from the

Settlement Fund, you will receive notice and be given an opportunity to object and be heard by the Court at that time.

## WHAT IF I DO NOT WANT TO REMAIN IN THE SETTLEMENT CLASS?

If you wish to exclude yourself from the Direct Purchaser Settlement Class, you must send a request for exclusion, in writing, via certified mail, return receipt requested, **postmarked no later than _____, 2014,** to Settlement Class Counsel at the addresses set forth below, and to the following address:

> Occupant Safety Systems Direct Purchaser Antitrust Litigation
> PO Box _____
> _____

Your request for exclusion must include the full name and address of the purchaser (including any predecessor or successor entities). You are also requested to identify the defendant(s) from which you purchased Occupant Safety Systems during the Class Period, the Occupant Safety Systems purchased, and the dollar amount of those purchases. If you validly exclude yourself from the Direct Purchaser Settlement Class, you will not be bound by any decision concerning the Autoliv settlement and you may pursue individually any claims that you may have against Autoliv or any of the Defendants' respective parents, subsidiaries or affiliates, but you will not be eligible to share in the Settlement Fund created by the Autoliv settlement.

## WHEN WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT AND HOW CAN I TELL THE COURT WHAT I THINK ABOUT THE SETTLEMENT?

The Court will hold a hearing on _____, 2014, at _____ _.m., at the Theodore Levin United States Courthouse, 231 West Lafayette Boulevard, Detroit, MI 48226, Courtroom 272, to determine whether the proposed Autoliv settlement should be approved as fair, reasonable, and adequate. The Court will also consider at the hearing whether to approve plaintiffs' request to utilize a portion of the Settlement Fund to pay plaintiffs' litigation expenses incurred in the

8

120687_5

prosecution of the case against the non-settling defendants. The hearing may be continued without further notice.

If you do not exclude yourself from the Direct Purchaser Settlement Class and you wish to object to the Settlement Agreement or plaintiffs' request to utilize a portion of the Settlement Fund to pay plaintiffs' litigation expenses, you must do so in writing. Your objection must include the caption of this litigation, must be signed, and be **filed no later than _____ , 2014,** with the Clerk of Court, United States District Court for the Eastern District of Michigan, Southern Division, Theodore Levin United States Courthouse, 231 West Lafayette Boulevard, Detroit, MI 48226, and mailed to the following counsel:

Gregory P. Hansel
PRETI, FLAHERTY, BELIVEAU
   & PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME  04112-9546
Telephone:  (207) 791-3000

Joseph C. Kohn
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA  19107
Telephone:  (215) 238-1700

Steven A. Kanner
FREED KANNER LONDON
   & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL  60015
Telephone:  (224) 632-4500

Eugene A. Spector
SPECTOR ROSEMAN KODROFF
   & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone:  (215) 496-0300

*Co-Lead Counsel for the Direct Purchaser Settlement Class*

Peter Kontio
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: (404) 881-7000

Fred K. Hermann
KERR, RUSSELL AND WEBER, PLC
500 Woodward Avenue, Suite 2S00
Detroit, MI 48226
Telephone: (313) 961-0200

*Counsel for the Autoliv Defendants*

9

If you do not object to the proposed Autoliv settlement or plaintiffs' request to utilize a portion of the Settlement Fund to pay plaintiffs' litigation expenses, you do not need to appear at the hearing or take any other action at this time.

**WHAT SHOULD I DO IF I WANT ADDITIONAL INFORMATION OR IF MY ADDRESS CHANGES?**

If this Notice reached you at an address other than the one on the mailing label, or if your address changes, please send your correct address to: Occupant Safety Systems Direct Purchaser Antitrust Litigation, P.O. Box _____.

The Settlement Agreement, Complaint, and other public documents filed in this litigation are available for review during normal business hours at the offices of the Clerk of Court, United States District Court for the Eastern District of Michigan, Southern Division, Theodore Levin United States Courthouse, 231 West Lafayette Boulevard, Detroit, MI 48226. Copies of the Settlement Agreement and certain other documents relevant to this litigation are available at _____ .com. Questions concerning the proposed Autoliv settlement, this Notice, or the litigation, may be directed to any of the Settlement Class Counsel identified above.

**Please do not contact the Clerk of the Court or the Judge.**

Dated: _____, 2014

BY ORDER OF:
The United States District Court for the Eastern
District of Michigan, Southern Division

10

120687_5

# EXHIBIT B

**IF YOU PURCHASED OCCUPANT SAFETY SYSTEMS DIRECTLY
FROM AUTOLIV, TAKATA, TOKAI RIKA OR TRW
BETWEEN JANUARY 1, 2003 AND MAY 30, 2014,
YOUR LEGAL RIGHTS MAY BE AFFECTED BY A PROPOSED
SETTLEMENT WITH THE AUTOLIV DEFENDANTS**

A proposed $40 million settlement has been reached in *In re Automotive Parts Antitrust Litigation*, MDL 2311, W:12-cv-00201-MOB-MKM (E.D. Mich.), with defendants Autoliv Inc., Autoliv ASP, Inc., Autoliv B.V. & Co. KG, and Autoliv Japan Ltd. (collectively, "Autoliv").

**What is the lawsuit about?**   This class action is part of coordinated legal proceedings involving a number of parts used in motor vehicles.  The litigation, and the proposed settlement, relate solely to Occupant Safety Systems purchased **directly** from a defendant.  These proceedings do not relate to, and have no effect upon, cases involving any other product or purchaser.

"Occupant Safety Systems," for purposes of the settlement, are seat belts, airbags, steering wheels or steering systems, safety electronic systems and related parts and components.

Plaintiffs allege that defendants entered into a conspiracy with other defendant manufacturers of Occupant Safety Systems [need same language in long notice] to suppress and eliminate competition for Occupant Safety Systems by agreeing to fix, maintain, or stabilize prices, rig bids, and allocate the supply of Occupant Safety Systems, in violation of federal antitrust laws.  Plaintiffs further allege that as a result of the conspiracy, they and other direct purchasers of Occupant Safety Systems were injured by paying more for those products than they should have paid, and seek recovery of treble damages, together with reimbursement of costs and an award of attorneys' fees.

Autoliv and the other defendants deny plaintiffs' allegations, and the Court has not issued any findings or rulings on the merits of plaintiffs' claims or defendants' defenses.  This is a

120686_4

partial settlement of the claims in the Complaint as it is with Autoliv only.  The litigation is continuing against the remaining defendants.

**Who is included?**  The Class is composed of all individuals and entities who purchased Occupant Safety Systems in the United States directly from any of the following defendants, or any of their respective parents, subsidiaries or affiliates, from January 1, 2003 through May __, 2014 (the "Class Period"): Autoliv Inc.; Autoliv ASP, Inc.; Autoliv B.V. & Co. KG; Autoliv Safety Technology, Inc.; Autoliv Japan Ltd.; Takata Corporation; TK Holdings, Inc.; Tokai Rika Co., Ltd.; TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc.; TRW Automotive Holdings Corporation; and TRW Deutschland Holding GmbH.

A Notice of Proposed Settlement ("Notice") was mailed to potential Direct Purchaser Settlement Class members on or about _____, 2014.  The Notice describes the litigation and options available to Direct Purchaser Settlement Class members with respect to the Autoliv settlement in more detail.  If you did not receive the Notice you may obtain a copy on the internet at _____.com, or by calling or writing to the following Settlement Class Counsel:

Gregory P. Hansel
PRETI, FLAHERTY, BELIVEAU
   & PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME  04112-9546
Telephone:  (207) 791-3000

Joseph C. Kohn
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA  19107
Telephone:  (215) 238-1700

Steven A. Kanner
FREED KANNER LONDON
   & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL  60015
Telephone:  (224) 632-4500

Eugene A. Spector
SPECTOR ROSEMAN KODROFF
   & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone:  (215) 496-0300

*Co-Lead Counsel for the Direct Purchaser Settlement Class*

**What does the settlement provide?**  Autoliv has paid the amount of $40 million (the "Settlement Fund") into an escrow account and will cooperate with plaintiffs in the prosecution of the claims against the remaining defendants.

**Your rights may be affected**.  If you purchased Occupant Safety Systems in or into the United States directly from any defendant during the Class Period, you will automatically remain a Direct Purchaser Settlement Class member as to the Autoliv settlement unless you elect to be excluded.  If you wish to remain in the Direct Purchaser Settlement Class, you do not need to take any action at this time and your interests will be represented by plaintiffs and by Settlement Class Counsel.

If you do not want to be bound by the Settlement, you must submit a written request for exclusion, **postmarked no later than _____, 2014**.  If you validly exclude yourself from the Direct Purchaser Settlement Class you will not be bound by any decision concerning the Autoliv settlement and you can pursue individually any claims you may have against Autoliv, but you will not be eligible to share in the Settlement Fund created by the Autoliv settlement.

If you stay in the Settlement Class, you have the right to object to the proposed Autoliv settlement and to plaintiffs' request to utilize a portion of the Settlement Fund to pay for litigation expenses.  Your objection must be filed no later than _____, 2014.

The Court has scheduled a hearing on _____, 2014, to consider whether to approve the proposed settlement and plaintiffs' request to utilize a portion of the Settlement Fund to pay plaintiffs' litigation expenses.  The hearing may be continued without further notice.

If you believe you are a member of the Direct Purchaser Settlement Class, you are urged to obtain a copy of the detailed Notice, which discusses your rights regarding the Autoliv settlement.

If you have questions concerning this litigation, you may contact Settlement Class Counsel identified above.  **Do not contact the Clerk of the Court or the Judge.**

Dated: _____, 2014                BY ORDER OF:

The United States District Court for the Eastern
District of Michigan, Southern Division