UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | CASE NO. 12-MD-02311<br>HON. MARIANNE O. BATTANI |
| In Re: OCCUPANT SAFETY SYSTEMS CASES | |
| THIS RELATES TO:<br>ALL DIRECT PURCHASER ACTIONS | 2:12-cv-00601-MOB-MKM |

**SETTLEMENT CLASS COUNSEL'S REPORT ON DISSEMINATION OF NOTICE OF PROPOSED SETTLEMENT BETWEEN THE DIRECT PURCHASER PLAINTIFFS AND AUTOLIV DEFENDANTS AND CLASS MEMBERS' RESPONSE**

Settlement Class Counsel submit the following report concerning the dissemination of notice pursuant to this Court's Order of July 9, 2014 (2:12-cv-00601, Doc. No. 97 at ¶ 17), and Settlement Class members' response to the notice program. As described more fully below, notice was disseminated in accordance with the Court's Order. Not a single objection was filed to either the proposed settlement or to Settlement Class Counsel's request to use a portion of the Settlement Fund to pay for litigation expenses, and only three opt-out requests were submitted.[1] Settlement Class Counsel respectfully submit that the absence of objections and small number of opt-outs militate strongly in favor of approval of the proposed settlement, and the litigation expense request.

**I.  DISSEMINATION OF NOTICE TO THE CLASS**

A declaration by Erica Stevenson, a Project Manager employed by Epiq Class Action & Claims Solutions ("Epiq"), the Notice and Claims Administrator retained by Direct Purchaser

---

[1] As discussed below, pursuant to the terms of the Settlement Agreement, the Settlement Fund is subject to an 11.208% reduction as a result of these opt-outs.

Plaintiffs, describing the dissemination of notice to potential Settlement Class members is attached hereto as Exhibit 1.

Pursuant to the Court's Order, on August 29, 2014, Epiq caused 1,212 copies of the Notice of Proposed Settlement of Direct Purchaser Class Action With Autoliv Defendants and Hearing on Settlement Approval ("Notice") to be mailed to potential Settlement Class members by first class mail, postage prepaid. Exhibit 1 at ¶ 6. Epiq also re-mailed returned notices for which updated addresses were obtained. *Id*. at ¶ 7.

Also in accordance with the Court's July 9th Order, the Summary Notice of Proposed Settlement of Direct Purchaser Class Action With Autoliv Defendants and Hearing on Settlement Approval ("Summary Notice") was published in one edition of *Automotive News*, and in the national edition of *The Wall Street Journal,* on August 25, 2014. Id. at ¶ 9. In addition, a copy of the Notice was posted on-line at www.autopartsantitrustlitigation.com, a website dedicated to this litigation. Id. at ¶ 10.

Notice to the Direct Purchaser Settlement Class under Fed. R. Civ. P. 23 has, therefore, been provided as ordered by the Court.

## II. OBJECTIONS TO THE PROPOSED SETTLEMENT AND EXPENSE REQUEST

The Notice advised that any objection to the proposed settlement, or to Settlement Class Counsel's request to use up to $1 million from the Settlement Fund to pay for litigation expenses had to be filed with the Clerk by October 30, 2014, with copies mailed to Settlement Class Counsel and to Autoliv's counsel.

No objections were filed with the Court or sent to Settlement Class Counsel by the October 30, 2014 deadline. Additionally, Settlement Class Counsel have received no objections as of this date.

### III. <u>REQUESTS FOR EXCLUSION</u>

The Notice further advised that requests for exclusion from the Settlement Class had to be sent to Settlement Class Counsel, postmarked no later than October 30, 2014.

Timely opt-out requests were submitted by the following three entities: Saab Automobile AB (aka Saab Automotive AB); Ford Motor Company; and AutoAlliance International, Inc.[2] As of this date, no additional request for exclusion has been received by Settlement Class Counsel.

As noted in the Memorandum in Support of Direct Purchaser Plaintiffs' Motion for Final Approval of Proposed Settlement With Autoliv Defendants (2:12-cv-00601, Doc. No. 102, page 4 n. 5), the Settlement Agreement provides that the $40 million "Settlement Amount" shall be reduced if the total dollar amount of sales of Occupant Safety Systems by Autoliv during the Class Period to direct purchasers who timely exercise their right to request exclusion from the Settlement Class exceeds certain percentages.[3] In accordance with the terms of the Settlement Agreement, based upon the opt-outs from the Settlement Class, the Settlement Fund is subject to an "Opt-Out Reduction" of 11.208%, which reduces the "Settlement Amount" from $40,000,000.00 to $35,516,800.00.

Settlement Class Counsel respectfully submit that, for the reasons set forth in the Memorandum in Support, the Autoliv settlement, which provides for the payment of $35,516,800.00 and substantial cooperation by Autoliv, is fair, reasonable and adequate under the relevant criteria, and warrants final approval.

---

[2] The 8 specific entities on whose behalf Saab, Ford and AutoAlliance requested exclusion are set forth in Exhibit 2.

[3] The settlement also gives both Autoliv and the plaintiffs the right to withdraw from the settlement if the total dollar amount of sales of Occupant Safety Systems by Autoliv during the Class Period to direct purchasers who timely exercise their right to request exclusion from the Settlement Class exceeds a certain percentage. Because this percentage was not exceeded, the withdrawal option may not be exercised.

## IV. THE REACTION OF THE SETTLEMENT CLASS SUPPORTS APPROVAL OF THE SETTLEMENT AND LITIGATION EXPENSE REQUEST

The reaction of the class has been recognized repeatedly by courts within this Circuit and elsewhere as an important factor in evaluating the fairness, reasonableness, and adequacy of a proposed settlement. *E.g.*, *Sheick v. Auto. Component Carrier LLC*, No. 2:09–cv–14429, 2010 WL 4136958, at *22 (E.D. Mich. Oct. 18, 2010) ("scarcity of objections – relative to the number of class members overall – indicates broad support for the settlement among Class Members."); *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 527 (E.D. Mich. 2003) ("That the overwhelming majority of class members have elected to remain in the Settlement Class, without objection, constitutes the 'reaction of the class,' as a whole, and demonstrates that the Settlement is 'fair, reasonable, and adequate.'"); *In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.*, 248 F.R.D. 483, 499 (E.D. Mich. 2008) (small number of opt-outs or objections is indicative of the adequacy of the settlement); *Hyland v. HomeServices of America*, No. 3:05–CV–612–R., 2012 WL 1575310, at *7 (W.D. Ky. May 3, 2012) (absence of objectors weighs in favor of the settlement). *Accord In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001) (finding that "vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors creates a strong presumption that this factor weighs in favor of the Settlement"); *In re Auto. Refinishing Paint Antitrust Litig.*, 617 F.Supp.2d. 336, 342 (E.D. Pa. 2007) ("The fact that an overwhelming majority of the Class did not file objections is a significant element to consider in determining the overall fairness of the settlements."); *In re Residential Doors Antitrust Litig.*, No. 94–3744, Civ.A. 96–2125, MDL 1039, 1998 WL 151804, at *7 (E.D. Pa. April 2, 1998) (small number of exclusions and absence of objections "militates strongly in favor of approval" of proposed settlement).

In this action, notice of the proposed settlement was mailed to approximately 1,200 Settlement Class members, published in *Automotive News* and in *The Wall Street Journal,* and posted on-line. Not a single objection has been raised to either the terms of the proposed settlement or to Settlement Class Counsel's request to use up to $1 million from the Settlement Fund to pay for litigation expenses, and only three opt-out requests were submitted. Such an overwhelmingly favorable response by members of the Settlement Class, which includes many sophisticated entities with the resources to litigate their claims independently, militates strongly in favor of approval of the proposed settlement and the litigation expense request.

## V. CONCLUSION

Based upon the foregoing, and for the reasons set forth in Direct Purchaser Plaintiffs' Motion For Final Approval of Proposed Settlement With Autoliv Defendants and Request to Utilize Part of the Settlement Fund to Pay for Litigation Expenses, and the Memorandum in support thereof, it is respectfully requested that the Court grant final approval of both the proposed settlement and the litigation expense request.

DATED: November 12, 2014         Respectfully submitted,

*/s/ David H. Fink*
David H. Fink (P28235)
Darryl Bressack (P67820)
FINK + ASSOCIATES LAW
100 West Long Lake Road, Suite 111
Bloomfield Hills, MI 48304
(248) 971-2500

Interim Liaison Counsel for the Direct Purchaser Plaintiffs

| | |
|---|---|
| Steven A. Kanner<br>William H. London<br>Michael E. Moskovitz<br>FREED KANNER LONDON<br>  & MILLEN LLC<br>2201 Waukegan Road, Suite 130<br>Bannockburn, IL  60015<br>Telephone:  (224) 632-4500 | Joseph C. Kohn<br>William E. Hoese<br>Douglas A. Abrahams<br>KOHN, SWIFT & GRAF, P.C.<br>One South Broad Street, Suite 2100<br>Philadelphia, PA  19107<br>Telephone:  (215) 238-1700 |
| Gregory P. Hansel<br>Randall B. Weill<br>Michael S. Smith<br>PRETI, FLAHERTY, BELIVEAU<br>  & PACHIOS LLP<br>One City Center, P.O. Box 9546<br>Portland, ME  04112-9546<br>Telephone:  (207) 791-3000 | Eugene A. Spector<br>William G. Caldes<br>Jonathan M. Jagher<br>Jeffrey L. Spector<br>SPECTOR ROSEMAN KODROFF<br>  & WILLIS, P.C.<br>1818 Market Street, Suite 2500<br>Philadelphia, PA  19103<br>Telephone:  (215) 496-0300 |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 12, 2014, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record registered for electronic filing.

**FINK + ASSOCIATES LAW**

*/s/ Darryl Bressack*
David H. Fink (P28235)
Darryl Bressack (P67820)
100 West Long Lake Road; Suite 111
Bloomfield Hills, Michigan 48304
Tel: (248) 971-2500
Fax: (248) 971-2600
dfink@finkandassociateslaw.com
dbressack@finkandassociateslaw.com