## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION** | **CASE NO. 12-MD-02311**<br>**HON. MARIANNE O. BATTANI** |
| **In Re: OCCUPANT SAFETY SYSTEMS CASES** | |
| **THIS RELATES TO:**<br>**ALL DIRECT PURCHASER ACTIONS** | **12-cv-00601-MOB-MKM** |

### MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH TRW DEFENDANTS AND FOR AUTHORIZATION TO DISSEMINATE NOTICE TO THE DIRECT PURCHASER SETTLEMENT CLASS

Direct Purchaser Plaintiffs hereby move the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for preliminary approval of the proposed settlement with TRW Deutschland Holding GmbH and TRW Automotive Holdings Corp. (collectively, "TRW"), and for authorization to disseminate notice to the Direct Purchaser Settlement Class. In support of this motion, Plaintiffs rely upon the accompanying memorandum of law, which is incorporated by reference herein.

TRW consents to this motion and to the entry of the proposed order preliminarily approving the proposed settlement.

DATED: March 16, 2015

Respectfully submitted,

  /s/David H. Fink                 
David H. Fink (P28235)
Darryl Bressack (P67820)
FINK + ASSOCIATES LAW
100 West Long Lake Road, Suite 111
Bloomfield Hills, MI 48304
(248) 971-2500

*Interim Liaison Counsel for the Direct Purchaser Plaintiffs*

132528

Steven A. Kanner
William H. London
Michael E. Moskovitz
FREED KANNER LONDON
 & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL  60015
Telephone:  (224) 632-4500

Gregory P. Hansel
Randall B. Weill
Michael S. Smith
PRETI, FLAHERTY, BELIVEAU
 & PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME  04112-9546
Telephone:  (207) 791-3000

Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA  19107
Telephone:  (215) 238-1700

Eugene A. Spector
William G. Caldes
Jonathan M. Jagher
Jeffrey L. Spector
SPECTOR ROSEMAN KODROFF
 & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone:  (215) 496-0300

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*

132528

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | CASE NO. 12-MD-02311 HON. MARIANNE O. BATTANI |
| In Re: OCCUPANT SAFETY SYSTEMS CASES | |
| THIS RELATES TO: ALL DIRECT PURCHASER ACTIONS | 12-cv-00601-MOB-MKM |

## MEMORANDUM IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH TRW DEFENDANTS AND FOR AUTHORIZATION TO DISSEMINATE <u>NOTICE TO THE DIRECT PURCHASER SETTLEMENT CLASS</u>

132528

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................. iii

STATEMENT OF ISSUES PRESENTED ...................................................... vii

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES ....... viii

INTRODUCTION ................................................................................................ 1

I.      BACKGROUND ..................................................................................... 2

II.     TERMS OF THE TRW SETTLEMENT AGREEMENT ........................... 4

        A.     The Direct Purchaser Settlement Class ........................................ 4

        B.     The Settlement Amount ................................................................. 5

        C.     Releases ......................................................................................... 5

        D.     Cooperation ................................................................................... 6

III.    PROPOSED TIMETABLE ...................................................................... 6

IV.     THE PROPOSED SETTLEMENT IS SUFFICIENTLY FAIR, REASONABLE
        AND ADEQUATE TO AUTHORIZE DISSEMINATION OF CLASS NOTICE ..... 8

        A.     The Governing Standards. ............................................................. 8

        B.     The Proposed Settlement is Fair and Within The Range of Possible
               Approval. ...................................................................................... 10

        C.     Consideration of Final Approval Criteria Supports Preliminary Approval. 11

               1.     The Likelihood of Plaintiffs' Success on the Merits Weighed Against
                      the Amount and Form of the Relief Offered in the Settlement
                      Supports Approval. ............................................................... 13

               2.     The Complexity, Expense, and Likely Duration of Continued
                      Litigation Favor Approval. ................................................... 14

               3.     The Judgment of Experienced Counsel Supports Approval. ............. 14

               4.     The Amount of Discovery Completed and the Character of the
                      Evidence Uncovered Are Sufficient, Particularly in Light of the
                      Several Guilty Pleas of Defendants in the Occupant Safety Systems
                      Litigation ............................................................................. 15

               5.     The Reaction of Class Members ........................................... 16

               6.     The Settlement Agreement is the Product of Arm's-Length
                      Negotiations ........................................................................ 16

               7.     The Settlement is Consistent With the Public Interest. ............... 17

V.      THE NOTICE PROGRAM SHOULD BE APPROVED ................................ 17

VI.     PROVISIONAL CERTIFICATION OF THE PROPOSED DIRECT PURCHASER
        SETTLEMENT CLASS IS WARRANTED ............................................... 18

  **A.**  **The Proposed Direct Purchaser Settlement Class Satisfies Rule 23(a)**.......... 19

    **1.**  **The Settlement Class is Sufficiently Numerous** ................................... 19

    **2.**  **There are Common Questions of Law and Fact** ................................... 20

    **3.**  **Plaintiffs' Claims are Typical of Those of the Settlement Class**........ 21

    **4.**  **Plaintiffs Will Fairly and Adequately Protect the Interests of the Class**................................................................................................... 21

  **B.**  **Plaintiffs' Claims Satisfy the Prerequisites of Rule 23(b)(3) for Settlement Purposes**..................................................................................... 22

    **1.**  **Common Legal and Factual Questions Predominate**.......................... 23

    **2.**  **A Class Action is Superior to Other Methods of Adjudication** .......... 24

**VII.**  **CONCLUSION** ................................................................................................. 25

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591 (1997)................................................................................ 18, 23, 24

*Barry v. Corrigan,*
2015 WL 136238 (E.D. Mich. Jan 9, 2015).....................................................20, 21

*Beattie v. CenturyTel, Inc.,*
511 F.3d 554 (6th Cir. 2007) ...................................................................23

*Berry v. Sch. Dist. of City of Benton Harbor,*
184 F.R.D. 93 (W.D. Mich. 1998) ..........................................................10, 11

*Bobbitt v. Acad. of Court Reporting,*
2009 WL 2168833 (E.D. Mich. Jul. 21, 2009) .................................................. ix, 8

*Carson v. Am. Brands, Inc.,*
450 U.S. 79 (1981)..............................................................................11

*Date v. Sony Electronics, Inc.,*
2013 WL 3945981 (E.D. Mich. Jul. 31, 2013) ........................................ 15, 19, 21

*Davidson v. Henkel Corp.,*
302 F.R.D. 427 (E.D. Mich. 2014) .........................................................19

*Exclusively Cats Veterinary Hosp. v. Anesthetic Vaporizer Servs., Inc.,*
2010 WL 5439737 (E.D. Mich. Dec. 27, 2010) ......................................20

*Ford v. Fed.-Mogul Corp.,*
2015 WL 110340 (E.D. Mich. Jan. 7, 2015).............................................13, 14

*Gautreaux v. Pierce,*
690 F.2d 616 (7th Cir. 1982) ...............................................................10

*Granada Invs. Inc. v. DWG Corp.,*
962 F. 2d 1203 (6th Cir. 1992) .............................................................9, 16

*Griffin v. Flagstar Bancorp, Inc.,*
2013 WL 6511860 (E.D. Mich. Dec. 12, 2013) .......................................... passim

*Hoving v. Lawyers Title Ins. Co.,*
256 F.R.D. 555 (E.D. Mich. 2009) ........................................................23

*In re Am. Med. Sys., Inc.*,
   75 F.3d 1069 (6th Cir. 1996) ...................................................................20

*In re Automotive Parts Antitrust Litig.*,
   2:12-md-02311, 2014 WL 4272774 (E.D. Mich. Aug. 29, 2014) ............................................3

*In re Automotive Parts Antitrust Litig.*,
   2:12-md-02311, 2014 WL 4272784 (E.D. Mich. Aug. 29, 2014) ............................................3

*In re Cardizem CD Antitrust Litig*,
   200 F.R.D. 297 (E.D. Mich. 2007) ..................................................24, 25

*In re Cardizem CD Antitrust Litig.*,
   218 F.R.D. 508 (E.D. Mich. 2003) ......................................... passim

*In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.*,
   248 F.R.D. 483 (E.D. Mich. 2008) ...............................................9, 14

*In re Flat Glass Antitrust Litig.*,
   191 F.R.D 472 (W.D. Pa. 1999) ...................................................20, 21

*In re Flonase Antitrust Litig.*,
   284 F.R.D. 207 (E.D. Pa. 2012).......................................................25

*In re Global Crossing Sec. & ERISA Litig.*,
   225 F.R.D. 436 (S.D.N.Y.2004) .....................................................15

*In re Linerboard Antitrust Litig.*,
   292 F. Supp. 2d 631 (E.D. Pa. 2003) ..............................................9, 10

*In re NASDAQ Market-Makers Antitrust Litig.*,
   169 F.R.D. 493 (S.D.N.Y 1996) ....................................................25

*In re Packaged Ice Antitrust Litig.*,
   2010 WL 3070161 (E.D. Mich. Aug. 2, 2010)............................... passim

*In re Packaged Ice Antitrust Litig.*,
   2011 WL 717519 (E.D. Mich. Feb. 22, 2011).............................. passim

*In re Pressure Sensitive Labelstock Antitrust Litig.*,
   584 F. Supp. 2d 697 (M.D. Pa. 2008) ................................................10

*In re Scrap Metal Antitrust Litig.*,
   527 F.3d 517 (6th Cir. 2008) ..................................................... ix, 23

*In re Southeastern Milk Antitrust Litig.*,
   2010 WL 3521747 (E.D. Tenn. Sept. 7, 2010).....................................23

*In re Telectronics Pacing Sys. Inc.*,
  137 F. Supp. 2d 985 (S.D. Ohio 2001) .......................................................... passim

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
  722 F.3d 838 (6th Cir. 2013) ................................................. 19, 20, 21

*Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Ford Motor Co.*,
  2006 WL 1984363 (E.D. Mich. July 13, 2006) .............................................. passim

*IUE-CWA v. General Motors Corp.*,
  238 F.R.D. 583 (E.D. Mich. 2006) ......................................................12

*Lessard v. City of Allen Park*,
  372 F. Supp. 2d 1007 (E.D. Mich. 2005)................................................12

*Marsden v. Select Medical Corp.*,
  246 F.R.D. 480 (E.D. Pa. 2007).........................................................19

*Olden v. Gardner*,
  294 Fed. Appx. 210 (6th Cir. 2008)...................................................12

*Paper Systems Inc. v. Mitsubishi Corp.*,
  193 F.R.D. 601 (E.D. Wisc. 2000).....................................................24

*Senter v. Gen. Motors Corp.*,
  532 F.2d 511 (6th Cir. 1976) .........................................................22

*Sheick v. Auto. Component Carrier LLC*,
  2010 WL 4136958 (E.D. Mich. Oct. 18, 2010) ......................................... 12, 14, 16

*Sheick v. Automotive Component Carrier LLC*,
  2010 WL 3070130 (E.D.Mich. Aug. 02, 2010).......................................21

*Sprague v. General Motors Corp.*,
  133 F.3d 388 (6th Cir. 1998) ......................................................... 19, 20, 21

*Thacker v. Chesapeake Appalachia, LLC*,
  2009 WL 2407614 (E.D. Ky. Aug. 5, 2009)...........................................18

*UAW v. General Motors Corp.*,
  497 F.3d 615 (6th Cir. 2007) ...................................................... 11, 12, 21

*Van Horn v. Trickey*,
  840 F.2d 604 (8th Cir. 1988) .........................................................11

*Williams v. Vukovich*,
  720 F.2d 909 (6th Cir. 1983)........................................................ passim

**RULES**

Federal Rule of Civil Procedure 23 ..................................................................18

**OTHER AUTHORITIES**

4 *NEWBERG ON CLASS ACTIONS*, § 18.05-15 (3d ed. 1992)...................................20

## STATEMENT OF ISSUES PRESENTED

1.  Whether the proposed settlement between the Direct Purchaser Settlement Class (the "Settlement Class") and Defendants TRW Deutschland Holding GmbH and TRW Automotive Holdings Corp. (collectively, "TRW") as set forth in the Settlement Agreement between the Settlement Class and TRW (the "Settlement Agreement") (attached hereto as Exhibit "1"), is sufficiently fair, reasonable and adequate to justify preliminary approval and the dissemination of notice;

2.  Whether the Court should provisionally certify the Settlement Class under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure for purposes of the settlement;

3.  Whether the Court should authorize the dissemination of notice of the proposed settlement, the proposed plan of distribution of settlement funds, and Plaintiffs' counsel's requests for an award of attorneys' fees and litigation expenses, to Settlement Class members (as defined in the Settlement Agreement) in the form and manner proposed in Plaintiffs' motion and memorandum in support; and

4.  Whether the Court should appoint Beam's Industries. Inc. and Findlay Industries, Inc. as the Settlement Class representatives, and Interim Co-Lead Counsel for the Direct Purchasers as Settlement Class Counsel for the Settlement Class ("Settlement Class Counsel").

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997)

*Bobbitt v. Acad. of Court Reporting*,
    No. 07-10742, 2009 WL 2168833 (E.D. Mich. Jul. 21, 2009)

*Date v. Sony Electronics, Inc.*,
    No. 07-15474, 2013 WL 3945981 (E.D. Mich. Jul. 31, 2013)

*Griffin v. Flagstar Bancorp, Inc.*,
    No. 2:10-cv-10610, 2013 WL 6511860 (E.D. Mich. Dec. 12, 2013)

*In re Cardizem CD Antitrust Litig.*,
    218 F.R.D. 508 (E.D. Mich. 2003)

*In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.*,
    248 F.R.D. 483 (E.D. Mich. 2008)

*In re Packaged Ice Antitrust Litig.*,
    No. 08-MD-01952, 2010 WL 3070161 (E.D. Mich. Aug. 2, 2010)

*In re: Packaged Ice Antitrust Litig.*,
    No. 08-MD-01952, 2011 WL 717519 (E.D. Mich. Feb. 22, 2011)

*In re Scrap Metal Antitrust Litig.*,
    527 F.3d 517 (6th Cir. 2008)

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
    722 F.3d 838 (6th Cir. 2013)

*Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Ford Motor Co.*,
    No. 05-74730, 2006 WL 1984363 (E.D. Mich. July 13, 2006)

*Sheick v. Auto. Component Carrier LLC*,
    No. 09-14429, 2010 WL 4136958 (E.D. Mich. Oct. 18, 2010)

*Sprague v. General Motors Corp.*,
    133 F.3d 388 (6th Cir. 1998)

*UAW v. General Motors Corp.*,
    497 F.3d 615 (6th Cir. 2007)

**INTRODUCTION**

Plaintiffs Beam's Industries. Inc. and Findlay Industries, Inc., on behalf of a Settlement Class composed of direct purchasers of Occupant Safety Systems in the United States, have reached a settlement with the TRW Defendants.  Under the terms of the settlement, TRW will pay $8 million ("TRW Settlement Fund") and provide substantial cooperation to assist Plaintiffs in the prosecution of the claims against the remaining Defendants.

The TRW settlement was reached after this Court gave final approval to a $36.5 million settlement with the Autoliv Defendants (2:12-cv-00601, Doc. No. 110), and was the result of many months of negotiations.  In connection with the approval process of this settlement, Plaintiffs propose to send claim forms, make a distribution to members of the Settlement Class, subject to Court approval, from the combined settlement funds, and apply to the Court for an award of attorneys' fees and expenses.

Plaintiffs respectfully move this Court for an Order ("Preliminary Approval Order"): provisionally certifying a settlement class; finding that the settlement with TRW is sufficiently fair, reasonable and adequate to justify the dissemination of notice; approving the notices (attached as Exhibits A and B to the Preliminary Approval Order, which is attached hereto as Exhibit 2 and submitted separately via ECF utility) and a plan for their dissemination; and scheduling a final fairness hearing.

The proposed Preliminary Approval Order includes the procedures necessary to obtain final approval of the proposed settlement as required by Rule 23(e) of the Federal Rules of Civil Procedure.  At this juncture, the Court need only make a preliminary determination of whether the settlement is sufficiently fair, reasonable and adequate to justify providing notice of the proposed settlement to the Settlement Class, and "lay the groundwork for a future fairness hearing." *In re Packaged Ice Antitrust Litig.*, 2010 WL 3070161, *4-5 (E.D. Mich. Aug. 2,

2010).  The Court is familiar with this process, having recently granted preliminary and final approval to a settlement with the Autoliv Defendants in this case (2:12-cv-00601, Doc. Nos. 97, 110), and to settlements with Nippon Seiki in the *Instrument Panel Clusters Litigation* (2:12-cv-00201, Doc. Nos. 91, 108) and Lear in the *Wire Harness Litigation* (2:12-cv-00101, Doc. Nos. 162, 217).

Plaintiffs submit that the proposed settlement satisfies the required standards, and respectfully request that the Court authorize dissemination of the notices pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

## I.     BACKGROUND

In 2012, class action lawsuits were filed against the Defendants by Plaintiffs on behalf of a class of direct purchasers of "Occupant Safety Systems."[1]  On August 7, 2012, the Court appointed the undersigned law firms Interim Lead and Liaison Counsel for the Direct Purchaser Plaintiffs.  (2:12-md-02311, Doc. No. 271).  The Direct Purchaser Plaintiffs' actions were consolidated and coordinated for pretrial purposes on January 15, 2013.  (2:12-cv-00600, Doc. No. 64).

Direct Purchaser Plaintiffs filed a Consolidated Amended Class Action Complaint "Consolidated Amended Complaint") on July 3, 2013 (2:12-cv-00601, Doc. No. 65), and a Second Consolidated Amended Class Action Complaint ("Second Consolidated Amended Complaint") on February 28, 2014.  (2:12-cv-00601, Doc. No. 81).  Direct Purchaser Plaintiffs allege that Defendants entered into a conspiracy to suppress and eliminate competition for Occupant Safety Systems by agreeing to fix, maintain, or stabilize prices, rig bids, and allocate the supply of Occupant Safety Systems, in violation of federal antitrust laws.  Direct Purchaser

---

[1] "Occupant Safety Systems," for purposes of the settlement, are seat belts, airbags, steering wheels or steering systems, safety electronic systems, and related parts and components

Plaintiffs further allege that as a result of the conspiracy, they and other direct purchasers of

Occupant Safety Systems were injured by paying more for those products than they would have

paid in the absence of the alleged illegal conduct, and they seek recovery of treble damages,

together with reimbursement of costs and an award of attorneys' fees.

TRW and the other Defendants deny plaintiffs' allegations.  On October 21, 2013,

Defendants filed Rule 12(b)(6) motions to dismiss Direct Purchaser Plaintiffs' Consolidated

Amended Class Action Complaint[2], including a collective Defendants' motion (2:12-cv-00601,

Doc. No. 75) and a separate motion by Defendant TRW Automotive Holdings Corp. (2:12-cv-

00601, Doc. No. 74).  The Court denied both motions on August 29, 2014.  *In re Automotive*

*Parts Antitrust Litig.,* 2:12-md-02311, 2014 WL 4272784 (E.D. Mich. Aug. 29, 2014) and *In re*

*Automotive Parts Antitrust Litig.,* 2:12-md-02311, 2014 WL 4272774 (E.D. Mich. Aug. 29,

2014).

On October 27, 2014, TRW answered the Second Consolidated Amended Complaint,

denying Direct Purchaser Plaintiffs' allegations of liability and damages and asserted several

affirmative and other defenses to Direct Purchaser Plaintiffs' claims.

Direct Purchaser Plaintiffs reached a settlement with Autoliv, which is memorialized in

an agreement dated May 30, 2014.  (2:12-cv-00601, Doc. No. 94-2).  On July 9, 2014, this Court

preliminarily approved the Autoliv settlement and authorized dissemination of notice to the

Settlement Class.  (2:12-cv-00601, Doc. No. 97 at ¶ 4).  Notice was disseminated to Settlement

Class members in accordance with the terms of the Court's Order and , following a hearing on

---

[2] Direct Purchaser Plaintiffs filed their Second Consolidated Amended Complaint in order to extend the Class Period and to reflect guilty pleas and criminal informations that were filed subsequent to the filing of the Consolidated Amended Complaint.  The parties stipulated that Defendants could supplement their motions or merely reincorporate their previously-filed motions.  Defendants did not file any supplemental pleadings.

December 3, 2014, the Court granted final approval to the Autoliv settlement by Order dated

January 7, 2015 (2:12-cv-00601, Doc. No. 110).

## II.     TERMS OF THE TRW SETTLEMENT AGREEMENT

Following protracted settlement negotiations, Direct Purchaser Plaintiffs have reached a

settlement with the TRW Defendants.  The Settlement Agreement was entered into only after

extensive arm's-length negotiations between experienced and sophisticated counsel.  During the

negotiations, the merits of the respective parties' positions were thoroughly discussed and

evaluated.  As part of the settlement negotiations, the parties communicated extensively, and

Settlement Class Counsel analyzed relevant industry data and other pertinent facts.  The

settlement with TRW is the result of these extensive good faith negotiations, after factual

investigation and legal analysis by experienced counsel, and is based upon the attorneys' full

understanding of the strengths and weaknesses of the case.  Plaintiffs believe that the proposed

settlement is fair, reasonable and adequate to the Settlement Class.

The Settlement Agreement is attached hereto as Exhibit 1.  Its material terms are

summarized below.

### A.     The Direct Purchaser Settlement Class

Plaintiffs and TRW seek certification, for purposes of the settlement only, of the

following Settlement Class:

> All individuals and entities who purchased Occupant Safety
> Systems in the United States directly from one or more Defendants
> or any of the Defendants' respective parents, subsidiaries or
> affiliates, or any co-conspirator of a Defendant from January 1,
> 2003 through February 25, 2015.

Exhibit 1 at ¶ 9.  For purposes of the TRW Settlement Class definition, the Defendants are:

Autoliv Inc.; Autoliv ASP, Inc.; Autoliv B.V. & Co. KG; Autoliv Japan Ltd.; Takata

Corporation; TK Holdings, Inc.; Tokai Rika Co., Ltd.; TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc.;

Toyoda Gosei Co., Ltd.; Toyoda Gosei North America Corporation; TG Missouri Corporation; TRW Automotive Holdings Corp.; and TRW Deutschland Holding GmbH.  Exhibit 1 at ¶ A. 3.

### B.    The Settlement Amount

TRW is paying $8 million in cash.  This amount will be deposited into an interest bearing escrow account in accordance with the provisions of the Settlement Agreement.  *Id.* at ¶¶ 20-21.[3]

### C.    Releases

Paragraphs 18 and 19 of the Settlement Agreement provide, *inter alia,* for the release by Plaintiffs and the other members of the Settlement Class of "Released Claims" against TRW, and other "Releasees" (as defined in the Settlement Agreement).  The Released Claims are antitrust and similar claims arising from the conduct alleged in the Complaint.  *Id.*

The releases specifically exclude claims based upon indirect purchases of Occupant Safety Systems; claims based on negligence, personal injury, bailment, failure to deliver lost goods, damaged or delayed goods, product defects, breach of product warranty, or certain breach of contract claims relating to Occupant Safety Systems; claims for purchases made outside the United States and not involving the delivery of Occupant Safety Systems in or into the United States; claims brought under laws other than those of the United States; and claims concerning any automotive part other than Occupant Safety Systems.  *Id.* at ¶ 18.

Moreover, TRW's sales to the Settlement Class remain in the case as a potential basis for joint and several liability and damages against other current or future Defendants in the litigation.  *Id.* at ¶ 45.

---

[3] The Settlement Agreement provides that the Settlement Fund may be reduced based upon valid and timely requests for exclusion by members of the Settlement Class.  Exhibit 1 at ¶ 22.  The details of the possible Settlement Fund reduction are set forth in a confidential side letter that will be provided to the Court for *in camera* review upon request.

### D.      Cooperation

TRW has agreed to provide extensive cooperation in the continued prosecution of the claims against the remaining Defendants, by providing, *inter alia*, documents, English translations, transactional data, interviews, depositions, and trial testimony of current and former directors, officers and employees of TRW, as well as meetings with TRW's outside counsel during which they will provide proffers relevant to the claims in this litigation.  *Id.* at ¶¶ 28-34.

This is a partial settlement of the claims in the Complaint as it is with TRW only. Plaintiffs are continuing to prosecute the case against the remaining, non-settling, Defendants.

## III.    PROPOSED TIMETABLE

Plaintiffs propose the following schedule for final approval of the settlement with TRW:

1.      Within ten (10) days from the date of entry of this Order, TRW shall provide to Settlement Class Counsel, in an electronic mailing format, the names and addresses of any person or entity that directly purchased Occupant Safety Systems (as that term is defined in Direct Purchaser Plaintiffs' Second Consolidated Amended Complaint (Doc. No. 81)) from TRW in the United States during the period from and including January 1, 2003 to and including February 25, 2015, to the extent they are identifiable through reasonable efforts and to the extent not previously provided to Settlement Class Counsel, and subject to the terms set forth in the Stipulated Order dated July 1, 2014 (Doc. No. 96).[4];

2.      Within twenty (20) days of the date of entry of the Preliminary Approval Order, the Notice of Proposed Settlement of Direct Purchaser Class Action With TRW Defendants and Hearing on Settlement Approval and Request for Attorneys' Fees and Payment of Litigation Costs and Expenses, and Claim Form ("Notice") (attached as Exhibit A to the Preliminary

---

[4] Direct Purchaser Plaintiffs will seek the production of similar information from the other Defendants in a separate motion.

Approval Order) shall be mailed by first class mail, postage prepaid, to all potential members of the Settlement Class identified by Defendants, and shall be posted on the Internet at www.autopartsantitrustlitigation.com, the website dedicated to this litigation;

3.      Within thirty (30) days of the date of entry of the Preliminary Approval Order, the Summary Notice of Proposed Settlement of Direct Purchaser Class Action With TRW Defendants and Hearing on Settlement Approval and Request for Attorneys' Fees and Payment of Litigation Costs and Expenses ("Summary Notice") (attached as Exhibit B to the Preliminary Approval Order), shall be published in one national edition of *The Wall Street Journal* and in one edition of *Automotive News*;

4.      Within fifty-five (55) days from the date of entry of the Preliminary Approval Order, Settlement Class Counsel shall file with the Court their motion or motions for final approval of the Settlement Agreement,  proposed plan of distribution of the Settlement Fund, and for an award of attorneys' fees, litigation costs and expenses;

5.      All requests for exclusion from the Settlement Class must be in writing, postmarked no later than seventy-five (75) days from the date of entry of the Preliminary Approval Order and must otherwise comply with the requirements set forth in the Notice;

6.      All objections to the proposed settlement, the proposed plan of distribution, or Settlement Class Counsel's request for an award of attorneys' fees, litigation costs and expenses, must be in writing, comply with all the instructions provided in the Notice, and be filed with the Clerk of Court and postmarked no later than seventy-five (75) days from the date of the Preliminary Approval Order;

7.    Any Settlement Class member who wishes to participate in the distribution of the TRW or Autoliv Settlement Fund must submit a Claim Form in accordance with the instructions therein, postmarked no later than seventy-five (75) days from the date of entry of this Order.

8.    At least ten (10) days before the date fixed by the Court for the Fairness Hearing, Settlement Class Counsel shall file with the Court affidavits or declarations of the person under whose general direction the mailing and posting of the Notice, and publication of Summary Notice, were made, showing that mailing, posting and publication were made in accordance with the Preliminary Approval Order; and

9.    The Fairness Hearing on final approval of the proposed settlement, the proposed plan of distribution, and Plaintiffs' counsel's requests for an award of attorneys' fees and litigation expenses, shall be scheduled at the Court's convenience on a date on or after ninety-five (95) days from the date of entry of the Preliminary Approval Order.

## IV.    THE PROPOSED SETTLEMENT IS SUFFICIENTLY FAIR, REASONABLE AND ADEQUATE TO AUTHORIZE DISSEMINATION OF CLASS NOTICE

### A.    The Governing Standards.

The procedure for disseminating notice to the class and then conducting a hearing to approve a settlement is well established by courts in the Sixth Circuit and elsewhere.  *See Packaged Ice*, 2010 WL 3070161, at *4-5. The *Manual For Complex Litig. (Fourth)* § 21.632 (2004) summarizes what has developed over the years as the common framework for the Court's preliminary evaluation of a proposed class action settlement:  "Review of a proposed class action settlement generally involves two hearings.  First counsel submits the proposed terms of settlement and the judge makes a preliminary fairness evaluation . . . The Judge must make a preliminary determination on the fairness, reasonableness and adequacy of the settlement terms and must direct the preparation of notice of the . . . proposed settlement, and the date of the

fairness hearing." *Bobbitt v. Acad. of Court Reporting*, 2009 WL 2168833, at *1 (E.D. Mich. Jul. 21, 2009) (citing, *inter alia*, *Manual* (*Fourth*)).  *Accord Packaged Ice*, 2010 WL 3070161, at *4 ("Review and approval of class settlements involves a two-step process:  (1) preliminary approval of the proposed settlement and the proposed class and the method and form of class notice; and (2) final approval of the settlement following notice and hearing to determine fairness").

"If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls with[in] the range of possible approval, then the Court should direct that notice be given to the class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the settlement." *In re Telectronics Pacing Sys. Inc.,* 137 F. Supp. 2d 985, 1015 (S.D. Ohio 2001) (quoting *Manual for Complex Litig. (Second)* §30.44 (1985)); *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Ford Motor Co.*, 2006 WL 1984363, at *4 (E.D. Mich. July 13, 2006).  A proposed settlement falls within the "range of possible approval" under Rule 23(e) where there is a conceivable basis for presuming that the proposed settlement will meet the more rigorous standards applied for final approval.  The standard for final approval of a class action settlement is whether the proposed settlement is fair, reasonable and adequate.  Fed. R. Civ. P. 23(e)(2); *In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.,* 248 F.R.D. 483, 495-96 (E.D. Mich. 2008).  That determination must await the final hearing where the fairness, reasonableness and

adequacy of the settlement are assessed under the applicable final approval factors.[5]  *See In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 638 (E.D. Pa. 2003).

In the "preliminary approval" step, the Court conducts a "limited inquiry" to determine "whether the proposed settlement has the 'potential' for final approval and to determine whether there is reason enough to notify class members and to proceed with a fairness hearing." *Packaged Ice*, 2010 WL 3070161 at *4 (quoting *Gautreaux v. Pierce*, 690 F.2d 616, 621 n. 3 (7th Cir. 1982)).  *See also Berry v. Sch. Dist. of City of Benton Harbor*, 184 F.R.D. 93, 97 (W.D. Mich. 1998) ("[T]he court first must determine whether the proposed settlement is potentially approvable").  The court "bases its preliminary approval of a proposed settlement upon its familiarity with the issues and evidence of the case as well as the arms-length nature of the negotiations prior to the settlement." *Telectronics Pacing Sys.,* 137 F. Supp. 2d at 1026.

**B.    The Proposed Settlement is Fair and Within The Range of Possible Approval.**

The settlement provides for a $8 million cash payment and extensive cooperation by TRW.  The settlement amount reflects a consideration of information resulting from Settlement Class Counsel's investigation, and constitutes a meaningful recovery.

Another important aspect of the settlement is the substantial amount of meaningful cooperation that TRW has agreed to provide. Cooperation is a "substantial benefit" to the class when settling with less than all defendants.  *Linerboard*, 292 F. Supp. 2d at 643.  The cooperation to be provided by TRW under the Settlement Agreement provides just such a substantial benefit to the class.  *In re Packaged Ice Antitrust Litig.*, 2011 WL 717519, at *10 (E.D. Mich. Feb. 22, 2011); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 584 F. Supp. 2d

---

[5] In *Granada Invs. Inc. v. DWG Corp.,* 962 F. 2d 1203, 1205 (6th Cir. 1992) and *Williams v. Vukovich,* 720 F.2d 909, 921 (6th Cir. 1983), the Sixth Circuit Court set forth factors (discussed *infra*) for the district court to consider when exercising its discretion to determine if the settlement is "fair, reasonable and adequate."

697, 702 (M.D. Pa. 2008) ("the benefit of obtaining the cooperation of the Settling Defendants tends to offset the fact that they would be able to withstand a larger judgment.").

Because the proposed settlement was negotiated at arm's-length by experienced counsel knowledgeable about the facts and the law and is within the range of possible approval, Plaintiffs respectfully submit that it merits preliminary approval.

### C.     Consideration of Final Approval Criteria Supports Preliminary Approval.

As noted above, the Court is not required at the preliminary approval stage to determine whether it will grant final approval of the settlement. Nevertheless, initial consideration of the final approval factors supports preliminary approval.

Fed. R. Civ. P. 23(e)(1)(C) provides that "the court may approve a settlement . . . that would bind class members only after a hearing and on finding that the settlement is fair, reasonable, and adequate.'" *Packaged Ice*, 2011 WL 717519, at *8. "There are three steps which must be taken by the court in order to approve a settlement: (1) the court must preliminarily approve the proposed settlement, (2) members of the class must be given notice of the proposed settlement, and (3) after holding a hearing, the court must give its final approval of the settlement." *Telectronics*, 137 F. Supp. 2d at 1026 (citing *Vukovich*, 720 F.2d at 921); *Packaged Ice*, 2010 WL 3070161, at *4.

Generally, in evaluating a proposed class settlement, the court does "not decide the merits of the case or resolve unsettled legal questions." *Carson v. Am. Brands, Inc.,* 450 U.S. 79, 88 n. 14 (1981). There are two reasons for this. First, the object of settlement is to avoid the determination of contested issues, so the approval process should not be converted into an abbreviated trial on the merits. *Van Horn v. Trickey,* 840 F.2d 604, 607 (8th Cir. 1988). Second, "[b]eing a preferred means of dispute resolution, there is a strong presumption by courts in favor

of settlement." *In re Telectronics Pacing Sys.*, 137 F. Supp. 2d at 1008-09 (citing *Manual (Third)* §30.42). This is particularly true in the case of class actions. *Berry,* 184 F.R.D. at 97.

Both the Sixth Circuit and courts in the Eastern District of Michigan "have recognized that the law favors the settlement of class action lawsuits." *Griffin v. Flagstar Bancorp, Inc.*, 2013 WL 6511860, at *2 (E.D. Mich. Dec. 12, 2013) (citing, *inter alia, UAW v. General Motors Corp.,* 497 F.3d 615, 632 (6th Cir. 2007)); *Packaged Ice*, 2011 WL 717519, at *7 (same). A court's inquiry on final approval is whether the proposed settlement is "fair, adequate, and reasonable to those it affects and whether it is in the public interest." *Lessard v. City of Allen Park,* 372 F. Supp. 2d 1007, 1009 (E.D. Mich. 2005) (citing *Vukovich,* 720 F.2d at 921-23); *Olden v. Gardner*, 294 Fed. Appx. 210, 217 (6th Cir. 2008). This determination requires consideration of "whether the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." *In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508, 522 (E.D. Mich. 2003); *Sheick v. Auto. Component Carrier LLC*, 2010 WL 4136958, at *14-15 (E.D. Mich. Oct. 18, 2010).

Courts in the Sixth Circuit have identified a number of related factors relevant in determining whether a settlement is fair, reasonable and adequate: (1) the likelihood of success on the merits weighed against the amount and form of the relief offered in the settlement; (2) the complexity, expense, and likely duration of further litigation; (3) the opinions of class counsel and class representatives; (4) the amount of discovery engaged in by the parties; (5) the reaction of absent class members; (6) the risk of fraud or collusion; and (7) the public interest. *Packaged Ice*, 2011 WL 717519, at *8. *Accord UAW v. Gen. Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007); *Griffin*, 2013 WL 6511860, at *3; *Cardizem*, 218 F.R.D. 508 at 522. An initial review of the factors supports preliminary approval of the TRW settlement.

1.      **The Likelihood of Plaintiffs' Success on the Merits Weighed Against the Amount and Form of the Relief Offered in the Settlement Supports Approval.**

When considering the fairness of a class action settlement, the court should assess it "with regard to a 'range of reasonableness,' which 'recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs inherent in taking any litigation to completion.'" *Sheick,* 2010 WL 4136958, *15 (quoting *IUE-CWA v. General Motors Corp.*, 238 F.R.D. 583, 594 (E.D. Mich. 2006)); *Ford*, 2006 WL 1984363, at *21; *Ford v. Fed.-Mogul Corp.*, 2015 WL 110340, at *6 (E.D. Mich. Jan. 7, 2015).

Plaintiffs are optimistic about the likelihood of ultimate success in this matter, but success is not certain.  Only one of the TRW Defendants (TRW Deutschland Holding GmbH) has pleaded guilty to committing antitrust violations, and its plea covers a shorter conspiracy period (January 1, 2008 until at least June 2011) than that alleged in Plaintiffs' Complaint.  TRW has also denied allegations of liability and damages and asserted a number of affirmative and other defenses.  Further, Plaintiffs believe that TRW, which is represented by highly experienced and competent counsel, was prepared to defend this case through trial and appeal, if necessary. Litigation risk is inherent in any litigation, and this is particularly true with respect to class actions.  So, while they are optimistic about the outcome of this litigation, Plaintiffs must acknowledge the risk that TRW could prevail with respect to certain legal or factual issues, which could result in reducing or eliminating any potential recovery.

These risks must be weighed against the settlement consideration: $8 million in cash and extensive cooperation by TRW, both valuable to the Settlement Class members as they continue to litigate against the remaining Defendants: Takata Corporation, TK Holdings, Inc., Tokai Rika Co., Ltd., and TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc.  Settlement Class Counsel believe that the settlement is an excellent result.  Weighing the settlement's benefits against the risks of

continued litigation tilts the scale toward approval. *See Griffin*, 2013 WL 6511860, at *4; *Packaged Ice*, 2011 WL 717519, at *9.

### 2. The Complexity, Expense, and Likely Duration of Continued Litigation Favor Approval.

"Settlements should represent 'a compromise which has been reached after the risks, expense and delay of further litigation have been assessed.'" *Cardizem,* 218 F.R.D. at 523 (*quoting Vukovich,* 720 F.2d at 922). "[T]he prospect of a trial necessarily involves the risk that Plaintiffs would obtain little or no recovery." *Id.* at 523. This is particularly true for class actions, which are "inherently complex." *Telectronics,* 137 F. Supp. at 1013 (settlement avoids the costs, delays, and multitude of other problems associated with class actions, which are "inherently complex."

Plaintiffs are still litigating with the remaining Defendants, so it is not appropriate to discuss with any specificity Settlement Class Counsel's analysis of the risks of litigation because of the chance that those Defendants would seek to use any such disclosures against Plaintiffs going forward. Settlement Class Counsel believe that at this point it is sufficient to state that complex antitrust litigation of this scope has certain inherent risks that the settlement at least partially negates.

The proposed settlement eliminates the risks, expense and delay with respect to a recovery from TRW, ensures a substantial payment to the Settlement Class, and provides the Settlement Class with cooperation that will be used to pursue the claims against the remaining Defendants. This factor also supports preliminary approval of the proposed settlement.

### 3. The Judgment of Experienced Counsel Supports Approval.

In deciding whether a proposed settlement warrants approval, "[t]he Court should also consider the judgment of counsel and the presence of good faith bargaining between the

contending parties." *Delphi*, 248 F.R.D. at 498. Counsel's judgment "that settlement is in the best interests of the class 'is entitled to significant weight, and supports the fairness of the class settlement.'" *Packaged Ice*, 2011 WL 717519, at *11 (quoting *Sheick*, 2010 WL 4136958, at *18); *Fed.-Mogul Corp.*, 2015 WL 110340, at *9. "In the absence of evidence of collusion (there is none here) this Court 'should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs.'" *Date v. Sony Electronics, Inc.*, 2013 WL 3945981, at *9 (E.D. Mich. Jul. 31, 2013) (quoting *Vukovich*, 720 F.2d at 922–23.

Settlement Class Counsel have extensive experience in handling class action antitrust and other complex litigation. They have represented the direct purchaser Plaintiffs from the inception of the *Automotive Parts Antitrust Litigation*, and negotiated this settlement at arm's-length with well-respected and experienced counsel for TRW. Settlement Class Counsel believe the proposed settlement is fair.

> ### 4. The Amount of Discovery Completed and the Character of the Evidence Uncovered Are Sufficient, Particularly in Light of the Several Guilty Pleas of Defendants in the Occupant Safety Systems Litigation

Although certain discovery was stayed by the Court at the request of the Department of Justice, ample evidence and information about the Occupant Safety Systems conspiracy was disclosed in connection with the related criminal litigation, and obtained through Settlement Class Counsel's investigation.[6] In addition to their own investigation, Settlement Class Counsel have analyzed criminal informations and plea agreements relating to TRW Deutschland Holding GmbH, Autoliv, Inc., Takata Corporation, and several of these Defendants' executives, among

---

[6] Although the amount of discovery completed is a factor to be considered in the settlement approval process, there is no baseline amount of discovery required to satisfy this factor. *Packaged Ice*, 2010 WL 3070161, at *5-6. The "question is whether the parties had adequate information about their claims." *Griffin*, 2013 WL 6511860, at *4 (quoting *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 458 (S.D.N.Y.2004)).

other criminal case materials.   The information from these sources allowed Settlement Class Counsel to evaluate the strengths and weaknesses not only of the legal case, but also the potential value of the promised cooperation.   Based on this information, Settlement Class Counsel believe that the TRW settlement is fair, reasonable, and in the best interests of the Settlement Class, and their opinion supports both preliminary (and final) approval of the settlement.   *Griffin*, 2013 WL 6511860, at *4-5.

### 5.        The Reaction of Class Members

Presently, the Court cannot assess this factor.   Even if there were to be objections, their "existence… does not mean that the settlement is unfair."   *Telectronics,* 137 F. Supp. 2d at 1018. A "scarcity of objections – relative to the number of class members overall – indicates broad support for the settlement among Class Members."   *Sheick*, 2010 WL 4136958 at *22; *accord In re Cardizem,* 218 F.R.D. at 527.   Settlement Class Counsel will submit to the Court a report on objections or opt-outs, if any, after the applicable deadline, and prior to the final fairness hearing.

### 6.        The Settlement Agreement is the Product of Arm's-Length Negotiations

Unless rebutted by evidence to the contrary, there is a presumption that settlement negotiations were conducted in good faith and that the resulting agreement was reached without collusion,.   *Griffin*, 2013 WL 6511860, at *3; *Packaged Ice*, 2011 WL 717519, at *12; *Ford,* 2006 WL 1984363, at *26; *Sheick,* 2010 WL 4136958, at *19-20.   Settlement Class Counsel have extensive experience in handling class action antitrust cases and other complex litigation, and they negotiated at all times at arm's-length with TRW's counsel.   Consideration of this factor fully supports preliminary approval of the settlement as well.

### 7.     The Settlement is Consistent With the Public Interest.

 "[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Cardizem*, 218 F.R.D. at 530 (quoting *Granada*, 962 F.2d at 1205). *Accord Griffin*, 2013 WL 6511860, at *5; *Packaged Ice*, 2011 WL 717519, at *12. Plaintiffs submit that there are no countervailing public interest that provides a reason to disapprove the proposed settlement. *Griffin*, 2013 WL 6511860, at *5. This factor also supports approval.

Consideration of the above factors supports preliminary approval of the proposed TRW settlement. Settlement Class Counsel respectfully submit that the proposed settlement is in the best interests of the Settlement Class and should be preliminarily approved.

## V.     THE NOTICE PROGRAM SHOULD BE APPROVED

Federal Rule of Civil Procedure 23(e)(1) provides that a court must direct notice in a "reasonable manner" to all class members who would be bound by a proposed settlement. For class actions certified under Rule 23(b)(3), the court must also "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). In addition, the notice must clearly and concisely state:  (1) the nature of the action; (2) the class definition; (3) the class claims, issues, or defenses; (4) that a class member may enter an appearance through counsel; (5) that the court will exclude from the class any member who requests exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment on class members under Rule 23(c)(3). *Id.*

The notice program and forms of notice proposed by Plaintiffs (*Section III, supra*) satisfy these requirements. The proposed Notice sets forth all information required by Rule 23(c)(2)(B) and 23(e)(1), and also apprises Settlement Class members that Settlement Class Counsel will seek an award of attorneys' fees and litigation expenses.[7] The Notice will be disseminated by first class mail, postage prepaid, to all entities identified by Defendants as potential Settlement Class members. The Notice shall also be provided to all persons who request it in response to the Summary Notice. In addition, copies of the Notice shall be posted on the website dedicated to this litigation. The Summary Notice will be published in one national edition of *The Wall Street Journal* and in one edition of *Automotive News*.

Plaintiffs believe that the content of and proposed method for dissemination of notice fulfill the requirements of Federal Rule of Civil Procedure 23 and due process. *See Packaged Ice*, 2011 WL 717519, at *5. Accordingly, approval of the notice program is appropriate.

## VI. PROVISIONAL CERTIFICATION OF THE PROPOSED DIRECT PURCHASER SETTLEMENT CLASS IS WARRANTED

It is well-established that a class may be certified for purposes of settlement. *See, e.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997). At this juncture Plaintiffs are only seeking authorization from the Court to send notice to the Settlement Class members. Plaintiffs will later seek final approval of a class of direct purchasers of Occupant Safety Systems for settlement purposes only. *See Ford*, 2006 WL 1984363, at *3, *18; *Cardizem,* 218 F.R.D. at 516-17. As with the preliminary approval of the settlement, Plaintiffs will address fully the

---

[7] Plaintiffs will also propose a plan of allocation and distribution of the TRW and Autoliv settlement funds to the Settlement Class members. Settlement Class Counsel propose that Settlement Class members receive a *pro rata* share of the settlement funds based on the amount of Occupant Safety Systems they purchased during the Class Period. Details of the plan of allocation are set forth in the proposed Notice. A Proof of Claim Form will be sent to Settlement Class members along with the Notice.

factors for final certification of a Settlement Class for purposes of the TRW settlement only. *See Thacker v. Chesapeake Appalachia, LLC*, 2009 WL 2407614, at *3-8 (E.D. Ky. Aug. 5, 2009).[8]

As demonstrated below, this action meets all of the requirements of Rule 23(a) as well as the requirements of Rule 23(b)(3) for settlement purposes.

### A.    The Proposed Direct Purchaser Settlement Class Satisfies Rule 23(a).

Certification of a class requires meeting the requirements of Fed. R. Civ. P. 23(a) and one of the subsections of Rule 23(b). *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 850-51 (6th Cir. 2013); *Griffin*, 2013 WL 6511860, at *5; *Ford*, 2006 WL 1984363, at *19 (citing *Sprague v. General Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998)). Certification is appropriate under Rule 23(a) if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *Griffin*, 2013 WL 6511860, at *5); *Date,* 2013 WL 3945981, at *3.

### 1.    The Settlement Class is Sufficiently Numerous

Class certification under Rule 23(a)(1) is appropriate where a class contains so many members that joinder of all would be "impracticable." Fed. R. Civ. P. 23(a)(1). There is no strict numerical test to satisfy the numerosity requirement and the most important factor is whether joinder of all the parties would be impracticable for any reason. *Whirlpool*, 722 F.3d at 852 (noting that "substantial" number of class members satisfies numerosity). *See also Davidson v. Henkel Corp.,* 302 F.R.D. 427, 441 (E.D. Mich. 2014) (noting it is generally accepted that

---

[8] Paragraph 22 of the proposed Preliminary Approval Order provides that provisional certification of the Settlement Class will be without prejudice to the rights of any defendants to contest certification of any other class proposed in these coordinated actions. *See Packaged Ice*, 2011 WL 717519, at *7.

class of 40 or members is sufficient to satisfy the numerosity requirement).   Moreover, numerosity is not determined solely by the size of the class, but also by the geographic location of class members.  *Marsden v. Select Medical Corp.*, 246 F.R.D. 480, 484 (E.D. Pa. 2007).

Here, over 1,200 entities, geographically dispersed throughout the United States, have been identified by Defendants as direct purchasers of Occupant Safety Systems.  Thus, joinder of all Settlement Class members would be impracticable, satisfying Rule 23(a)(1).

### 2.     There are Common Questions of Law and Fact

Fed. R. Civ. P. 23(a)(2) requires that a proposed class action involve "questions of law or fact common to the class."  "We start from the premise that there need be only one common question to certify a class," *Whirlpool*, 722 F.3d at 853, and "the resolution of [that common issue] will advance the litigation."  *Sprague*, 133 F.3d at 397.  *Accord Barry v. Corrigan*, 2015 WL 136238, at *13 (E.D. Mich. Jan 9, 2015); *Exclusively Cats Veterinary Hosp. v. Anesthetic Vaporizer Servs., Inc.*, 2010 WL 5439737, at * 3 (E.D. Mich. Dec. 27, 2010) ("[T]here need be only a single issue common to all members of the class") (citing *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1080 (6th Cir. 1996)).

It has long been the case that "allegations concerning the existence, scope and efficacy of an alleged conspiracy present questions adequately common to class members to satisfy the commonality requirement."  *In re Flat Glass Antitrust Litig.*, 191 F.R.D 472, 478 (W.D. Pa. 1999) (citing 4 NEWBERG ON CLASS ACTIONS, § 18.05-15 (3d ed. 1992)).   Here, whether Defendants entered into an agreement to artificially fix prices of Occupant Safety Systems is a factual question common to all Settlement Class members because it is an essential element of proving an antitrust violation.  Common legal questions include whether, if such an agreement was reached, Defendants violated the antitrust laws and the impact on class members.  *Packaged Ice*, 2011 WL 717519, at *6 (holding commonality satisfied by questions concerning "whether

132528                                   20

Defendants conspired to allocate territories and customers and whether their unlawful conduct caused Packaged Ice prices to be higher than they would have been absent such illegal behavior and whether the conduct caused injury to the Class Members"). "Indeed, consideration of the conspiracy issue would, of necessity focus on defendants' conduct, not the individual conduct of the putative class members." *Flat Glass*, 191 F.R.D. at 484. Because there are common legal and factual questions related to potential liability, the commonality requirement of Rule 23(a)(2) is met.

### 3. Plaintiffs' Claims are Typical of Those of the Settlement Class

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "If there is a strong similarity of legal theories, the requirement [of typicality] is met, even if there are factual distinctions among named and absent class members." *Griffin*, 2013 WL 6511860, at *6 (quoting *Ford Motor*, 2006 WL 1984363, at * 19); *Date*, 2013 WL 3945981, at *3.

"Typicality is met if the class members' claims are 'fairly encompassed by the named plaintiffs' claims.'" *Whirlpool*, 722 F.3d at 852 (quoting *Sprague v. Gen. Motors Corp*., 133 F.3d at 399. Here, Plaintiffs' claims arise from the same course of conduct as the claims of the Settlement Class: the Defendants' alleged violations of the antitrust laws. Plaintiffs and the Settlement Class are proceeding on the same legal claim, and alleged violation of Section 1 of the Sherman Antitrust Act. *See UAW*, 497 F. 3d at 625; *Barry*, 2015 WL 136238, at *13. Accordingly, the Rule 23(a)(3) typicality requirement is satisfied.

### 4. Plaintiffs Will Fairly and Adequately Protect the Interests of the Class

Rule 23(a)(4) requires that the class representative fairly and adequately protect the interests of the class. "There are two criteria for determining adequacy of representation: (1) the proposed class representative must have common interests with the other class members; and (2)

it must appear that the class representative will vigorously prosecute the interests of the class through qualified counsel." *Sheick v. Automotive Component Carrier LLC,* 2010 WL 3070130, at *3 (E.D.Mich. Aug. 02, 2010) (quoting *Senter v. Gen. Motors Corp.,* 532 F.2d 511, 524-25 (6th Cir. 1976)).

These requirements are met here. The interests of the proposed Settlement Class representatives, Beam's Industries, Inc. and Findlay Industries, Inc., are the same as those of other Settlement Class members. Plaintiffs are direct purchasers of Occupant Safety Systems from a Defendant in the United States. Plaintiffs and the other Settlement Class members claim that they were injured as a result of the alleged conspiracy, and seek to prove that Defendants violated the antitrust laws. Plaintiffs' interests are thus aligned with those of the Settlement Class.

Moreover, Plaintiffs have retained qualified and experienced counsel to pursue this action.[9] Settlement Class Counsel vigorously represented Plaintiffs and the Settlement Class in the settlement negotiations with TRW, and have vigorously prosecuted this action. Adequate representation under Rule 23(a)(4) is therefore satisfied.

**B.    Plaintiffs' Claims Satisfy the Prerequisites of Rule 23(b)(3) for Settlement Purposes**

In addition to satisfying Rule 23(a), Plaintiffs must show that the putative class falls under at least one of the three subsections of Rule 23(b). Here, the Settlement Class qualifies under Rule 23(b)(3), which authorizes class certification if "questions of law or fact common to

---

[9] Rule 23(g) requires the court to examine the capabilities and resources of class counsel to determine whether they will provide adequate representation to the class. The Court previously appointed Freed Kanner London & Millen LLC, Kohn, Swift & Graf, P.C., Preti, Flaherty, Beliveau & Pachios LLP, and Spector Roseman Kodroff & Willis, P.C. as Interim Co-Lead Counsel in this case and all other *Automotive Parts Antitrust Litigation* cases. They submit that, for the same reasons that the Court appointed them to that position, their appointment as Settlement Class Counsel is appropriate.

the members of the class predominate over any questions affecting only individual members, and… a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *In re Scrap Metal Antitrust Litig.,* 527 F.3d 517, 535 (6th Cir. 2008); *Hoving v. Lawyers Title Ins. Co.*, 256 F.R.D. 555, 566 (E.D. Mich. 2009).

### 1.    Common Legal and Factual Questions Predominate

The Rule 23(b)(3) requirement that common issues predominate insures that a proposed class is "sufficiently cohesive to warrant certification." *Amchem*, 521 U.S. at 623.  The predominance requirement is met where "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof." *Beattie v. CenturyTel, Inc.,* 511 F.3d 554, 564 (6th Cir. 2007) (citation omitted).

Courts have repeatedly recognized that horizontal price-fixing cases are particularly well-suited for class certification because proof of the conspiracy is a common, predominating question.  *Scrap Metal*, 527 F.3d at 535; *Packaged Ice*, 2011 WL 717519, at 6; *In re Southeastern Milk Antitrust Litig.*, 2010 WL 3521747, at *5, 9-11 (E.D. Tenn. Sept. 7, 2010).  Affirming class certification in *Scrap Metal,* the Sixth Circuit observed that the "district court found that the '*allegations* of price-fixing and market allocation…will not vary among class members' . . . . Accordingly, the court found that the 'fact of damages' was a question common to the class even if the amount of damages sustained by each individual class member varied." 527 F.3d at 535 (emphasis in original).

In this case the same set of core operative facts and theory of liability apply to each Settlement Class member.  As discussed above, whether Defendants entered into an illegal agreement to artificially fix prices of Occupant Safety Systems is a question common to all Settlement Class members because it is an essential element of proving an antitrust violation.

Common questions also include whether, if such an agreement was reached, Defendants violated the antitrust laws, and whether Defendants' acts caused anticompetitive effects.  *See, e.g.*, *Packaged Ice*, 2011 WL 717519, at *6.  If Plaintiffs and the other Settlement Class members were to bring their own individual actions, they would each be required to prove the same wrongdoing by Defendants in order to establish liability.   Therefore, common proof of Defendants' violations of antitrust law will predominate.

### 2.   A Class Action is Superior to Other Methods of Adjudication

Rule 23(b)(3) lists factors to be considered in determining the superiority of proceeding as a class action compared to individual methods of adjudication:  (1) the interests of the members of the class in individually controlling the prosecution of separate actions; (2) the extent and nature of other pending litigation about the controversy by members of the class; (3) the desirability of concentrating the litigation in a particular forum; and (4) the difficulties likely to be encountered in management of the class action. Fed. R. Civ. P. 23(b)(3).

All Occupant Safety Systems litigation has been centralized in this Court.  If a Settlement Class member wants to control its own litigation, it can request exclusion from the Settlement Class.  Thus, consideration of factors (1) - (3) demonstrates the superiority of a class action.

With respect to factor (4), in *Amchem,* 521 U.S. at 620, the Court explained that when a court is asked to certify a settlement only class it need not consider the difficulties in managing a trial of the case because the idea is that the settlement will end the litigation without a trial.  *See Cardizem,* 218 F.R.D. at 517.

In addition, even though the Settlement Class is not composed of small retail purchasers, "[g]iven the complexities of antitrust litigation, it is not obvious that all members of the class could economically bring suits on their own." *In re Cardizem CD Antitrust Litig*, 200 F.R.D. 297, 325 (E.D. Mich. 2007) (quoting *Paper Systems Inc. v. Mitsubishi Corp.*, 193 F.R.D. 601,

605 (E.D. Wisc. 2000)). Moreover, by proceeding as a class action, both judicial and private resources will be more efficiently utilized to resolve the predominating common issues, which will bring about a single outcome that is binding on all Settlement Class members. *E.g.,* *Cardizem*, 200 F.R.D. at 351 ("The economies of time, effort and expense will be achieved by certifying a class in this action because the same illegal anticompetitive conduct by Defendants gives rise to each class member's economic injury."). The alternatives to a class action are a multiplicity of separate lawsuits with possibly contradictory results for some plaintiffs, *In re Flonase Antitrust Litig.*, 284 F.R.D. 207, 234 (E.D. Pa. 2012), or no recourse for many class members for whom the cost of pursuing individual litigation would be prohibitive, *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 527 (S.D.N.Y 1996). Thus, class litigation is superior to the alternatives in this case.

## VII. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant preliminary approval of the settlement, authorize dissemination of Notice, and schedule a Fairness Hearing on the TRW settlement.

 DATED: March 16, 2015                                Respectfully submitted,


                                                      /s/David H. Fink
                                                     David H. Fink (P28235)
                                                     Darryl Bressack (P67820)
                                                     FINK + ASSOCIATES LAW
                                                     100 West Long Lake Road, Suite 111
                                                     Bloomfield Hills, MI 48304
                                                     (248) 971-2500

                                                     *Interim Liaison Counsel for the Direct*
                                                     *Purchaser Plaintiffs*

| | |
|---|---|
| Steven A. Kanner | Joseph C. Kohn |
| William H. London | William E. Hoese |
| Michael E. Moskovitz | Douglas A. Abrahams |
| FREED KANNER LONDON | KOHN, SWIFT & GRAF, P.C. |
| & MILLEN LLC | One South Broad Street, Suite 2100 |
| 2201 Waukegan Road, Suite 130 | Philadelphia, PA  19107 |
| Bannockburn, IL  60015 | Telephone:  (215) 238-1700 |
| Telephone:  (224) 632-4500 | |
| | |
| Gregory P. Hansel | Eugene A. Spector |
| Randall B. Weill | William G. Caldes |
| Michael S. Smith | Jonathan M. Jagher |
| PRETI, FLAHERTY, BELIVEAU | Jeffrey L. Spector |
| & PACHIOS LLP | SPECTOR ROSEMAN KODROFF |
| One City Center, P.O. Box 9546 | & WILLIS, P.C. |
| Portland, ME  04112-9546 | 1818 Market Street, Suite 2500 |
| Telephone:  (207) 791-3000 | Philadelphia, PA  19103 |
| | Telephone:  (215) 496-0300 |

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2015, I electronically filed the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

FINK + ASSOCIATES LAW

By: /s/David H. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
100 West Long Lake Road, Suite111
Bloomfield Hills, MI  48304
(248) 971-2500
dfink@finkandassociateslaw.com

132528                                        26