# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION** | **CASE NO. 12-MD-02311** <br> **HON. MARIANNE O. BATTANI** |
| **In Re: OCCUPANT SAFETY SYSTEMS CASES** | |
| **THIS RELATES TO:** <br> **ALL DIRECT PURCHASER ACTIONS** | **12-cv-00601-MOB-MKM** |

## ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH TRW DEFENDANTS AND AUTHORIZING DISSEMINATION OF NOTICE TO DIRECT PURCHASER SETTLEMENT CLASS

Upon consideration of the Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Proposed Settlement With Defendants TRW Deutschland Holding GmbH and TRW Automotive Holdings Corp. (collectively, "TRW") and for Authorization to Disseminate Notice to the Direct Purchaser Settlement Class (the "Motion"), it is hereby ORDERED as follows:

1.      The Motion is hereby **GRANTED**.

2.      Terms used in the Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

## Preliminary Approval of Settlement Agreement

3.      The terms of the Settlement Agreement are hereby preliminarily approved as being fair, reasonable, and adequate to the Settlement Class, subject to a Fairness Hearing.  The Court finds that the Settlement Agreement was entered into at arm's-length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given to members of the proposed Settlement Class.

<u>Class Certification</u>

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the

proposed settlement, the Court hereby finds that the prerequisites for a class action have been

met and provisionally certifies the following class for settlement purposes (the "Settlement

Class"):

> All individuals and entities who purchased Occupant Safety
> Systems in the United States directly from one or more
> Defendants or any of the Defendants' respective current or
> former parents, subsidiaries or affiliates, or any co-conspirator of
> a Defendant from January 1, 2003 through February 25, 2015.

5.      For purposes of the Settlement Class definition set forth above, the following

entities are Defendants: Autoliv Inc.; Autoliv ASP, Inc.; Autoliv B.V. & Co. KG; Autoliv Japan

Ltd.; Takata Corporation; TK Holdings, Inc.; Tokai Rika Co., Ltd.; TRAM, Inc. d/b/a Tokai Rika

U.S.A. Inc.; Toyoda Gosei Co., Ltd.; Toyoda Gosei North America Corporation; TG Missouri

Corporation; TRW Automotive Holdings Corp.; and TRW Deutschland Holding GmbH.

6.      The Court finds that provisional certification of the Settlement Class is warranted

in light of the Settlement Agreement because: (a) the Settlement Class is so numerous that

joinder is impracticable; (b) the Direct Purchaser Plaintiff Class representatives' claims present

common issues and are typical of the Settlement Class; (c) the Direct Purchaser Plaintiff Class

representatives and Settlement Class Counsel (identified below) will fairly and adequately

represent the Settlement Class; and (d) common issues predominate over any individual issues

affecting the members of the Settlement Class.  The Court further finds that the Direct Purchaser

Plaintiff Class representatives' interests are aligned with the interests of all other members of the

Settlement Class.  The Court also finds settlement of this action on a class basis superior to other

means of resolving the matter.

<u>Appointment of Class Representatives and Settlement Class Counsel</u>

7.      The Court hereby appoints plaintiffs Beam's Industries, Inc. and Findlay

Industries, Inc. to serve as Class Representatives of the Direct Purchaser Settlement Class.

8.      The Court hereby appoints the law firms of Freed Kanner London & Millen LLC,

Kohn, Swift & Graf, P.C., Preti, Flaherty, Beliveau & Pachios LLP, and Spector Roseman

Kodroff & Willis, P.C. to serve as Settlement Class Counsel for the Direct Purchaser Settlement

Class having determined that the requirements of Rule 23(g) of the Federal Rules of Civil

Procedure are fully satisfied by these appointments.

<u>Notice to Potential Settlement Class Members</u>

9.      The Court approves the form and content of the: (a) Notice of Proposed

Settlement of Direct Purchaser Class Action With TRW Defendants and Hearing on Settlement

Approval and Request for Attorneys' Fees and Payment of Litigation Costs and Expenses, and

Claim Form ("Notice"), attached hereto as Exhibit "A"; and (b) Summary Notice of Proposed

Settlement of Direct Purchaser Class Action with TRW Defendants and Hearing on Settlement

Approval and Request for Attorneys' Fees and Payment of Litigation Costs and Expenses

("Summary Notice"), attached hereto as Exhibit **"B."**

10.     The Court finds that the mailing and publication of the Notice and Summary

Notice, respectively, in the manner set forth herein constitutes the best notice practicable under

the circumstances and is valid, due and sufficient notice to all persons entitled thereto and

complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process

requirements of the Constitution of the United States.

11.     On or before April 20, 2015,  TRW shall provide to Settlement Class Counsel, in

an electronic mailing format, the names and addresses of any person or entity that directly

purchased Occupant Safety Systems (as that term is defined in Direct Purchaser Plaintiffs'

Second Consolidated Amended Class Action Complaint (Doc. No. 81)) from TRW in the United

States during the period from and including January 1, 2003 to and including February 25, 2015,

to the extent they are identifiable through reasonable efforts and to the extent not previously

provided to Settlement Class Counsel, and subject to the terms set forth in the Stipulated Order

dated July 1, 2014 (Doc. No. 96).

12.     On or before April 30, 2015, the Notice, in substantially the same form as Exhibit

"A," shall be mailed by first class mail, postage prepaid, to all members of the Settlement Class

identified by Defendants.  The Notice shall also be provided to all persons who request it in

response to the Summary Notice provided for herein.  In addition, copies of the Notice shall be

posted on the Internet at www.autopartsantitrustlitigation.com, the website dedicated to this

litigation.

13.     On or before May 11, 2015, Settlement Class Counsel shall cause the Summary

Notice, in substantially the same form as Exhibit "B," to be published in one national edition of

*The Wall Street Journal* and in one edition of *Automotive News*.

14.     On or before June 4, 2015, Settlement Class Counsel shall file with the Court their

motion or motions for final approval of the Settlement Agreement,  a proposed plan of

distribution of the Settlement Fund, and for an award of attorneys' fees, litigation costs and

expenses.

15.     All requests for exclusion from the Settlement Class must be in writing,

postmarked no later than June 24, 2015 and must otherwise comply with the requirements set

forth in the Notice.

16.     All objections by any member of the Settlement Class to the proposed settlement,

and all objections by any member of either the TRW Settlement Class or the Autoliv Settlement

Class to the proposed plan of distribution, or Settlement Class Counsel's request for an award of

attorneys' fees and litigation costs and expenses, must be in writing, comply with all the

instructions provided in the Notice, and be filed with the Clerk of Court and postmarked no later

than June 24, 2015.

17.     Each member of the Settlement Class shall retain all rights and causes of action

with respect to claims against every Defendant other than TRW and Autoliv Inc.; Autoliv ASP, Inc.;

Autoliv B.V. & Co. KG; Autoliv Safety Technology, Inc.; and Autoliv Japan Ltd., regardless of

whether such member of the Settlement Class decides to remain in, or request exclusion from, the

Settlement Class.

18.     At least ten (10) days before the date fixed by this Court for the Fairness Hearing,

Settlement Class Counsel shall file with the Court affidavits or declarations of the person under

whose general direction the mailing and posting of the Notice, and publication of the Summary

Notice, were made, showing that mailing, posting and publication were made in accordance with this

Order.

19.     The Court will hold a Fairness Hearing on July 14, 2015, at 1:30 PM, at the

Theodore Levin U.S. Courthouse, Courtroom 272, 231 West Lafayette Blvd., Detroit MI, 48226,

to determine whether: (1) the proposed settlement with TRW is fair, reasonable and adequate and

should be approved; (2) to approve the proposed plan of distribution of the Settlement Fund; and

(3) Settlement Class Counsel's request for an award of attorneys' fees and litigation costs and

expenses should be approved.  Any Settlement Class member who follows the procedure set

forth in the Notice may appear and be heard at this hearing.  The Fairness Hearing may be

rescheduled, adjourned or continued without further notice to the Settlement Class.

20.     Any Settlement Class member who wishes to participate in the distribution of the

TRW or Autoliv Settlement Fund must submit a Claim Form in accordance with the instructions therein, postmarked no later than August 10, 2015.

Other Provisions

21.     In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of the Direct Purchaser Plaintiffs, TRW, and the members of the Settlement Class.

22.     The Court's provisional certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any Defendant's motion, and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

23.     The Court approves the escrow account referenced in the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation or administration of the QSF. Settlement Class Counsel are, in accordance with the Settlement Agreement authorized to use funds from the QSF to pay costs of notice, taxes, tax expenses and settlement administration costs.

24.     The Direct Purchaser Class litigation against TRW is stayed except to the extent necessary to effectuate the Settlement Agreement.

6

**IT IS SO ORDERED.**

Date:  April 9, 2015                                 s/Marianne O. Battani
                                                     MARIANNE O. BATTANI
                                                     United States District Judge

# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION** | **CASE NO. 12-MD-02311 HON. MARIANNE O. BATTANI** |
| **In Re: OCCUPANT SAFETY SYSTEMS CASES** | |
| **THIS RELATES TO: ALL DIRECT PURCHASER ACTIONS** | **12-cv-00601-MOB-MKM** |

**NOTICE OF PROPOSED SETTLEMENT OF DIRECT PURCHASER
CLASS ACTION WITH TRW DEFENDANTS AND HEARING ON
SETTLEMENT APPROVAL AND REQUEST FOR ATTORNEYS' FEES AND
PAYMENT OF LITIGATION COSTS AND EXPENSES, AND CLAIM FORM**

TO:   ALL INDIVIDUALS AND ENTITIES WHO PURCHASED OCCUPANT SAFETY SYSTEMS IN THE UNITED STATES DIRECTLY FROM ONE OR MORE DEFENDANTS OR ANY OF THE DEFENDANTS' RESPECTIVE PARENTS, SUBSIDIARIES OR AFFILIATES, OR ANY CO-CONSPIRATOR OF A DEFENDANT FROM JANUARY 1, 2003 THROUGH FEBRUARY 25, 2015.

PLEASE READ THIS ENTIRE NOTICE CAREFULLY. YOUR LEGAL RIGHTS MAY BE AFFECTED BY LITIGATION NOW PENDING IN THIS COURT.

**WHAT IS THE PURPOSE OF THIS NOTICE AND WHY WAS IT SENT TO ME?**

This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an

Order of the United States District Court for the Eastern District of Michigan, Southern Division.

The purpose of this Notice is to inform you that a proposed settlement has been reached between

the Direct Purchaser Plaintiffs and Defendants TRW Deutschland Holding GmbH and TRW

Automotive Holdings Corp. (collectively, "TRW").  Under the terms of the proposed settlement,

TRW has made a payment in the amount of $8 million (including accruing interest, the "TRW

Settlement Fund"), and will cooperate with Direct Purchaser Plaintiffs in the prosecution of

claims against the remaining Defendants.

TRW denies Direct Purchaser Plaintiffs' allegations and has asserted defenses to Direct Purchaser Plaintiffs' claims. TRW, despite its belief that it is not liable for the claims asserted and that it has good defenses thereto, has nevertheless agreed to settle this matter to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgment contemplated by the Settlement Agreement, and to put to rest with finality all claims that have been or could have been asserted against TRW with respect to Occupant Safety Systems based on the allegations in the Action.

The Court has not issued any findings or rulings on the merits of Plaintiffs' claims or Defendants' defenses.

You were previously notified of the existence of this class action, the nature of the Plaintiffs' claims, and a settlement with Autoliv Inc., Autoliv ASP, Inc., Autoliv B.V. & Co. KG, Autoliv Safety Technology, Inc., and Autoliv Japan Ltd. (collectively, "Autoliv") in the amount of $35.6 million, plus accruing interest. That settlement was approved by the Court in an Order dated January 7, 2015. The proposed TRW settlement, when added to the Autoliv settlement, brings the total settlements in this case to $43.6 million, plus accruing interest (the "OSS Settlement Fund").

This litigation is part of coordinated legal proceedings involving Occupant Safety Systems purchased in the United States **directly** from a Defendant or any co-conspirator of a Defendant. "Occupant Safety Systems," for purposes of the settlement, are seat belts, airbags, steering wheels or steering systems, safety electronic systems and related parts and components. These proceedings do not relate to, and have no effect upon, cases involving any other product or purchaser.

If you purchased Occupant Safety Systems in the United States directly from a Defendant or any co-conspirator of a Defendant during the period from January 1,2003 through February 25, 2015 (the "Class Period"), you are a member of the TRW Settlement Class and have the rights and options summarized here:

- You may remain in the TRW Settlement Class and be eligible to receive a share of the TRW Settlement Fund;

- You may exclude yourself from the TRW Settlement Class, in which case you will **not** be bound by the TRW settlement and will **not** be eligible to share in the TRW Settlement Fund;

- If you do not exclude yourself from the TRW Settlement Class, you may object to the proposed TRW settlement at your own expense;

- If you have remained in either the TRW Settlement Class or the Autoliv Settlement Class, you have the right to object, at your own expense, to the proposed plan of distribution of the OSS Settlement Fund, or to Plaintiffs' counsel's request for an award of attorneys' fees and litigation expenses.  You may also appear at the hearing where the Court will consider these matters;

- You may enter an appearance in the litigation through your own counsel at your own expense; and

- You may share in a distribution of the OSS Settlement Fund by completing and submitting the attached Claim Form, postmarked no later than _____, 2015.

## WHO IS IN THE TRW SETTLEMENT CLASS?

On _____, 2015, the Court certified a Direct Purchaser TRW Settlement Class (the

"TRW Settlement Class") for purposes of disseminating notice of the proposed TRW settlement,

defined as follows:

> All individuals and entities who purchased Occupant Safety
> Systems in the United States directly from one or more Defendants
> or any of the Defendants' respective current or former parents,
> subsidiaries or affiliates, or any co-conspirator of a Defendant from
> January 1, 2003 through February 25, 2015.

For purposes of the TRW Settlement Class definition set forth above, the following

entities are Defendants and any co-conspirator of a Defendant:

> Autoliv Inc.; Autoliv ASP, Inc.;
> Autoliv B.V. & Co. KG; Autoliv Japan Ltd.;
> Takata Corporation; TK Holdings, Inc.;
> Tokai Rika Co., Ltd.;
> TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc.;
> Toyoda Gosei Co., Ltd.; Toyoda Gosei North
> America Corporation; TG Missouri Corporation;
> TRW Automotive Holdings Corp.; and
> TRW Deutschland Holding GmbH.

Plaintiffs Beam's Industries, Inc. and Findlay Industries, Inc. have been appointed by the

Court to serve as "Class Representatives" for the TRW Settlement Class.  The Court has

appointed the law firms of Freed Kanner London & Millen LLC, Kohn, Swift & Graf, P.C.,

Preti, Flaherty, Beliveau & Pachios LLP, and Spector Roseman Kodroff & Willis, P.C. to serve

as "Settlement Class Counsel" for the TRW Settlement Class.

## WHAT IS THIS LITIGATION ABOUT?

In 2012, class action lawsuits were filed against Defendants by Plaintiffs, who are direct

purchasers of Occupant Safety Systems.  Plaintiffs allege that Defendants entered into a

conspiracy to suppress and eliminate competition for Occupant Safety Systems by agreeing to

fix, maintain, or stabilize prices, rig bids, and allocate the supply of Occupant Safety Systems, in

violation of federal antitrust laws.  Plaintiffs further allege that as a result of the conspiracy, they

and other direct purchasers of Occupant Safety Systems have been injured by paying more for

those products than they would have paid in the absence of the alleged illegal conduct, and they

seek recovery of treble damages, together with reimbursement of costs and an award of

attorneys' fees.

TRW and the other Defendants deny Plaintiffs' allegations and liability and have asserted

defenses to Direct Purchaser Plaintiffs' claims. The Court has not issued any findings or rulings

with respect to the merits of Plaintiffs' claims or Defendants' defenses. This is a partial

settlement of the claims in the Complaint as it is with TRW only.  The Class Representative

Plaintiffs are continuing to prosecute the case against the remaining Defendants.

## WHAT RELIEF DOES THE PROPOSED SETTLEMENT PROVIDE?

Plaintiffs, on behalf of the TRW Settlement Class, have entered into a settlement

agreement with TRW dated February 25, 2015 (the "Settlement Agreement") under which TRW

has paid the amount of $8 million into an escrow account.  The Settlement Agreement gives

TRW the right to reduce the Settlement Fund by as much as, but no more than, $2.25 million

based upon valid and timely requests for exclusion by members of the TRW Settlement Class.

TRW has also agreed to cooperate with plaintiffs in the prosecution of the lawsuit against

the remaining Defendants.  The cooperation provided for under the Settlement Agreement

includes: (a) the production by TRW of certain documents and data potentially relevant to

Plaintiff's claims; (b) interviews with certain of TRW's employees; (c) declarations and

affidavits from TRW's employees; (d) depositions and trial testimony of certain of TRW's

employees; and (e) meetings between Settlement Class Counsel and TRW's counsel to provide

proffers relating to the Occupant Safety Systems industry and the alleged antitrust violations at issue in these actions.

Settlement Class Counsel agreed to the proposed settlement to ensure a fair and reasonable resolution to this matter, and to provide benefits to the members of the TRW Settlement Class recognizing the existence of complex, contested issues of law and fact; the risks inherent in such complex litigation; the likelihood that in the absence of settlement future proceedings would take several years and be extremely costly; and the magnitude of the benefits resulting from the settlement in light of the possible range of recovery that could be obtained through further litigation, including the risk of no recovery.  Settlement Class Counsel believe it is in the best interests of the TRW Settlement Class to enter into the proposed settlement and resolve this litigation as to TRW.

TRW, despite its belief that it is not liable for the claims asserted and that it has good defenses thereto, has nevertheless agreed to settle this matter to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgment contemplated by the Settlement Agreement, and to put to rest with finality all claims that have been or could have been asserted against TRW with respect to Occupant Safety Systems based on the allegations in the Action.

This Notice is only a summary of the terms of the proposed settlement.  The Settlement Agreement contains other important provisions, including the release of certain claims against TRW (and companies and people affiliated with TRW), and you are referred to the Agreement, which is on file with the Clerk of Court and is available on-line at www.autopartsantitrustlitigation.com, for the complete terms of the settlement.  The proposed settlement must receive final approval by the Court in order to become effective.

If you wish to object to approval of the settlement, you may do so, but only in accordance with the procedures set forth below.  If you do not object to the settlement, you do not need to take any action at this time to indicate your support for, or lack of objection to, the settlement.

## HOW DO I REMAIN IN THE TRW SETTLEMENT CLASS AND WHAT HAPPENS IF I DO?

If you are a member of the TRW Settlement Class as defined above, you will automatically remain a Settlement Class member with respect to the TRW settlement unless you elect to be excluded.  If you wish to remain in the TRW Settlement Class, you do not need to take any action at this time and your interests will be represented by the Class Representatives and by Settlement Class Counsel.  **In order to share in the proceeds of the TRW or Autoliv settlements, however, you must complete and return the attached Claim Form.**  You will have no responsibility to individually pay attorneys' fees or expenses.  Any such fees and expenses will be paid solely from amounts obtained from the Defendants, whether by settlement or judgment, and must be approved by the Court after notice to you and a hearing.  If you choose, you may also have your own attorney enter an appearance on your behalf and at your own expense.

If you are a member of the TRW Settlement Class and the proposed TRW settlement is approved and becomes effective, you will be bound by its terms, including the release provisions, whether or not you subsequently file a claim to receive a share of the TRW settlement proceeds.

15

**HOW DO I FILE A CLAIM FORM AND HOW WILL THE SETTLEMENT FUNDS BE DISTRIBUTED?**

If you wish to share in the OSS Settlement Fund proceeds, you must complete and timely submit a Claim Form.  Any Settlement Class member who does not complete and timely submit a valid Claim Form will not be entitled to share in the settlement proceeds.

The OSS Settlement Fund, with accrued interest, less any amounts approved by the Court for payment of attorneys' fees, and litigation and administration costs and expenses (the "Net OSS Settlement Fund") and less any reductions based upon valid and timely requests for exclusion by members of the TRW Settlement Class, will be distributed among the members of the Settlement Class who submit timely and valid Claim Forms ("Claimants").  The Net OSS Settlement Fund will be distributed *pro rata* to all Claimants based upon their **direct** purchases (net of discounts and freight costs) in the United States from Defendants or any co-conspirator of a Defendant during the period from January 1, 2003 through February 25, 2015.  Following the submission of Claim Forms by Settlement Class members, the distribution will take place as soon as practicable after review, determination, and audit of the Claim Forms by the Settlement Administrator and approval by the Court of the Settlement Administrator's recommendations as to the amounts to be paid to the Claimants.

**Please do not dispose of any document that reflects any payments for your direct purchases of Occupant Safety Systems in the United States from any Defendant or any co-conspirator of a Defendant during the period from January 1, 2003 through February 25, 2015.  You may need those documents to complete and substantiate your Claim Form, which will be subject to inquiry and verification.**

**WHAT IF I DO NOT WANT TO REMAIN IN THE TRW SETTLEMENT CLASS?**

If you wish to exclude yourself from the TRW Settlement Class, you must send a request for exclusion, in writing, via certified mail, return receipt requested, **postmarked no later than _____, 2015,** to Settlement Class Counsel at the addresses set forth below, and to the following address:

> Occupant Safety Systems Direct Purchaser Antitrust Litigation
> PO Box 5110
> Portland, OR 97208-5110

Your request for exclusion must include the full name and address of the purchaser (including any predecessor or successor entities).  You are also requested to identify the Defendant(s) or co-conspirator of any Defendant from which you purchased Occupant Safety Systems during the Class Period, the Occupant Safety Systems purchased, and the dollar amount of those purchases.  If you validly exclude yourself from the TRW Settlement Class, you will not be bound by any decision concerning the TRW settlement and you may pursue individually any claims that you may have against TRW, but you will not be eligible to share in the TRW Settlement Fund.

**REQUEST FOR ATTORNEYS' FEES AND EXPENSES**

The Court has appointed the law firms identified above as Settlement Class Counsel. These law firms, together with other firms that have worked on this litigation, will file a petition for an award of attorneys' fees and reimbursement of their out-of-pocket costs and expenses incurred in prosecuting the case.  To date, Settlement Class Counsel have not been paid any attorneys' fees for their work on this case since 2012.  The request of Settlement Class Counsel for attorneys' fees will not exceed 30 percent of the Settlement Fund.

The application for attorneys' fees and litigation expenses will be filed on or before

_____, 2015.  If you remained in the Autoliv Settlement Class, or remain a member of

the TRW Settlement Class and you wish to object to the requests for fees and expenses you must

do so in writing in accordance with the procedures for objections set forth below.  If you do not

oppose any of these requests, you do not need to take any action in that regard.

**WHEN WILL THE COURT CONSIDER THESE MATTERS AND HOW CAN I TELL THE COURT WHAT I THINK ?**

The Court will hold a hearing on _____, 2015, at ____ _.m., at the Theodore Levin

United States Courthouse, 231 West Lafayette Boulevard, Detroit, MI 48226, Courtroom 272, to

determine whether to approve: the proposed TRW settlement; the proposed plan of distribution

of settlement funds; and Plaintiffs' counsel's requests for an award of attorneys' fees and

litigation expenses.  The hearing may be continued without further notice so please check for any

updates.

If you do not exclude yourself from the TRW Settlement Class and you wish to object to

the proposed TRW settlement, you must do so in writing and at your own expense.  If you

remain in either the TRW Settlement Class or the Autoliv Settlement Class, you also have the

right to object at your own expense, in writing, to the proposed plan of distribution of the OSS

Settlement Fund, or to Plaintiffs' counsel's request for an award of attorneys' fees and litigation

expenses.  Any such objection must include the caption of this litigation, must be signed, and be

**filed no later than _____ , 2015,** with the Clerk of Court, United States District Court for the

Eastern District of Michigan, Southern Division, Theodore Levin United States Courthouse, 231

West Lafayette Boulevard, Detroit, MI 48226, and mailed to the following counsel, **postmarked**

**no later than _____, 2015**:

18

Gregory P. Hansel
PRETI, FLAHERTY, BELIVEAU
  & PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME  04112-9546
Telephone:  (207) 791-3000

Joseph C. Kohn
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA  19107
Telephone:  (215) 238-1700

Steven A. Kanner
FREED KANNER LONDON
  & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL  60015
Telephone:  (224) 632-4500

Eugene A. Spector
SPECTOR ROSEMAN KODROFF
  & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone:  (215) 496-0300

*Co-Lead Counsel for the Direct Purchaser Settlement Class*

James P. Feeney
Howard B. Iwrey
Lisa A. Brown
DYKEMA GOSSETT PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
Telephone: (248) 203-0700

*Counsel for the TRW Defendants*

If you do not object to the proposed settlement or plan of distribution, or to Plaintiffs' counsel's requests for an award of attorneys' fees and litigation expenses, you do not need to appear at the hearing or take any other action at this time.  **You must, however, complete and timely submit the Claim Form if you wish to share in the distribution of the OSS Settlement Fund.**

**WHAT SHOULD I DO IF I WANT ADDITIONAL INFORMATION OR IF MY ADDRESS CHANGES?**

      If this Notice reached you at an address other than the one on the mailing label, or if your address changes, please send your correct address to: Occupant Safety Systems Direct Purchaser Antitrust Litigation, PO Box 5110, Portland, OR 97208-5110.

      The Settlement Agreement, Complaint, and other public documents filed in this litigation are available for review during normal business hours at the offices of the Clerk of Court, United

States District Court for the Eastern District of Michigan, Southern Division, Theodore Levin

United States Courthouse, 231 West Lafayette Boulevard, Detroit, MI 48226.  Copies of the

Settlement Agreement and certain other documents relevant to this litigation are available at

www.autopartsantitrustlitigation.com.  In addition, all documents filed in the case may be

obtained through the Public Access to Court Electronic Records system, after registration and

payment of the required fees.  Questions concerning the proposed TRW settlement, this Notice,

or the litigation, may be directed to any of the Settlement Class Counsel identified above.

**Please do not contact the Clerk of the Court or the Judge.**

Dated: _____, 2015                    BY ORDER OF:

                                                The United States District Court for the Eastern
                                                District of Michigan, Southern Division

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION** | **CASE NO. 12-MD-02311**<br>**HON. MARIANNE O. BATTANI** |
| **In Re: OCCUPANT SAFETY SYSTEMS CASES** | |
| **THIS RELATES TO:**<br>**ALL DIRECT PURCHASER ACTIONS** | **12-cv-00601-MOB-MKM** |

## CLAIM FORM

**Important Notice to Purchasers of Occupant Safety Systems**
**Please Read This Entire Document Carefully**

**You Must Complete And Mail This Proof Of Claim, Postmarked On Or Before _____,**
**2015, To Be Eligible To Share In The Distribution Of The Proceeds Of Settlements With**
**The Autoliv Defendants And, Subject To Court Approval, The TRW Defendants**

### Instructions for Completing Claim Form

If you are a direct purchaser of Occupant Safety Systems (and have not excluded yourself from the Autoliv and TRW settlement classes), you may be entitled to share in the distribution of the $35.6 million settlement reached with Autoliv Inc., Autoliv ASP, Inc., Autoliv B.V. & Co. KG, Autoliv Safety Technology, Inc**.,** and Autoliv Japan Ltd. (collectively, "Autoliv") and, subject to Court approval, the $8 million settlement reached with Defendants TRW Deutschland Holding GmbH and TRW Automotive Holdings Corp. (collectively, "TRW") (the "Settlement Fund").  To receive your share of the Settlement Fund you must submit a timely and valid Claim Form in accordance with the instructions set forth herein.

 Please note that if you have chosen to be excluded from the Autoliv settlement class you may not participate in the distribution from the Autoliv settlement funds, and if you chose to be excluded from the TRW settlement class you may not participate in the distribution from the TRW settlement funds.

**Eligibility**: You are eligible to submit a claim seeking to share in the distribution of the Settlement Fund in this litigation if, during the period from January 1, 2003 to February 25, 2015, you purchased Occupant Safety Systems in the United States **directly** from one or more of the following companies: (1) Autoliv Inc.; (2); Autoliv ASP, Inc.; (3) Autoliv B.V. & Co. KG; (4) Autoliv Safety Technology, Inc.; (5) Autoliv Japan Ltd.; (6) Takata Corporation; (7) TK Holdings, Inc.; (8) Tokai Rika Co., Ltd.; (9) TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc.; (10) Toyoda Gosei Co., Ltd.; (11) Toyoda Gosei North America Corporation; (12) TG Missouri

Corporation; (13) TRW Automotive Holdings Corp.; (14) TRW Deutschland Holding GmbH; or (15) any co-conspirator of these companies.

As used here, "Occupant Safety Systems" means seat belts, airbags, steering wheels or steering systems, safety electronic systems and related parts and components.

**Submission of Claim**: Each Claim Form must be signed and verified by the claimant or a person authorized to act on behalf of the claimant, and must be **postmarked no later than** _____**, 2015**, and addressed to:

> Settlement Administrator
> Occupant Safety Systems Direct Purchaser Antitrust Litigation
> PO Box 5110
> Portland, OR 97208-5110

Do **not** send your Claim Form to the Court or to any of the parties or their counsel. If you receive multiple copies of the Claim Form, complete only one Claim Form covering all of your qualifying purchases. Do not submit more than one claim, and do not submit duplicate claims.

**Confirmation of Receipt of Claim**: The receipt of a claim will **not** be confirmed or acknowledged automatically by the Settlement Administrator. If you wish to have confirmation that your Claim Form has been received, send it by certified mail, return receipt requested.

**Photocopies of Form**: A claim may be submitted on a photocopy of the Claim Form. Other forms, or altered versions of the Claim Form, will not be accepted. Additional copies of the Claim Form may be requested from the Settlement Administrator and also may be obtained on-line at www.autopartsantitrustlitigation.com.

**Completion and Support of Claim**: Please type or neatly print all requested information. Failure to complete all parts of the Claim Form may result in denial of the claim, may delay processing, or may otherwise adversely affect the claim. All information submitted in a Claim Form is subject to further inquiry and verification. The Settlement Administrator may ask you to provide supporting information. Failure to provide such requested information also might delay, adversely affect, or result in denial of the claim.

The Claim Form asks for certain information relating to your purchases of Occupant Safety Systems, as well as an explanation of the available documentation (such as account statements and extracts of books and records) that supports your claimed purchases.

**ONLY INCLUDE IN YOUR CLAIM FORM PURCHASES OF OCCUPANT SAFETY SYSTEMS THAT YOU MADE IN THE UNITED STATES *DIRECTLY* FROM ONE OR MORE OF THE COMPANIES LISTED ABOVE UNDER THE "ELIGIBILITY" HEADING DURING THE PERIOD FROM JANUARY 1, 2003 TO FEBRUARY 25, 2015.**

**Claims of Separate Entities**: Each corporation, trust, or other business entity making a claim must submit its claim on a separate Claim Form.

**Taxpayer Identification Number**: A Claim Form is not complete without the federal taxpayer identification number of the claimant.

**Identity of Contact Person**: Provide the name, telephone number and e-mail address of the person to be contacted about the information in your Claim Form.

**Assistance**: If you have any questions about your claim, you may contact the Settlement Administrator at the above address. You may also contact your own attorney or other person to assist you, at your own expense.

**Keep a copy**: You should keep a copy of your completed Claim Form for your records. You should also retain all of your documents and records relating to **direct** purchases of Occupant Safety Systems in the United States from any of the listed companies during the period from January 1, 2003 through February 25, 2015. As part of the claims administration process, you may be required to verify certain information about your Occupant Safety Systems purchases such as the Occupant Safety Systems product(s) purchased, the dollar amount(s) purchased, the date(s) of the purchases, and the company(ies) from which you directly purchased the Occupant Safety Systems. If verification of your purchases is sought as part of the claims administration process, you may need to submit purchase records to verify your claim.

**NOTICE REGARDING SOLICITATIONS FROM CLAIMS ASSISTANCE COMPANIES: THERE ARE COMPANIES THAT WRITE OR CALL CLASS MEMBERS AND OFFER THEIR SERVICES IN FILING CLAIM FORMS OR PROVIDING OTHER INFORMATION ABOUT POTENTIAL RECOVERY OF MONIES IN CLASS ACTIONS IN EXCHANGE FOR A PORTION OF ANY SETTLEMENT FUNDS THAT THE CLASS MEMBER MAY ULTIMATELY RECOVER. PLEASE BE ADVISED THAT THESE COMPANIES ARE NOT AFFILIATED WITH PLAINTIFFS, DEFENDANTS OR COUNSEL FOR PLAINTIFFS OR DEFENDANTS AND YOU DO NOT NEED TO USE ONE OF THOSE COMPANIES TO ASSIST YOU OR HELP YOU IN FILING A CLAIM.**

**[CLAIM FORM STARTS NEXT PAGE]**

## CLAIM FORM

**I.     IDENTITY OF CLAIMANT**

Indicate below the claimant's name and mailing address.  Please note: Correspondence concerning your claim will be directed to you at your mailing address.  **You should notify the Settlement Administrator promptly if your address changes after you have submitted this Claim Form.**

Name: _____

Address: _____

City: _____     State: _____     Zip Code: _____ - _____

Country: _____     E-Mail Address: _____

Claimant is a (Check one):

___ Corporation    ___ Individual     ____Trustee in Bankruptcy    ___ Partnership

___ Other (specify, and provide the name and address of the
               person or entity on whose behalf you are acting):

Name: _____

Address: _____

City: _____     State: ___     Zip Code: _____ - _____

Country: _____     E-Mail Address: _____

**II.    CONTACT PERSON**

Indicate below the person to be contacted regarding this claim and the person's telephone numbers and e-mail address:

Name: _____

_____     _____     _____     _____
Area Code     Telephone No. (Day)          Area Code     Telephone No. (Evening)

_____     _____
Area Code     Fax Number

E-Mail Address: _____

If it is different from the claimant's address stated above, provide the contact person's address:

Address: _____

City:_____ State: _____ Zip Code: _____ -_____

**PLEASE PROMPTLY NOTIFY THE SETTLEMENT ADMINISTRATOR OF ANY CHANGE IN THE ADDRESSES AND TELEPHONE NUMBERS SET FORTH ABOVE.**

### III.   YOUR PURCHASES

On the attached Schedule of Purchases worksheet, list the total amount of **direct** purchases of Occupant Safety Systems in the United States from each company listed above for each year during the period from January 1, 2003 through  February 25, 2015.  **The purchase amounts must be the net amounts paid after deducting any discounts, rebates, price reductions, taxes, delivery and freight charges.  Purchases from companies that are not listed above should <u>not</u> be included.**

When records are available to allow you to calculate and document the dollar amount of your purchases, you must base your purchase information on those records.  You must identify those records (e.g., invoices, purchase journals, accounts payable journals, etc.) in the Section entitled "Proof of Purchases."

When records are **not** available, you may submit purchase information based on estimates.  If you do submit your purchase information based on estimates, you must explain in the Proof of Purchases section why documents are not available to you and why the estimate is reasonable.  In the explanation of how you calculated the estimated purchases, you must identify the documents you used as a basis for your estimates.  Estimates can be based on extrapolation from similar circumstances in analogous contexts in the same year (for which you have documentation), or extrapolation from the same or nearly the same circumstances, but in other years (for which you have documentation), or from reports of actual or estimated vehicle production and your records or estimates of the value of Occupant Safety Systems content per vehicle.  For example, if you have no records allowing you to calculate your purchases in 2004, you may calculate those purchases by using available records, dated as close to that year as possible (e.g., 2003 or 2005), adjusting for appropriate volume differences and any inflationary unit costs.  If you are using sales data and trends to estimate your purchases, you must explain your calculations and retain the documentation used for your calculations until the conclusion of this litigation.

### IV.   PROOF OF PURCHASES

List and identify below those records (*e,g*., invoices, purchase journals, accounts payable journals, etc.) you used to calculate your claimed purchases.  If you based your claim on estimates, list and identify below those records (e.g., invoices, purchase journals, sales journals, accounts payable journals, etc.) used by you as the basis of your estimates, and explain how you calculated your estimated payments.

25

_____

_____

_____

_____

_____

_____

_____

_____

Your claim is subject to audit by the Settlement Administrator and you may, at a later time, be required to provide copies of some or all of the underlying documentation supporting your claim.  Therefore, please retain your documentation until the conclusion of this litigation.

## V.   CLAIMS BASED UPON ASSIGNMENT OR TRANSFER

If the claimant on whose behalf this claim is being submitted acquired the rights that are the basis of the claim being made from some other person or entity (as assignee, transferee, successor or otherwise), please check the box below and attach copies of legal documents that support the acquisition of your claim.

_____ Yes - This claim is based upon an assignment or transfer and I have attached copies of supporting legal documents.

## VI.   EXCLUSION FROM SETTLEMENT CLASS

Identify the settlement class, if any, from which you excluded yourself.  Specify Autoliv, TRW, or both, as appropriate, or enter none.

_____

_____

_____

_____

## VII.   SUBSTITUTE FORM W-9

Each claimant must provide the information requested in the following box.  If the correct information is not provided, a portion of any payment that the claimant may be entitled to receive from the Settlement Funds may be withheld.

**Request for Federal Taxpayer Identification Number and Certification**

Claimant's federal taxpayer identification number is:

26

_____   or   _____
Employer Identification Number                Social Security Number
(for corporations, trusts, etc.)                   (for individuals)


Name of taxpayer whose identification number is written above:

_____

      I certify that the above taxpayer is **NOT** subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

      NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the word **"NOT"** in the previous sentence.

      Under the penalties of perjury, I certify that the foregoing information is true and correct.

Dated: _____          _____
                                                              (signature)


                                                         _____
                                                              (printed name)

Instructions regarding IRS Form W-9 are available at the Internal Revenue Service website at http://www.irs.gov.

## VIII.   <u>CERTIFICATION</u>

      I, _____, declare under penalty of perjury that the information contained in this Claim Form is true and correct to the best of my knowledge and belief, that I am authorized to sign and submit this claim on behalf of the claimant, that the specific purchases of Occupant Safety Systems listed were made by the claimant **directly** from the companies listed, that the claimant is a member of either the Autoliv or TRW settlement class and has not requested exclusion from both the Autoliv and the TRW settlement classes, that this claim is the only claim being submitted by the claimant, that the claimant does not know of any other claim being submitted for the same purchases, that the claimant has not transferred or assigned its claims, and that I have read the accompanying Instructions and the Notice of Proposed Settlement and Hearing.  Claimant submits to the exclusive jurisdiction of the United States District Court for the Eastern District of Michigan for the purpose of investigation or discovery (if necessary) with respect to this claim and any proceeding or dispute arising out of or relating to this claim.  The filing of a false claim is a violation of the criminal laws of the United States and may subject the violator to appropriate criminal penalties.

Date: _____, 2015          _____
                                                                          (signature)


                                                                     _____

27

(Print your name here)

_____

(Title or position [if claimant is not an individual])

**THIS CLAIM FORM MUST BE SENT TO THE FOLLOWING ADDRESS,
POSTMARKED NO LATER THAN _____, 2015:**

> Settlement Administrator
> Occupant Safety Systems Direct Purchaser Antitrust Litigation
> PO Box 5110
> Portland, OR 97208-5110

A Claim Form received by the Settlement Administrator shall be deemed to have been submitted when posted if it is mailed by _____, 2015, a postmark is indicated on the envelope, and it is mailed and addressed in accordance with the above instructions.  In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Settlement Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Claim Forms and to administer the Settlement Fund.  This work will be completed as promptly as time permits, given the need to review each Claim Form.

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE**

Reminder Checklist:

1.      Please sign the Claim Form on page ____.

2.      Please be sure that **all** required information has been provided.

3.      Your claim may be subject to review and verification by the Settlement Administrator.  Accordingly, you should maintain all of the documentation supporting your claim while claims are being processed.

4.      Keep a copy of the completed Claim Form for your records.

5.      If you desire an acknowledgment of receipt of your claim, please send it by certified mail, return receipt requested.

6.      If you move after submitting your Claim Form, please promptly send the Settlement Administrator your new address.

If you have any questions concerning this Claim Form or need additional copies, contact the Settlement Administrator at: Occupant Safety Systems Direct Purchaser Antitrust Litigation PO Box 5110, Portland, OR 97208-5110, or at 1- 800_____.  Copies of the Claim Form also may be obtained online at www.autopartsantitrustlitigation.com.

# SCHEDULE OF PURCHASES

**Please fill out ONE Worksheet for EACH YEAR in which you directly purchased Occupant Safety Systems in the United States during the Class Period (January 1, 2003 to February 25, 2015).  Enter the year of the purchases in the space provided.  You may make as many copies of the blank Worksheet as necessary to list your purchases for each year.  If you need more space to list your purchases for any year, please use an additional Worksheet.**

**NAME OF CLAIMANT** _____   **YEAR** _____

| Company Purchased From [1] | Products Purchased [2] | Amount Purchased [3] |
|---|---|---|
|  |  | ($) |
|  |  | ($) |
|  |  | ($) |
|  |  | ($) |
|  |  | ($) |
|  |  | ($) |
|  |  | ($) |
|  |  | ($) |
|  |  | ($) |
|  |  | ($) |
|  |  | ($) |

**TOTAL FOR YEAR:**   **($)** _____

---

[1] Identify the specific company or companies from which you directly purchased Occupant Safety Systems: (1) Autoliv Inc.; (2); Autoliv ASP, Inc.; (3) Autoliv B.V. & Co. KG; (4) Autoliv Safety Technology, Inc.; (5) Autoliv Japan Ltd.; (6) Takata Corporation; (7) TK Holdings, Inc.; (8) Tokai Rika Co., Ltd.;  (9) TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc.; (10) Toyoda Gosei Co., Ltd.; (11) Toyoda Gosei North America Corporation; (12) TG Missouri Corporation; (13) TRW Automotive Holdings Corp.; and (14) TRW Deutschland Holding GmbH.  Purchases from companies that are not listed should not be included.

[2] List the Occupant Safety Systems products.

[3] List the dollar amount of **direct purchases** of Occupant Safety Systems from each of the companies listed above for the year in question.  The purchase amounts must be the net amounts paid after deducting any discounts, rebates, taxes, delivery and freight charges.

# EXHIBIT B

**IF YOU PURCHASED OCCUPANT SAFETY SYSTEMS IN THE UNITED STATES DIRECTLY FROM AUTOLIV, TAKATA, TOKAI RIKA, TRW OR TOYODA GOSEI, ANY OF THEIR RESPECTIVE CURRENT OR FORMER PARENTS, SUBSIDIARIES OR AFFILIATES, OR ANY CO-CONPSIRATOR FROM JANUARY 1, 2003 THROUGH FEBRUARY 25, 2015, YOUR LEGAL RIGHTS MAY BE AFFECTED BY A PROPOSED SETTLEMENT WITH THE TRW DEFENDANTS**

A proposed $8 million settlement has been reached in *In re Automotive Parts Antitrust Litigation*, MDL 2311, 12-cv-00601-MOB-MKM (E.D. Mich.), with Defendants TRW Deutschland Holding GmbH and TRW Automotive Holdings Corp. (collectively, "TRW").

**What is the lawsuit about?**   This class action is part of coordinated legal proceedings involving Occupant Safety Systems purchased in the United States **directly** from a Defendant or any co-conspirator of a Defendant.  These proceedings do not relate to, and have no effect upon, cases involving any other product or purchaser.

"Occupant Safety Systems," for purposes of the settlement, are seat belts, airbags, steering wheels or steering systems, safety electronic systems and related parts and components.

Plaintiffs allege that Defendants entered into a conspiracy to suppress and eliminate competition for Occupant Safety Systems by agreeing to fix, maintain, or stabilize prices, rig bids, and allocate the supply of Occupant Safety Systems, in violation of federal antitrust laws. Plaintiffs further allege that as a result of the conspiracy, they and other direct purchasers of Occupant Safety Systems were injured by paying more for those products than they should have paid, and seek recovery of treble damages, together with reimbursement of costs and an award of attorneys' fees.

You were previously notified of the existence of this class action, the nature of the Plaintiffs' claims, and a settlement with Autoliv Inc., Autoliv ASP, Inc., Autoliv B.V. & Co. KG, Autoliv Safety Technology, Inc., and Autoliv Japan Ltd. (collectively, "Autoliv") in the amount

of $35.6 million, plus accruing interest.  That settlement was approved by the Court in an Order dated January 7, 2014.

An additional proposed settlement has now been reached with TRW, which has agreed to pay $8 million to settle the claims against it.  This settlement, when added to the Autoliv settlement, brings the total settlements in this case to $43.6 million, plus accruing interest (the "OSS Settlement Fund").

TRW denies Direct Purchaser Plaintiffs' allegations and has asserted defenses to Direct Purchaser Plaintiffs' claims.  TRW, despite its belief that it is not liable for the claims asserted and that it has good defenses thereto, has nevertheless agreed to settle this matter to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgment contemplated by the Settlement Agreement, and to put to rest with finality all claims that have been or could have been asserted against TRW with respect to Occupant Safety Systems based on the allegations in the Action.

The Court has not issued any findings or rulings on the merits of Plaintiffs' claims or Defendants' defenses.  This is a partial settlement of the claims in the Complaint as it is with TRW only.  The litigation is continuing against the remaining Defendants.

**Who is included?**  The Direct Purchaser TRW Settlement Class (the "TRW Settlement Class" is composed of all individuals and entities who purchased Occupant Safety Systems in the United States directly from any of the following Defendants, or any of their respective current or former parents, subsidiaries or affiliates, or any co-conspirator of a Defendant from January 1, 2003 through February 25, 2015 (the "Class Period"): Autoliv Inc.; Autoliv ASP, Inc.; Autoliv B.V. & Co. KG; Autoliv Japan Ltd.; Takata Corporation; TK Holdings, Inc.; Tokai Rika Co., Ltd.; TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc.; Toyoda Gosei Co., Ltd.; Toyoda Gosei North America

2

Corporation; TG Missouri Corporation; TRW Automotive Holdings Corp.; or TRW Deutschland Holding GmbH.

      A Notice of Proposed Settlement and Claim Form ("Notice") was mailed to potential Direct Purchaser Settlement Class members on or about _____, 2015.  The Notice describes the litigation and options available to Settlement Class members with respect to the TRW settlement in more detail, and includes a Claim Form and proposed plan for distribution to Settlement Class members of the proceeds of the Autoliv settlement and, subject to Court approval, the TRW settlement.  If you did not receive the Notice you may obtain a copy on the internet at www.autopartsantitrustlitigation.com, or by calling or writing to the following Settlement Class Counsel:

| | |
|---|---|
| Gregory P. Hansel<br>PRETI, FLAHERTY, BELIVEAU<br>  & PACHIOS LLP<br>One City Center, P.O. Box 9546<br>Portland, ME  04112-9546<br>Telephone:  (207) 791-3000 | Joseph C. Kohn<br>KOHN, SWIFT & GRAF, P.C.<br>One South Broad Street, Suite 2100<br>Philadelphia, PA  19107<br>Telephone:  (215) 238-1700 |
| Steven A. Kanner<br>FREED KANNER LONDON<br>  & MILLEN LLC<br>2201 Waukegan Road, Suite 130<br>Bannockburn, IL  60015<br>Telephone:  (224) 632-4500 | Eugene A. Spector<br>SPECTOR ROSEMAN KODROFF<br>  & WILLIS, P.C.<br>1818 Market Street, Suite 2500<br>Philadelphia, PA  19103<br>Telephone:  (215) 496-0300 |

*Co-Lead Counsel for the Direct Purchaser Settlement Class*

      **What does the settlement provide?**  TRW has paid the amount of $8 million (including accruing interest, the "TRW Settlement Fund") into an escrow account and will cooperate with Plaintiffs in the prosecution of the claims against the remaining Defendants.

      **Your rights may be affected**.  If you purchased Occupant Safety Systems in the United States directly from any Defendant or any co-conspirator of a Defendant during the Class Period,

you will automatically remain a Settlement Class member as to the TRW settlement unless you elect to be excluded.  If you wish to remain in the TRW Settlement Class, you do not need to take any action at this time and your interests will be represented by Plaintiffs and by Settlement Class Counsel.  In order to share in the proceeds of either the Autoliv or TRW settlements however, **you must complete and return the Claim Form that was mailed to Settlement Class members, postmarked no later than _____, 2015**.

If you do not want to be bound by the TRW settlement, you must submit a written request for exclusion, **postmarked no later than _____, 2015,** in accordance with the procedures set forth in the Notice.  If you validly exclude yourself from the TRW Settlement Class you will not be bound by any decision concerning the TRW settlement and you can pursue individually any claims you may have against TRW at your own expense, but you will not be eligible to share in the TRW Settlement Fund.

If you stay in the TRW Settlement Class, you have the right to object to the proposed TRW settlement at your own expense by following the procedures set forth in the Notice.  If you have remained in either the TRW Settlement Class or the Autoliv Settlement Class, you also have the right to object, at your own expense, to the proposed plan of distribution of the OSS Settlement Fund, and to Plaintiffs' counsel's requests for an award of attorneys' fees and litigation expenses, by following the procedures set forth in the Notice.  **Your objection must be filed no later than _____, 2015.**

The Court has scheduled a hearing on _____, 2015, to consider whether to approve: the proposed TRW settlement; the proposed plan of distribution of settlement funds; and Plaintiffs' counsel's requests for an award of attorneys' fees and litigation expenses.  The hearing may be continued without further notice.

4

If you believe you are a member of the TRW Settlement Class, you are urged to obtain a copy of the Notice, which discusses your rights regarding the TRW settlement and other matters described above.

If you have questions concerning this litigation, you may contact Settlement Class Counsel identified above.  **Do <u>not</u> contact the Clerk of the Court or the Judge.**

Dated: _____, 2015                     BY ORDER OF:
                                                 The United States District Court for the Eastern
                                                 District of Michigan, Southern Division