# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | CASE NO. 12-MD-02311<br>HON. MARIANNE O. BATTANI |
| In Re: OCCUPANT SAFETY SYSTEMS CASES | |
| THIS RELATES TO:<br>ALL DIRECT PURCHASER ACTIONS | 2:12-cv-00601-MOB-MKM |

### SETTLEMENT CLASS COUNSEL'S REPORT ON DISSEMINATION OF NOTICE OF PROPOSED SETTLEMENT BETWEEN THE DIRECT PURCHASER PLAINTIFFS AND TRW DEFENDANTS AND CLASS MEMBERS' RESPONSE

Settlement Class Counsel submit the following report concerning the dissemination of notice pursuant to this Court's Order of April 9, 2015 (2:12-cv-00601, Doc. No. 116 at ¶ 18) (the "Order"), and Settlement Class members' responses to the notice program. As described more fully below, notice was disseminated in accordance with the Court's Order. Not a single objection was filed to either the proposed TRW settlement, the proposed plan for distribution of settlement funds, or to Settlement Class Counsel's request for an award of attorneys' fees and litigation costs and expenses, and only three opt-out requests were submitted.[1] Settlement Class Counsel respectfully submit that the absence of objections and small number of opt-outs militate strongly in favor of approval of the proposed TRW settlement, distribution plan, and request for attorneys' fees and litigation costs and expenses.

137563

**I. DISSEMINATION OF NOTICE TO THE CLASS**

A declaration by Julie Redell, a Senior Project Manager employed by Epiq Class Action & Claims Solutions ("Epiq"), the Notice and Claims Administrator retained by Direct Purchaser Plaintiffs, describing the dissemination of notice to potential Settlement Class members is attached hereto as Exhibit 1.

As set forth in the Redell Declaration, pursuant to the Court's Order, on April 30, 2015, Epiq caused 1,342 copies of the Notice of Proposed Settlement of Direct Purchaser Class Action With TRW Defendants and Hearing on Settlement Approval and Request for Attorneys' Fees and Payment of Litigation Costs and Expenses, and Claim Form (the "Notice") to be mailed to potential Settlement Class members by first class mail, postage prepaid. Exhibit 1 at ¶ 6. Epiq also re-mailed returned notices for which updated addresses were obtained. *Id*. at ¶ 7.

Also in accordance with the Court's April 9, 2015 Order, on May 11, 2015 the Summary Notice of Proposed Settlement of Direct Purchaser Class Action with TRW Defendants and Hearing on Settlement Approval and Request for Attorneys' Fees and Payment of Litigation Costs and Expenses was published in one edition of *Automotive News*, and in the national edition of *The Wall Street Journal*. *Id*. at ¶ 9. In addition, a copy of the Notice was posted on-line at www.autopartsantitrustlitigation.com, a website dedicated to this litigation. *Id*. at ¶ 10.

Notice to the Direct Purchaser Settlement Class that fulfills the requirements of Fed. R. Civ. P. 23 has, therefore, been provided as ordered by the Court.

---

[1] As discussed below, pursuant to the terms of the Settlement Agreement, the TRW Settlement Fund is subject to a $1.5 million reduction as a result of these opt-outs.

137563

2

## II. ABSENCE OF OBJECTIONS TO THE PROPOSED SETTLEMENT AND FEE AND EXPENSE REQUEST

The Notice advised that any objection to the proposed settlement, the proposed plan for distribution of settlement funds, or to Settlement Class Counsel's request for an award of attorneys' fees and litigation costs and expenses had to be filed with the Clerk by June 24, 2015, with copies mailed to Settlement Class Counsel and to TRW's counsel.

No objections postmarked by the June 24, 2015 deadline were filed with the Court, or received by Settlement Class Counsel or Epiq, and none has been received as of the date of the filing of this Report

## III. REQUESTS FOR EXCLUSION

The Notice further advised that requests for exclusion from the Settlement Class had to be sent to Settlement Class Counsel, postmarked no later than June 24, 2015.

Timely opt-out requests were submitted by Ford Motor Company ("Ford"), Bayerische Motoren Werke Aktiengesellschaft ("BMW"), and FCA US LLC ("FCA").[2] As of July 2, no other request for exclusion has been received by Settlement Class Counsel.

As noted in the Memorandum in Support of Direct Purchaser Plaintiffs' Motion for Final Approval of Proposed Settlement With TRW Defendants and Proposed Plan for Distribution of Settlement Funds (2:12-cv-00601, Doc. No. 121, page 5 n. 6), the Settlement Agreement provides that the $8 million TRW settlement may be reduced based upon valid and timely requests for exclusion by members of the Settlement Class. In accordance with the terms of the Settlement Agreement, based upon the opt-outs from the Settlement Class the Settlement Fund is subject to a

137563

3

reduction of $1.5 million, which reduces the TRW settlement amount from $8 million to $6.5 million.[3]

Settlement Class Counsel respectfully submit that, for the reasons set forth in the Memorandum in Support, the TRW settlement, which provides for the payment of $6.5 million and substantial cooperation by TRW, is fair, reasonable and adequate under the relevant criteria, and warrants final approval.

## IV. THE REACTION OF THE SETTLEMENT CLASS SUPPORTS APPROVAL OF THE SETTLEMENT, DISTRIBUTION PLAN, AND FEE REQUEST

The reaction of the class has been recognized repeatedly by courts within this Circuit and elsewhere as a factor in evaluating the fairness, reasonableness, and adequacy of a proposed settlement. *E.g.*, *Sheick v. Auto. Component Carrier LLC*, No. 2:09–cv–14429, 2010 WL 4136958, at *22 (E.D. Mich. Oct. 18, 2010) ("scarcity of objections – relative to the number of class members overall – indicates broad support for the settlement among Class Members."); *In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508, 527 (E.D. Mich. 2003) ("That the overwhelming majority of class members have elected to remain in the Settlement Class, without objection, constitutes the 'reaction of the class,' as a whole, and demonstrates that the Settlement is 'fair, reasonable, and adequate.'"); *In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.*, 248 F.R.D. 483, 499 (E.D. Mich. 2008) (small number of opt-outs or objections is indicative of the adequacy of the settlement); *Hyland v. HomeServices of America*, No. 3:05–CV–612–R., 2012 WL 1575310, at *7 (W.D. Ky. May 3, 2012) (absence of objectors weighs in favor of the settlement). *Accord In re Cendant Corp. Litig.*, 264

---

[2] The 17 specific entities on whose behalf Ford, BMW, and FCA requested exclusion are set forth in Exhibit 2.

4

F.3d 201, 235 (3d Cir. 2001) (finding that "vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors creates a strong presumption that this factor weighs in favor of the Settlement"); *In re Auto. Refinishing Paint Antitrust Litig.*, 617 F.Supp.2d. 336, 342 (E.D. Pa. 2007) ("The fact that an overwhelming majority of the Class did not file objections is a significant element to consider in determining the overall fairness of the settlements."). S*ee also Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 199 (3d Cir. 2000) (client's views regarding her attorneys' performance and request for fees should be considered when determining fee award); *Cullen v. Whitman Medical Corp.*, 197 F.R.D. 136, 144, 148-49 (E.D. Pa. 2000) ("overwhelmingly positive" class response lends support to approval of settlement, and weighs in favor of approving attorneys' fee of 33 1/3 per cent of net settlement fund).

Individual notice was mailed to 1,342 potential Settlement Class members identified by Defendants, published in *Automotive News* and in *The Wall Street Journal,* and posted on-line. Not a single objection has been raised to the terms of the proposed settlement, the distribution plan or to Settlement Class Counsel's request for attorneys' fees and litigation costs and expenses, and only three opt-out requests were submitted. Such an overwhelmingly favorable response by Settlement Class members, including sophisticated entities with the resources to litigate their claims independently, militates strongly in favor of approval of the proposed settlement, proposed distribution plan, and fee request.

---

[3] Applying this reduction to the TRW settlement amount, the total amount of the Autoliv and TRW Settlements is $42.1 million.

## V. **CONCLUSION**

Based upon the foregoing, and for the reasons set forth in Direct Purchaser Plaintiffs' Motion for Final Approval of Proposed Settlement With TRW Defendants and Proposed Plan for Distribution of Settlement Funds and the Motion for an Award of Attorney's Fees and Reimbursement of Litigation Costs and Expenses, and the memoranda in support thereof, it is respectfully requested that the Court grant final approval of the proposed TRW settlement, the proposed plan of distribution, and the request for attorneys' fees and litigation costs and expenses.

DATED: July 2, 2015

Respectfully submitted,

By: /s/ David H. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
FINK + ASSOCIATES LAW
38500 Woodward Ave., Suite 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
Fax: (248) 971-2600
dfink@finkandassociateslaw.com
dbressack@finkandassociateslaw.com

Interim Liaison Counsel for the Direct Purchaser Plaintiffs

| | |
|---|---|
| Steven A. Kanner | Joseph C. Kohn |
| William H. London | William E. Hoese |
| Michael E. Moskovitz | Douglas A. Abrahams |
| FREED KANNER LONDON | KOHN, SWIFT & GRAF, P.C. |
|   & MILLEN LLC | One South Broad Street, Suite 2100 |
| 2201 Waukegan Road, Suite 130 | Philadelphia, PA  19107 |
| Bannockburn, IL  60015 | Telephone:  (215) 238-1700 |
| Telephone:  (224) 632-4500 | |
| | |
| Gregory P. Hansel | Eugene A. Spector |
| Randall B. Weill | William G. Caldes |
| Michael S. Smith | Jonathan M. Jagher |
| PRETI, FLAHERTY, BELIVEAU | Jeffrey L. Spector |
|   & PACHIOS LLP | SPECTOR ROSEMAN KODROFF |
| One City Center, P.O. Box 9546 |   & WILLIS, P.C. |
| Portland, ME  04112-9546 | 1818 Market Street, Suite 2500 |
| Telephone:  (207) 791-3000 | Philadelphia, PA  19103 |
| | Telephone:  (215) 496-0300 |

Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send such notification to all ECF attorneys of record.

**FINK + ASSOCIATES LAW**

By: /s/ David H. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
38500 Woodward Ave.; Suite 350
Bloomfield Hills, Michigan 48304
(248) 971-2500
Dated: July 2, 2015, dfink@finkandassociateslaw.com

7

137563

8

**137563**