UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION<br><br>In Re: OCCUPANT SAFETY SYSTEMS CASES | CASE NO. 12-MD-02311<br>HON. MARIANNE O. BATTANI |
| THIS RELATES TO:<br>ALL DIRECT PURCHASER ACTIONS | 12-cv-00601-MOB-MKM |

ORDER GRANTING INTERIM LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION COSTS AND EXPENSES

AND NOW, this 14th day of July, 2015, upon consideration of Interim Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Costs and Expenses, the supporting Memorandum and the exhibits attached thereto (the "Motion"), and the record in this case,

It is hereby ORDERED that the Motion is GRANTED.

Interim Lead Counsel moved under Fed. R. Civ. P. 23(h) and 54(d)(2) for an award of attorneys' fees and reimbursement of litigation costs and expenses from the Autoliv and TRW settlement funds, which collectively total $42.1 million. In deciding the Motion, the Court makes the following findings of fact and sets forth its conclusions of law pursuant to Fed.R.Civ.P. 23(h) and 54(d) and awards Plaintiffs' Counsel $10,525,000 which corresponds to twenty-five percent (25%) of the Autoliv and TRW settlement funds as reasonable attorneys' fees, and reimbursement of reasonable litigation costs and expenses of $145,044.44.

(1)     The settlements with the Autoliv and TRW defendants confer substantial cash benefits on the Settlement Classes and the value of the settlements is immediate and readily quantifiable.

(2)     Plaintiffs' Counsel vigorously and effectively pursued the direct purchasers' claims.  These efforts to date have included factual investigation, drafting complaints, briefing and arguing motions to dismiss, successfully negotiating the terms of the settlements with the attorneys for the Autoliv and TRW Defendants, obtaining information and proffers from certain Defendants, and reviewing documents;

(3)     The amounts of the Autoliv and TRW settlements constitute a "common fund."  It has long been recognized that attorneys who recover a fund for others are entitled to reasonable attorneys' fees from that fund.

(4)     Under Fed.R.Civ.P. 23(h), "[i]n a certified class action, the court may award reasonable attorneys' fees and non-taxable costs that are authorized by law or by the parties agreement."

(5)     Under Fed.R.Civ.P. 23(h)(1), the request for an award of attorneys' fees and non-taxable costs in a class action must be made by motion under Fed.R.Civ.P. 54(d)(2), and notice of the motion must be served on all parties and directed to class members in a reasonable manner.

(6)     The requirements of Fed. R. Civ. P. 23(h)(1) have been satisfied.  Notice to the TRW Settlement Class members (which includes all Occupant Safety Systems direct purchasers that were mailed the Autoliv notice) informed the Class members of Interim Lead Counsel's intention to seek an attorneys' fee award of up to thirty percent (30%) of the combined TRW and Autoliv settlement funds, and reimbursement of litigation costs and expenses.  The TRW notice provided Class members the opportunity to object after the Motion was filed.  No Class member has objected to either Interim Lead Counsel's attorneys' fee request or their request for reimbursement of litigation costs and expenses.

(7) In order to determine what constitutes a reasonable fee in a particular case, courts may use the "percentage of the fund" or the "lodestar" methodology.

(8) The Court concludes that the percentage of the fund method is the proper method to use to calculate reasonable attorneys' fees to compensate Plaintiffs' Counsel in this litigation.

(9) The Court finds that the attorneys' fees of 25% of the $42.1 million common fund created as a result of Plaintiffs' Counsel's efforts is reasonable. The Court finds that this percentage is within the range of fees ordinarily awarded in class action antitrust litigation. The Court considered the following in determining whether or not the requested attorneys fees are reasonable:

    a. the value of the benefit rendered to the plaintiff class;

    b. the value of the services on an hourly basis;

    c. whether the services were undertaken on a contingent fee basis;

    d. society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others;

    e. the complexity of the litigation; and

    f. the professional skill and standing of counsel involved on both sides.

The Court finds that consideration of these factors supports the attorneys' fee award.

(10) The results achieved in this case support the requested fee. The Autoliv and TRW settlements provide a clear benefit to the Settlement Classes: an immediate and certain payment of $42.1 million, plus accrued interest, divided among a nationwide class of direct purchasers of Occupant Safety Systems, less attorneys' fees, litigation costs and expenses, and notice and claims administration costs.

(11) A 25 % attorneys' fee award equals a lodestar multiplier of approximately 2.09. A multiplier of 2.09 is reasonable considering multipliers that have been accepted as fair and reasonable in complex matters such as this one.

(12) Plaintiffs' Counsel are operating on a contingency basis and bore (and continue to bear) a significant risk of non-payment in pursuing these claims.

(13) Antitrust class actions are inherently complex. The legal and factual issues are complicated and highly uncertain in outcome. This case is no exception.

(14) In the absence of a settlement with the Autoliv and TRW Defendants, Plaintiffs' Counsel would have been facing continued litigation against four, instead of two, Defendant groups. Indeed, as part of the Autoliv and TRW settlements those Defendants agreed to cooperate, and have cooperated, with Plaintiffs' Counsel in connection with the continuing litigation against the non-settling Defendants.

(15) As the Court has found previously, Interim Lead and Liaison Counsel are qualified to litigate class action antitrust claims, and they have performed their duties skillfully.

(16) The reaction of the class members further supports awarding the requested attorneys' fees. The Settlement Classes are composed of sophisticated direct purchasers of Occupant Safety Systems, including parts suppliers and manufacturers of motor vehicles. The absence of objections is an indication that the attorneys' fees requested in this case are reasonable.

(17) Plaintiffs' Counsel have devoted $5,035,853.55 in professional time at their historical billing rates to pursuing this case for the direct purchasers.

(18)   The Court finds that Plaintiffs' Counsel performed their tasks diligently, efficiently and reasonably, that their billing rates are appropriate, and that the lodestar is reasonable.

(19)   The Court has conducted a lodestar "cross-check" with respect to the attorneys' fee award.  The requested lodestar multiplier of 2.09 is well within the range of reasonable multipliers awarded in similar contingent fee cases.  The multiplier is also supported by the fact that Plaintiffs' counsel bear all the risk of litigating this complex case (including both professional time and out-of-pocket costs and expenses) with no guarantee of receiving attorneys' fees or reimbursement of litigation costs or expenses.

(20)   After considering the appropriate factors, the Court awards Plaintiffs' Counsel attorneys' fees in the amount of $10,525,000 (25%) of the $42.1 million Autoliv and TRW settlement funds and reimbursement of $145,044.44 in litigation costs and expenses, which costs and expenses the Court finds were reasonable and necessary to the conduct of the action and the representation of the Settlement Classes.  Interim Lead Counsel is authorized to allocate among Plaintiffs' Counsel the attorneys' fees and reimbursed litigation costs and expenses in accordance with their assessment of each firm's contribution to the prosecution of the case.

IT IS SO ORDERED.


Date:  July 15, 2015                                         s/Marianne O. Battani
                                                             MARIANNE O. BATTANI
                                                             United States District Judge

5