UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | CASE NO. 12-MD-02311<br><br>HON. MARIANNE O. BATTANI |
| In Re: OCCUPANT SAFETY SYSTEMS CASES | |
| THIS RELATES TO:<br><br>ALL DIRECT PURCHASER ACTIONS | 2:12-cv-00601-MOB-MKM<br><br>2:16-cv-10002 |

**ORDER GRANTING PRELIMINARY APPROVAL OF
PROPOSED SETTLEMENT WITH TOYODA GOSEI DEFENDANTS AND
PROVISIONAL CERTIFICATION OF DIRECT PURCHASER SETTLEMENT CLASS**

Upon consideration of the Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Toyoda Gosei Defendants, and for Provisional Certification of a Direct Purchaser Settlement Class (the "Motion"), it is hereby ORDERED as follows:

1. The Motion is hereby **GRANTED**.

2. Terms used in the Order that are defined in the Toyoda Gosei Settlement Agreement (hereinafter, the "Settlement Agreement") are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

Preliminary Approval of Settlement Agreement

3. The terms of the Settlement Agreement are hereby preliminarily approved as being fair, reasonable, and adequate to the Settlement Class, subject to a fairness hearing. The Court finds that the Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement

{00178296 }

Agreement should be given to members of the proposed Settlement Class, pursuant to a plan to be submitted by Settlement Class Counsel to the Court for approval in a separate motion.

## Class Certification

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following class for settlement purposes (the "Settlement Class"):

> All individuals and entities (excluding Defendants and their present and former parents, subsidiaries, and affiliates) who purchased Occupant Safety Systems in the United States directly from one or more Defendants from January 1, 2003 through February 25, 2015.

5. For purposes of the Settlement Class definition set forth above, the following entities are Defendants: Autoliv, Inc., Autoliv ASP, Inc., Autoliv Safety Technology, Inc., Autoliv B.V. & Co. KG, Autoliv Japan Ltd., Takata Corporation, TK Holdings, Inc., Tokai Rika Co., Ltd., TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc., Toyoda Gosei Co., Ltd., Toyoda Gosei North America Corp., TG Missouri Corp., TRW Automotive Holdings Corporation, and TRW Deutschland Holding GmbH.

6. The Court finds that provisional certification of the Settlement Class is warranted in light of the Settlement Agreement because: (a) the Settlement Class is so numerous that joinder is impracticable; (b) the Direct Purchaser Plaintiff Class representatives' claims present common issues and are typical of the Settlement Class; (c) the Direct Purchaser Plaintiff Class representatives and Settlement Class Counsel (identified below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that the Direct Purchaser

Plaintiff Class representatives' interests are aligned with the interests of all other members of the Settlement Class. The Court also finds that settlement of this action on a class basis is superior to other means of resolving the matter.

### Appointment of Class Representatives and Settlement Class Counsel

7. The Court hereby appoints Plaintiffs Beam's Industries, Inc., Findlay Industries, Inc., and NM Holdings Company, LLC to serve as Class Representatives of the Direct Purchaser Settlement Class.

8. The Court hereby appoints the law firms of Freed Kanner London & Millen LLC, Kohn, Swift & Graf, P.C., Preti, Flaherty, Beliveau & Pachios LLP, and Spector Roseman & Kodroff, P.C. to serve as Settlement Class Counsel for the Direct Purchaser Settlement Class, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by these appointments.

### Other Provisions

9. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all related proceedings shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of the Direct Purchaser Plaintiffs, Toyoda Gosei, and the members of the Settlement Class.

10. The Court's provisional certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any Defendant's motion, and no party may cite or refer to the Court's

approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

11. Any potential Settlement Class Member who requests exclusion from the Settlement Class shall not be precluded, restricted, barred or limited in any way from participating in any future settlements relating to other Defendants in the Action.

12. The Court approves the escrow account referenced in the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation or administration of the QSF. Settlement Class Counsel are authorized to use funds from the QSF in accordance with the Settlement Agreement, including to pay costs of notice, taxes, tax expenses, and costs of maintaining and administering the Settlement Fund.

13. The Direct Purchaser Class litigation against Toyoda Gosei is stayed except to the extent necessary to effectuate the Settlement Agreement.

**IT IS SO ORDERED.**

Date: January 25, 2018                         s/Marianne O. Battani
                                              MARIANNE O. BATTANI
                                              United States District Judge


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 25, 2018.

                                              s/ Kay Doaks
                                              Case Manager

{00178296 }                            5