# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | CASE NO. 12-MD-02311<br><br>HON. MARIANNE O. BATTANI |
| In Re: OCCUPANT SAFETY SYSTEMS CASES | |
| THIS RELATES TO:<br><br>ALL DIRECT PURCHASER ACTIONS | 2:12-cv-00601-MOB-MKM<br><br>2:16-cv-10002-MOB-MKM |

## MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH TOKAI RIKA DEFENDANTS AND FOR AUTHORIZATION TO DISSEMINATE NOTICE TO THE DIRECT PURCHASER TOKAI RIKA AND TOYODA GOSEI SETTLEMENT CLASSES

Direct Purchaser Plaintiffs hereby move the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for preliminary approval of the proposed settlement with Defendants Tokai Rika Co., Ltd. and TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc., for provisional certification of the Tokai Rika Settlement Class, and for authorization to disseminate notice of the proposed Tokai Rika and Toyoda Gosei settlements and related matters to the Tokai Rika Settlement Class and to the Toyoda Gosei Settlement Class (which was provisionally certified by the Court on January 25, 2018.  (2:12-cv-00601, Doc. No. 153)).  In support of this motion, Plaintiffs rely upon the accompanying brief, which is incorporated by reference herein.

The parties do not request a hearing for this motion. Tokai Rika consents to this motion and to the entry of the proposed order preliminarily approving the proposed settlement and authorizing dissemination of notice to the Tokai Rika Settlement Class. Toyoda Gosei consents to the authorization of dissemination of notice to the Toyoda Gosei Settlement Class.

DATED: February 27, 2018

Respectfully submitted,

  /s/David H. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
FINK + ASSOCIATES LAW
38500 Woodward Ave; Suite 350
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500

*Interim Liaison Counsel for the Direct*
*Purchaser Plaintiffs*

Steven A. Kanner
William H. London
Michael E. Moskovitz
FREED KANNER LONDON
  & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL  60015
Telephone: (224) 632-4500

Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA  19107
Telephone: (215) 238-1700

Gregory P. Hansel
Randall B. Weill
Michael S. Smith
PRETI, FLAHERTY, BELIVEAU
  & PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME  04112-9546
Telephone: (207) 791-3000

Eugene A. Spector
William G. Caldes
Jonathan M. Jagher
Jeffrey L. Spector
SPECTOR ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | CASE NO. 12-MD-02311 |
| | HON. MARIANNE O. BATTANI |
| In Re: OCCUPANT SAFETY SYSTEMS CASES | |
| THIS RELATES TO: | 2:12-cv-00601-MOB-MKM |
| ALL DIRECT PURCHASER ACTIONS | 2:16-cv-10002 |

## BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH TOKAI RIKA DEFENDANTS AND FOR AUTHORIZATION TO DISSEMINATE NOTICE TO THE DIRECT PURCHASER TOKAI RIKA AND TOYODA GOSEI SETTLEMENT CLASSES

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. iii

STATEMENT OF ISSUES PRESENTED.......................................................... vii

INTRODUCTION ............................................................................................... 1

I.      BACKGROUND ...................................................................................... 1

II.     TERMS OF THE TOKAI RIKA SETTLEMENT AGREEMENT................... 3

        A.    The Direct Purchaser Tokai Rika Settlement Class.................... 4

        B.    The Settlement Amount .............................................................. 4

        C.    Release ....................................................................................... 5

        D.    Cooperation................................................................................ 5

III.    PRELIMINARY APPROVAL OF THE PROPOSED
        TOKAI RIKA SETTLEMENT IS WARRANTED ....................................... 6

        A.    The Governing Standards. ........................................................... 6

        B.    The Proposed Settlement is Fair and Within the Range of Possible Approval. ..... 7

        C.    Consideration of the Final Approval Criteria Supports Preliminary Approval. ..... 8

              1.    The Likelihood of Plaintiffs' Success on the Merits Weighed Against the
                    Amount and Form of the Relief Offered in the Settlement Supports
                    Approval. ................................................................................. 10

              2.    The Complexity, Expense, and Likely Duration of Continued Litigation
                    Favor Approval. ....................................................................... 11

              3.    The Judgment of Experienced Counsel Supports Approval. ................... 12

              4.    The Amount of Discovery Completed and the Character of the Evidence
                    Uncovered Are Sufficient. ........................................................ 13

              5.    The Reaction of Class Members .................................................. 13

              6.    The Settlement Agreement is the Product of
                    Arm's-Length Negotiations ........................................................ 14

              7.    The Settlement is Consistent with the Public Interest. ................... 14

IV.     PROVISIONAL CERTIFICATION OF THE PROPOSED TOKAI RIKA
        SETTLEMENT CLASS IS WARRANTED .............................................. 14

        A.    The Proposed Direct Purchaser Tokai Rika Settlement
              Class Satisfies Rule 23(a). ....................................................... 15

              1.    The Tokai Rika Settlement Class is Sufficiently Numerous ................... 16

              2.    There are Common Questions of Law and Fact ............................. 16

              3.    Plaintiffs' Claims are Typical of Those of the Tokai
                    Rika Settlement Class ............................................................... 17

i

4.      Plaintiffs Will Fairly and Adequately Protect the Interests of the Tokai Rika Settlement Class .................................................................. 18

B.      Plaintiffs' Claims Satisfy the Prerequisites of Rule 23(b)(3) for Settlement Purposes ........................................................................................ 19

1.      Common Legal and Factual Questions Predominate ................................ 19

2.      A Class Action is Superior to Other Methods of Adjudication ............... 20

VII.    CONCLUSION ........................................................................................................ 25

# TABLE OF AUTHORITIES

**Cases**

*Amchem Prods., Inc. v. Windsor,*
    521 U.S. 591 (1997) ..................................................................................... 14, 19, 21

*Automotive Parts Antitrust Litig.*, 2:12-md-02311,
    2014 WL 4272774 (E.D. Mich. Aug. 29, 2014) ................................................... 2

*Automotive Parts Antitrust Litig.*, 2:12-md-02311,
    2014 WL 4272784 (E.D. Mich. Aug. 29, 2014) ................................................... 2

*Barry v. Corrigan,*
    79 F. Supp. 3d 712 (E.D. Mich. 2015) ......................................................... 16, 18

*Beattie v. CenturyTel, Inc.,*
    511 F.3d 554 (6th Cir. 2007) ............................................................................. 19

*Berry v. Sch. Dist. of City of Benton Harbor,*
    184 F.R.D. 93 (W.D. Mich. 1998) ................................................................... 7, 9

*Carson v. Am. Brands, Inc.,*
    450 U.S. 79 (1981) .............................................................................................. 9

*Date v. Sony Electronics, Inc.,*
    No. 07-15474, 2013 WL 3945981 (E.D. Mich. Jul. 31, 2013) .................... 12, 15, 17

*Davidson v. Henkel Corp.,*
    302 F.R.D. 427 (E.D. Mich. 2014) .................................................................... 16

*Delphi Corp. Sec., Deriv. & "ERISA" Litig.,*
    248 F.R.D. 483 (E.D. Mich. 2008) ................................................................. 7, 12

*Dick v. Sprint Commc'ns,*
    297 F.R.D. 283 (W.D. Ky. 2014) ........................................................................ 8

*Exclusively Cats Veterinary Hosp. v. Anesthetic Vaporizer Servs., Inc.,*
    No. 10-cv-10620, 2010 WL 5439737 (E.D. Mich. Dec. 27, 2010) ...................... 16

*Ford v. Fed.-Mogul Corp.,*
    No. 2:09-CV-14448, 2015 WL 110340 (E.D. Mich. Jan. 7, 2015) .................. 10, 12

*Gautreaux v. Pierce,*
    690 F.2d 616 (7th Cir. 1982) .............................................................................. 7

*Granada Invs. Inc. v. DWG Corp.,*
    962 F. 2d 1203 (6th Cir. 1992) .......................................................................... 14

*Griffin v. Flagstar Bancorp, Inc.,*
   No. 2:10-cv-10610, 2013 WL 6511860 (E.D. Mich. Dec. 12, 2013) ............................... passim

*Hoving v. Lawyers Title Ins. Co.,*
   256 F.R.D. 555 (E.D. Mich. 2009) ........................................................................ 19

*In re Am. Med. Sys., Inc.,*
   75 F.3d 1069 (6th Cir. 1996) ............................................................................... 16

*In re Auto. Refinishing Paint Antitrust Litig.,*
   617 F.Supp.2d. 336 (E.D. Pa. 2007) ................................................................... 8, 9

*In re Cardizem CD Antitrust Litig.,*
   218 F.R.D. 508 (E.D. Mich. 2003) ..................................................................... passim

*In re Cardizem CD Antitrust Litig,*
   200 F.R.D. 297 (E.D. Mich. 2007) ....................................................................... 21

*In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.,*
   No. 3:08–MD01998, 2010 WL 3341200 (W.D. Ky. Aug. 23, 2010) ........................................ 8

*In re Flat Glass Antitrust Litig.,*
   191 F.R.D 472 (W.D. Pa. 1999) ........................................................................... 17

*In re Flonase Antitrust Litig.,*
   284 F.R.D. 207 (E.D. Pa. 2012) ........................................................................... 22

*In re Global Crossing Sec. & ERISA Litig.,*
   225 F.R.D. 436 (S.D.N.Y.2004) ........................................................................... 13

*In re Linerboard Antitrust Litig.,*
   292 F. Supp. 2d 631 (E.D. Pa. 2003) .................................................................. 7, 8

*In re NASDAQ Market-Makers Antitrust Litig.,*
   169 F.R.D. 493 (S.D.N.Y 1996) ........................................................................... 22

*In re Packaged Ice Antitrust Litig.,*
   No. 08-MD-01952, 2010 WL 3070161 (E.D. Mich. Aug. 2, 2010) ............................... 6, 7, 13

*In re Packaged Ice Antitrust Litig.,*
   No. 08-MD–1952, 2011 WL 717519 (E.D. Mich. Feb. 22, 2011) ................................... passim

*In re Packaged Ice Antitrust Litig.,*
   No. 08-MD-01952, 2011 WL 6209188 (E.D. Mich. Dec. 13, 2011) ....................................... 13

*In re Polyurethane Foam Antitrust Litig.,*
   No. 1:10 MD 2196, 2015 WL 1639269 (N.D. Ohio Feb. 26, 2015) ....................................... 10

*In re Pressure Sensitive Labelstock Antitrust Litig.*,
    584 F. Supp. 2d 697 (M.D. Pa. 2008) ..................................................... 8

*In re Scrap Metal Antitrust Litig.*,
    527 F.3d 517 (6th Cir. 2008) ...................................................... 19, 20

*In re Southeastern Milk Antitrust Litig.*, 2:07- CV-208,
    2013 WL 2155379 (E.D. Tenn. May17, 2013) ......................................... 8

*In re Southeastern Milk Antitrust Litig.*,
    No. 2:07-CV-208, 2010 WL 3521747 (E.D. Tenn. Sept. 7, 2010) ........................ 20

*In re Telectronics Pacing Sys. Inc.*,
    137 F. Supp. 2d 985 (S.D. Ohio 2001) ...................................... 6, 7, 9, 13

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
    722 F.3d 838 (6th Cir. 2013) .................................................. 15, 16, 17

*Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Ford Motor Co.*,
    No. 05-74730, 2006 WL 1984363 (E.D. Mich. July 13, 2006) ......................... passim

*IUE-CWA v. General Motors Corp.*,
    238 F.R.D. 583 (E.D. Mich. 2006) ...................................................... 10

*Lessard v. City of Allen Park*,
    372 F. Supp. 2d 1007 (E.D. Mich. 2005) ................................................. 9

*Marsden v. Select Medical Corp.*,
    246 F.R.D. 480 (E.D. Pa. 2007) ....................................................... 16

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ................................................................... 22

*Olden v. Gardner*,
    294 Fed. Appx. 210 (6th Cir. 2008) ..................................................... 9

*Paper Systems Inc. v. Mitsubishi Corp.*,
    193 F.R.D. 601 (E.D. Wisc. 2000) ...................................................... 21

*Senter v. Gen. Motors Corp.*,
    532 F.2d 511 (6th Cir. 1976) .......................................................... 18

*Sheick v. Auto. Component Carrier LLC*,
    No. 2:09-cv-14429, 2010 WL 4136958 (E.D. Mich. Oct. 18, 2010) ............ 10, 12, 13, 14

*Sheick v. Automotive Component Carrier LLC*,
    No. 09–14429, 2010 WL 3070130 (E.D. Mich. Aug. 02, 2010) ........................... 18

*Sims v. Pfizer, Inc.,*
    No. 1:10-CV-10743, 2016 WL 772545 (E.D. Mich. Feb. 24, 2016) ........................................ 9

*Sprague v. General Motors Corp.,*
    133 F.3d 388 (6th Cir. 1998) ..................................................................... 15, 16, 17

*Thacker v. Chesapeake Appalachia, LLC,*
    259 F.R.D. 262 (E.D. Ky. 2009) ............................................................................ 15

*UAW  v. Gen. Motors Corp.,*
    497 F.3d 615 (6th Cir. 2007) ............................................................... 10, 18, 22

*Van Horn v. Trickey,*
    840 F.2d 604 (8th Cir. 1988) ..................................................................................... 9

*Williams v. Vukovich,*
    720 F.2d 909 (6th Cir. 1983) ....................................................................... 9, 11, 12

**Rules**

Fed. R. Civ. P. 23(a) .......................................................................................... 15, 19

Fed. R. Civ. P. 23(a)(1) ............................................................................................. 16

Fed. R. Civ. P. 23(a)(2) ....................................................................................... 16, 17

Fed. R. Civ. P. 23(a)(3) ....................................................................................... 17, 18

Fed. R. Civ. P. 23(a)(4) ....................................................................................... 18, 19

Fed. R. Civ. P. 23(b) .......................................................................................... 15, 19

Fed. R. Civ. P. 23(b)(3) ......................................................................... 19, 20, 21, 22

Fed. R. Civ. P. 23(c)(2)(B) ......................................................................................... 22

Fed. R. Civ. P. 23(c)(3) ............................................................................................. 22

Fed. R. Civ. P. 23(e) .................................................................................................. 22

Fed. R. Civ. P. 23(e)(1) ............................................................................................. 22

Fed. R. Civ. P. 23(e)(2) ........................................................................................... 7, 9

Fed. R. Civ. P. 23(g) .................................................................................................. 19

**Other Authorities**

4 *NEWBERG ON CLASS ACTIONS,* § 18.05 ........................................................... 17

## STATEMENT OF ISSUES PRESENTED

1. Whether the proposed settlement between the Direct Purchaser Plaintiffs and Defendants Tokai Rika Co., Ltd. and TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc. (collectively, "Tokai Rika" or the "Tokai Rika Defendants"), as set forth in the Settlement Agreement between the Direct Purchaser Plaintiffs and Tokai Rika (attached hereto as Exhibit 1), is sufficiently fair, reasonable and adequate to warrant preliminary approval;

2. Whether the Court should provisionally certify a Tokai Rika Settlement Class under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure for purposes of the settlement;

3. Whether the Court should authorize the dissemination of notice to Settlement Class members, in the form and manner proposed herein, of: (a) the proposed Tokai Rika settlement; (b) the proposed settlement with Defendants Toyoda Gosei Co., Ltd., Toyoda Gosei North America Corp., and TG Missouri Corp. (collectively, "Toyoda Gosei" or the "Toyoda Gosei Defendants"), which was preliminarily approved by the Court on January 25, 2018 (2:12-cv-00601, Doc. No. 153); (c) the proposed plan of distribution of the Tokai Rika and Toyoda Gosei settlement funds; (d) Settlement Class Counsel's request for attorneys' fees and reimbursement of expenses; and (e) Settlement Class Counsel's request for an award of incentive payments to the Class Representatives; and

4. Whether the Court should appoint Plaintiffs Beam's Industries, Inc., Findlay Industries, Inc., and NM Holdings Company, LLC as the Settlement Class representatives, and the law firms of Freed Kanner London & Millen LLC, Kohn, Swift & Graf, P.C., Preti, Flaherty, Beliveau & Pachios LLP, and Spector Roseman & Kodroff, P.C. as Class Counsel for the Tokai Rika Settlement Class ("Settlement Class Counsel").

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997)

*In re Automotive Parts Antitrust Litig.*, 12-MD-02311, 2:12-cv-00103, Doc. No. 497 (E.D. Mich.
    June 20, 2016)

*Date v. Sony Electronics, Inc.*,
    No. 07-15474, 2013 WL 3945981 (E.D. Mich. Jul. 31, 2013)

*Griffin v. Flagstar Bancorp, Inc.*,
    No. 2:10-cv-10610, 2013 WL 6511860 (E.D. Mich. Dec. 12, 2013)

*In re Cardizem CD Antitrust Litig.*,
    218 F.R.D. 508 (E.D. Mich. 2003)

*In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.*,
    248 F.R.D. 483 (E.D. Mich. 2008)

*In re Packaged Ice Antitrust Litig.*,
    No. 08-MD-01952, 2010 WL 3070161 (E.D. Mich. Aug. 2, 2010)

*In re Packaged Ice Antitrust Litig.*,
    No. 08-MD-01952, 2011 WL 717519 (E.D. Mich. Feb. 22, 2011)

*In re Scrap Metal Antitrust Litig.*,
    527 F.3d 517 (6th Cir. 2008)

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
    722 F.3d 838 (6th Cir. 2013)

*Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Ford Motor Co.*,
    No. 05-74730, 2006 WL 1984363 (E.D. Mich. July 13, 2006)

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)

*Sheick v. Auto. Component Carrier LLC*,
    No. 2:09-14429, 2010 WL 4136958 (E.D. Mich. Oct. 18, 2010)

*Sprague v. General Motors Corp.*,
    133 F.3d 388 (6th Cir. 1998)

*In re Telectronics Pacing Sys. Inc.*,
    137 F. Supp. 2d 985 (S.D. Ohio 2001)

*UAW v. General Motors Corp.*,
    497 F.3d 615 (6th Cir. 2007)

Fed. R. Civ. P. 23(c)(2)(B)

Fed. R. Civ. P. 23(e)(1)

## INTRODUCTION

Plaintiffs, on behalf of a Settlement Class comprised of direct purchasers of Occupant Safety Systems in the United States, have reached a settlement with the Tokai Rika Defendants. Under the terms of the proposed settlement (attached as Exhibit 1) ("the Settlement Agreement"), Tokai Rika will pay a total of $4,000,000[1] and provide cooperation to assist Plaintiffs in the prosecution of the claims against the remaining Defendants.

Plaintiffs respectfully request that the Court preliminarily approve the Tokai Rika settlement, provisionally certify the Tokai Rika Settlement Class, and authorize dissemination of notice to the proposed Settlement Classes of the Tokai Rika and Toyoda Gosei settlements, the proposed plan of distribution of the Tokai Rika and Toyoda Gosei settlement funds, Settlement Class Counsel's request for attorneys' fees and reimbursement of expenses, and the request for an award of incentive payments to the Class Representatives.

## I.    BACKGROUND

In 2012, class action lawsuits were filed against Defendants by Plaintiffs on behalf of direct purchasers of "Occupant Safety Systems."[2]   On August 7, 2012, the Court appointed the undersigned law firms Interim Lead and Liaison Counsel for the Direct Purchaser Plaintiffs. (2:12-md-02311, Doc. No. 271).  The Direct Purchaser Plaintiffs' actions were consolidated and coordinated for pretrial purposes on January 15, 2013.  (2:12-cv-00600, Doc. No. 64).

Direct Purchaser Plaintiffs filed a Consolidated Amended Class Action Complaint ("Consolidated Amended Complaint") on July 3, 2013 (2:12-cv-00601, Doc. No. 65), and a

---

[1] As discussed in Section II of this Brief, the Settlement Agreement is subject to termination based on the number of requests for exclusion by members of the Settlement Class.

[2] "Occupant Safety Systems" refers to seat belts, airbags, steering wheels or steering systems, safety electronic systems, and related parts and components.

Second Consolidated Amended Class Action Complaint ("Second Consolidated Amended Complaint") on February 28, 2014.  (2:12-cv-00601, Doc. No. 81).  Direct Purchaser Plaintiffs allege that Defendants entered into a conspiracy to suppress and eliminate competition for Occupant Safety Systems by agreeing to fix, maintain, or stabilize prices, rig bids, and allocate the supply of Occupant Safety Systems, in violation of federal antitrust laws.  Direct Purchaser Plaintiffs further allege that as a result of the conspiracy, they and other direct purchasers of Occupant Safety Systems were injured by paying more for those products than they would have paid in the absence of the alleged illegal conduct, and they seek recovery of treble damages, together with reimbursement of costs and an award of attorneys' fees.

Defendants filed multiple motions to dismiss Direct Purchaser Plaintiffs' Consolidated Amended Complaint, including a collective Rule 12(b)(6) motion that was filed October 21, 2013.  (2:12-cv-00601, Doc. No. 75).  The Court denied these motions.  *In re Automotive Parts Antitrust Litig.*, 2:12-md-02311, 2014 WL 4272784 (E.D. Mich. Aug. 29, 2014); *In re Automotive Parts Antitrust Litig.*, 2:12-md-02311, 2014 WL 4272774 (E.D. Mich. Aug. 29, 2014).[3]

Direct Purchaser Plaintiffs reached a $35,516,800 settlement with the Autoliv Defendants on May 30, 2014.  (2:12-cv-00601, Doc. No. 94-2).  On July 9, 2014, this Court preliminarily approved the Autoliv settlement and authorized dissemination of notice to the Autoliv Settlement Class.  (2:12-cv-00601, Doc. No. 97 at ¶ 4).  Notice was disseminated to Settlement Class members in accordance with the terms of the Court's Order and, following a hearing on

---

[3] On January 1, 2016, Direct Purchaser Plaintiffs filed a complaint that added NM Holdings Company, LLC as an additional Plaintiff in the Occupant Safety Systems Litigation, and Toyoda Gosei as an additional Defendant.  *NM Holdings Company, LLC   et al. v. Toyoda Gosei Co. Ltd, et al*, Case No. 2:16-cv-10002, Doc No. ¶ 1.

December 3, 2014, the Court granted final approval to the Autoliv settlement on January 7, 2015. (2:12-cv-00601, Doc. No. 110).

On February 25, 2015, Direct Purchaser Plaintiffs reached a $6,500,000 settlement with the TRW Defendants.   (2:12-cv-00601, Doc. No. 113-1).   On April 9, 2015, this Court preliminarily approved the proposed TRW settlement and authorized dissemination of notice to the TRW Settlement Class.  (2:12-cv-00601, Doc. No. 116 at ¶ 4).   Notice was disseminated to Settlement Class members and, following a hearing on July 14, 2015, the Court granted final approval to the TRW settlement on July 24, 2015.  (2:12-cv-00601, Doc. No. 130).

An Order authorizing distribution of the Autoliv and TRW settlement funds was entered by the Court on April 18, 2017.  (2:12-cv-00601, Doc. No. 145).  Checks were sent to approved claimants on May 23, 2017.

On November 14, 2017, Direct Purchaser Plaintiffs reached a proposed $34,000,000 settlement with the Toyoda Gosei Defendants.  On January 25, 2018, this Court preliminarily approved the proposed Toyoda Gosei settlement.  (2:12-cv-00601, Doc. No. 153).

Plaintiffs respectfully request that the Court preliminarily approve the Tokai Rika settlement and authorize dissemination of notice to the proposed Settlement Classes of the Tokai Rika and Toyoda Gosei settlements, and related matters.

## II.    TERMS OF THE TOKAI RIKA SETTLEMENT AGREEMENT

The Tokai Rika Settlement Agreement was consummated after arms-length negotiations between experienced and sophisticated counsel.   During the negotiations, the merits of the respective parties' positions were discussed and evaluated.   As part of the settlement negotiations, the parties communicated extensively, and Settlement Class Counsel analyzed information produced to them by Defendants, relevant industry data, and other pertinent information.

The settlement with Tokai Rika is the result of these good-faith negotiations, after factual investigation and legal analysis by experienced counsel, and is based upon the attorneys' full understanding of the strengths and weaknesses of their cases and their clients' respective positions.  Plaintiffs believe that the proposed settlement is fair, reasonable and adequate for the Settlement Class.

The material terms of the proposed settlement are summarized below.

### A.       The Direct Purchaser Tokai Rika Settlement Class

Plaintiffs and Tokai Rika seek certification, for purposes of the settlement only, of the Tokai Rika Settlement Class, which is defined as follows:

> All individuals and entities who purchased Occupant Safety Systems in the United States directly from one or more Defendants or their co-conspirators (or their controlled subsidiaries, affiliates, or joint ventures) from January 1, 2003 through February 25, 2015. Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries, and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities).

Exhibit 1 at ¶ 10.

For purposes of the Settlement Class definition, the Defendants are: Autoliv, Inc., Autoliv ASP, Inc., Autoliv Safety Technology, Inc., Autoliv B.V. & Co. KG, Autoliv Japan Ltd., Takata Corporation, TK Holdings, Inc., Tokai Rika Co., Ltd., TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc., Toyoda Gosei Co., Ltd., Toyoda Gosei North America Corp., TG Missouri Corp., TRW Automotive Holdings Corporation, and TRW Deutschland Holding GmbH.  Exhibit 1 at ¶ 3.

### B.       The Settlement Amount

The Settlement Amount is $4,000,000.[4]  Tokai Rika will pay this amount into an interest-

---

[4] The Settlement Agreement is subject to termination based upon the number of requests for exclusion by members of the Settlement Class, in accordance with the terms set forth in a

bearing escrow account within 10 days of preliminary approval of the Settlement Agreement. Exhibit 1 at ¶¶ 21-22.

### C.      Release

Section C of the Settlement Agreement provides, *inter alia,* for the release by Plaintiffs and the other members of the Settlement Class of certain claims against Tokai Rika concerning sales of Occupant Safety Systems to customers who purchased those products in the United States directly from a Defendant.

The releases specifically exclude certain claims against Tokai Rika, including claims based upon indirect purchases of Occupant Safety Systems**;** claims based on negligence, personal injury, or product defects; claims concerning products other than Occupant Safety Systems; and claims relating to purchases of Occupant Safety Systems outside the United States. Exhibit 1 at ¶ 19.

Moreover, Tokai Rika's sales to Settlement Class members remain in the case as a potential basis for joint and several liability and damages against other current or future Defendants in the litigation.  Exhibit 1 at ¶ 43.

### D.      Cooperation

Tokai Rika has agreed to cooperate with Plaintiffs in the prosecution of the lawsuit against the remaining Defendants[5] by providing the following types of cooperation: (a) the production of documents, data and other information potentially relevant to Direct Purchaser Plaintiffs' claims; (b) assistance in understanding information produced to Direct Purchaser

confidential letter agreement between Tokai Rika and the Settlement Class. The confidential letter may be provided to the Court for *in camera* review upon its request**.**  Exhibit 1 at ¶ 23.

[5] The remaining Defendants are: Takata Corporation and TK Holdings, Inc. ("TK Holdings").  TK Holdings has filed a Chapter 11 bankruptcy petition (TK Holdings, Inc., Case No. 17-11375 (Bankr. D. Del.) (BLS).  Direct Purchaser Plaintiffs have filed a Proof of Claim in that bankruptcy proceeding.

Plaintiffs and facilitating the use of such information at trial; (c) an attorney proffer of information relevant to the claims in this litigation; and (d) witness interviews.  Exhibit 1 at ¶¶ 29-33.

## III.   PRELIMINARY   APPROVAL   OF   THE   PROPOSED   TOKAI   RIKA SETTLEMENT IS WARRANTED

### A.   The Governing Standards.

Approval of a class action settlement involves a three-step process: "(1) the court must preliminarily approve the proposed settlement, (2) members of the class must be given notice of the proposed settlement, and (3) after holding a hearing, the court must give its final approval of the settlement."  *In re Automotive Parts Antitrust Litig.,* 12-MD-02311, 2:12-cv-00103, Doc. No. 497, at 8 (E.D. Mich. June 20, 2016) (quoting *In re Telectronics Pacing Sys. Inc.,* 137 F. Supp. 2d 985, 1026 (S.D. Ohio 2001).  *See also In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2010 WL 3070161, at *4 (E.D. Mich. Aug. 2, 2010); *Manual For Complex Litig. (Fourth)* § 21.63 (2004).

"If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls with[in] the range of possible approval, then the Court should direct that notice be given to the class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the settlement." *Telectronics,* 137 F. Supp. 2d at 1015 (quoting *Manual for Complex Litig. (Second)* §30.44 (1985)); *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Ford Motor Co.*, No. 05-74730, 2006 WL 1984363, at *4 (E.D. Mich. July 13, 2006).  A proposed settlement falls within the "range of possible approval" under Rule 23(e) where there is a conceivable basis for presuming that the proposed settlement will meet the more rigorous standards applied for

final approval.  The standard for final approval of a class action settlement is whether the proposed settlement is fair, reasonable and adequate.  Fed. R. Civ. P. 23(e)(2); *In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.,* 248 F.R.D. 483, 495-96 (E.D. Mich. 2008).  That determination must await the final hearing where the fairness, reasonableness and adequacy of the settlement are assessed under the applicable final approval factors.  *See In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 638 (E.D. Pa. 2003).

In the "preliminary approval" step, the Court conducts a "limited inquiry" to determine "whether the proposed settlement has the 'potential' for final approval and to determine whether there is reason enough to notify class members and to proceed with a fairness hearing." *Packaged Ice*, 2010 WL 3070161 at *4 (quoting *Gautreaux v. Pierce*, 690 F.2d 616, 621 n. 3 (7th Cir. 1982)).  *See also Berry v. Sch. Dist. of City of Benton Harbor,* 184 F.R.D. 93, 97 (W.D. Mich. 1998) ("[T]he court first must determine whether the proposed settlement is potentially approvable").  The court "bases its preliminary approval of a proposed settlement upon its familiarity with the issues and evidence of the case as well as the arms-length nature of the negotiations prior to the settlement." *Telectronics,* 137 F. Supp. 2d at 1026.

### B.     The Proposed Settlement is Fair and Within the Range of Possible Approval.

Plaintiffs, on behalf of the Tokai Rika Settlement Class, have entered into a settlement with Tokai Rika in the amount of $4,000,000.  The settlement amount reflects consideration of information resulting from Settlement Class Counsel's factual investigation and legal analysis, and constitutes a meaningful recovery.

Another important aspect of the settlement is the cooperation that Tokai Rika has agreed to provide.  *See, e.g.*, *Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 11 ("Of great importance in the Court's assessment is the provision in the Settlements requiring discovery cooperation of certain Settling Defendants.").  Cooperation is a "substantial benefit" to the class

when settling with fewer than all defendants.  *Linerboard*, 292 F. Supp. 2d at 643.  The cooperation to be provided by Tokai Rika under the Settlement Agreement provides just such a substantial benefit to the class.  *In re Packaged Ice Antitrust Litig.*, No. 08-MD–1952, 2011 WL 717519, at *10 (E.D. Mich. Feb. 22, 2011); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 584 F. Supp. 2d 697, 702 (M.D. Pa. 2008) ("the benefit of obtaining the cooperation of the Settling Defendants tends to offset the fact that they would be able to withstand a larger judgment.").

Settlements reached by experienced counsel that result from arm's-length negotiations are entitled to deference from the court. *Dick v. Sprint Commc'ns*, 297 F.R.D. 283, 296 (W.D. Ky. 2014) ("Giving substantial weight to the recommendations of experienced attorneys, who have engaged in arms-length settlement negotiations, is appropriate....") (quoting *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, No. 3:08–MD01998, 2010 WL 3341200, at *4 (W.D. Ky. Aug. 23, 2010)); *accord In re Southeastern Milk Antitrust Litig.*, 2:07-CV-208, 2013 WL 2155379, at *5 (E.D. Tenn. May 17, 2013); *In re Auto. Refinishing Paint Antitrust Litig.*, 617 F.Supp.2d 336, 341 (E.D. Pa. 2007).

Because the proposed settlement was negotiated at arm's length by experienced counsel knowledgeable about the facts and the law and is within the range of possible approval, Plaintiffs respectfully submit that it merits preliminary approval.

## C.    Consideration of the Final Approval Criteria Supports Preliminary Approval.

As noted above, the Court is not required at the preliminary approval stage to determine whether it will grant final approval of the proposed Tokai Rika settlement.  Nevertheless, initial consideration of the final approval factors supports preliminary approval of the settlement.

Fed. R. Civ. P. 23(e)(2) provides that a court may approve a settlement that would bind class members only after a hearing and on finding that the settlement is "fair, reasonable, and adequate." *Accord Packaged Ice*, 2011 WL 717519, at *8. Generally, in evaluating a proposed class settlement, the court does "not decide the merits of the case or resolve unsettled legal questions." *Carson v. Am. Brands, Inc.,* 450 U.S. 79, 88 n. 14 (1981). There are two reasons for this. First, the object of settlement is to avoid the determination of contested issues, so the approval process should not be converted into an abbreviated trial on the merits. *Van Horn v. Trickey,* 840 F.2d 604, 607 (8th Cir. 1988). Second, "[b]eing a preferred means of dispute resolution, there is a strong presumption by courts in favor of settlement." *Telectronics,* 137 F. Supp. 2d at 1008-09 (citing *Manual (Third)* §30.42). This is particularly true in the case of class actions. *Berry,* 184 F.R.D. at 97.

Both the Sixth Circuit and courts in the Eastern District of Michigan "have recognized that the law favors the settlement of class action lawsuits." *See, e.g., Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 11 (quoting *Griffin v. Flagstar Bancorp, Inc.*, No. 2:10-cv-10610, 2013 WL 6511860, at *2 (E.D. Mich. Dec. 12, 2013). *Accord Sims v. Pfizer, Inc.*, No. 1:10-CV-10743, 2016 WL 772545, at *6 (E.D. Mich. Feb. 24, 2016). A court's inquiry on final approval is whether the proposed settlement is "fair, adequate, and reasonable to those it affects and whether it is in the public interest." *Lessard v. City of Allen Park,* 372 F. Supp. 2d 1007, 1009 (E.D. Mich. 2005) (citing *Williams v. Vukovich,* 720 F.2d 909, 921-23 (6th Cir. 1983); *Olden v. Gardner*, 294 Fed. Appx. 210, 217 (6th Cir. 2008). This determination requires consideration of "whether the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." *In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508, 522 (E.D.

Mich. 2003); *Sheick v. Auto. Component Carrier LLC*, No. 2:09-cv-14429, 2010 WL 4136958, at *14-15 (E.D. Mich. Oct. 18, 2010).

Courts in the Sixth Circuit have identified a number of related factors relevant in determining whether a settlement is fair, reasonable and adequate: (1) the likelihood of success on the merits weighed against the amount and form of the relief offered in the settlement; (2) the complexity, expense, and likely duration of further litigation; (3) the opinions of class counsel and class representatives; (4) the amount of discovery engaged in by the parties; (5) the reaction of absent class members; (6) the risk of fraud or collusion; and (7) the public interest. *Packaged Ice*, 2011 WL 717519, at *8. *Accord Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 10; *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); *Griffin*, 2013 WL 6511860, at *3; *In re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2015 WL 1639269, at *3 (N.D. Ohio Feb. 26, 2015), appeal dismissed (Dec. 4, 2015).   An initial review of the factors supports preliminary approval of the Tokai Rika settlement.

> **1.     The Likelihood of Plaintiffs' Success on the Merits Weighed Against the Amount and Form of the Relief Offered in the Settlement Supports Approval.**

When considering the fairness of a class action settlement, the court should assess it "with regard to a 'range of reasonableness,' which 'recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs inherent in taking any litigation to completion.'" *Sheick,* 2010 WL 4136958, *15 (quoting *IUE-CWA v. General Motors Corp.*, 238 F.R.D. 583, 594 (E.D. Mich. 2006)); *Ford*, 2006 WL 1984363, at *21; *Ford v. Fed.-Mogul Corp.*, No. 2:09-CV-14448, 2015 WL 110340, at *6 (E.D. Mich. Jan. 7, 2015).

Plaintiffs are optimistic about the likelihood of ultimate success in this matter, but success is not certain.  As this Court has observed, success is not guaranteed even in those instances where a settling defendant has pleaded guilty in a criminal proceeding brought by the

Department of Justice, which is not required to prove class-wide impact or damages, both of which require complex and expensive expert analyses, the outcome of which is uncertain. *Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 11.

Tokai Rika is represented by highly experienced and competent counsel, and Plaintiffs believe it was prepared to defend this case through trial and appeal, if necessary. Litigation risk is inherent in any litigation, and this is particularly true with respect to class actions. So while they are optimistic about the outcome of this litigation, Plaintiffs must acknowledge the risk that Tokai Rika could prevail with respect to certain legal or factual issues, which could reduce or eliminate any potential recovery.

These risks must be weighed against the settlement consideration: $4,000,000 in cash together with cooperation by Tokai Rika, both of which are valuable to the Settlement Class members as they continue to litigate against the remaining Defendants. *See Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 12 ("cooperation strongly militates toward approval" of the settlements) (quoting *Linerboard*, 292 F. Supp. 2d at 643).

Settlement Class Counsel believe that the settlement is an excellent result. Weighing the settlement's benefits against the risks of continued litigation tilts the scale toward approval. *See Griffin*, 2013 WL 6511860, at *4; *Packaged Ice*, 2011 WL 717519, at *9.

### 2.    The Complexity, Expense, and Likely Duration of Continued Litigation Favor Approval.

"Settlements should represent 'a compromise which has been reached after the risks, expense and delay of further litigation have been assessed.'" *Cardizem,* 218 F.R.D. at 523 (*quoting Vukovich,* 720 F.2d at 922). "[T]he prospect of a trial necessarily involves the risk that Plaintiffs would obtain little or no recovery." *Id.* at 523. This is particularly true for class

actions, which are "inherently complex." *Telectronics,* 137 F. Supp. at 1013 (settlement avoids the costs, delays, and multitude of other problems associated with complex class actions).

The proposed settlement eliminates the risks, expense and delay that would otherwise exist with respect to a recovery from Tokai Rika, ensures a substantial payment to the Settlement Class, and provides the Settlement Class with cooperation that may be used to pursue the claims against the remaining Defendants.   This factor also supports preliminary approval of the proposed settlement.

### 3.    The Judgment of Experienced Counsel Supports Approval.

In deciding whether to approve a proposed settlement, "[t]he Court should also consider the judgment of counsel and the presence of good faith bargaining between the contending parties." *Delphi*, 248 F.R.D. at 498.  Counsel's judgment "that settlement is in the best interests of the class 'is entitled to significant weight, and supports the fairness of the class settlement.'" *Packaged Ice*, 2011 WL 717519, at *11 (quoting *Sheick*, 2010 WL 4136958, at *18); *Fed.-Mogul Corp.*, 2015 WL 110340, at *9.  "In the absence of evidence of collusion (there is none here) this Court 'should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs.'"  *Date v. Sony Electronics, Inc.*, No. 07-15474, 2013 WL 3945981, at *9 (E.D. Mich. Jul. 31, 2013) (quoting *Vukovich*, 720 F.2d at 922–23).

Settlement Class Counsel have extensive experience in handling class action antitrust and other complex litigation.   They have represented the direct purchaser plaintiffs from the inception of the *Automotive Parts Antitrust Litigation*, and negotiated this settlement at arm's length with well-respected and experienced counsel for Tokai Rika.  Settlement Class Counsel believe the proposed settlement is an excellent result.

### 4. The Amount of Discovery Completed and the Character of the Evidence Uncovered Are Sufficient.

Settlement Class Counsel have had access to relevant information about the Occupant Safety Systems conspiracy through the production and review of documents, Defendants' written discovery responses, proffers of information, and interviews. Relevant information also was obtained from the related criminal litigation, and through Settlement Class Counsel's investigation.[6] The information from these sources and their factual and legal analysis allowed Settlement Class Counsel to evaluate not only the strengths and weaknesses of the legal case, but also the potential value of the promised cooperation. Based on this information, Settlement Class Counsel believe that the proposed settlement with Tokai Rika is fair, reasonable, and in the best interests of the Settlement Class, and their opinion supports both preliminary (and final) approval of the settlement.

### 5. The Reaction of Class Members

The Court cannot assess this factor at this time. But even if there were to be objections, their "existence… does not mean that the settlement is unfair." *Telectronics,* 137 F. Supp. 2d at 1018. A "scarcity of objections – relative to the number of class members overall – indicates broad support for the settlement among Class Members." *Sheick*, 2010 WL 4136958 at *22; *accord In re Cardizem,* 218 F.R.D. at 527. Settlement Class Counsel will file with the Court a report on objections or opt-outs, if any, after the applicable deadlines, and prior to the final fairness hearing.

---

[6] Although the amount of discovery completed is a factor to be considered in the settlement approval process, there is no baseline amount of discovery required to satisfy this factor. *Packaged Ice*, 2010 WL 3070161, at *5-6. The "question is whether the parties had adequate information about their claims." *Griffin*, 2013 WL 6511860, at *4 (quoting *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 458 (S.D.N.Y.2004)). *Accord In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 6209188, at *13 (E.D. Mich. Dec. 13, 2011) (absence of formal discovery not an obstacle to settlement approval).

### 6.    The Settlement Agreement is the Product of Arm's-Length Negotiations

There is a presumption that settlement negotiations were conducted in good faith and that the resulting agreement was reached without collusion. *Griffin*, 2013 WL 6511860, at *3; *Packaged Ice*, 2011 WL 717519, at *12; *Ford*, 2006 WL 1984363, at *26; *Sheick*, 2010 WL 4136958, at *19-20. Settlement Class Counsel have extensive experience in handling class action antitrust cases and other complex litigation, and they negotiated at all times at arm's length with counsel for Tokai Rika. Consideration of this factor fully supports preliminary approval of the settlement as well.

### 7.    The Settlement is Consistent with the Public Interest.

"[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Cardizem*, 218 F.R.D. at 530 (quoting *Granada Invs. Inc. v. DWG Corp.,* 962 F. 2d 1203, 1205 (6th Cir. 1992). *Accord Griffin*, 2013 WL 6511860, at *5; *Packaged Ice*, 2011 WL 717519, at *12. Plaintiffs submit that there is no countervailing public interest that provides a reason to disapprove the proposed settlement. *Griffin*, 2013 WL 6511860, at *5. This factor also supports approval.

Consideration of the above factors supports preliminary approval of the proposed Tokai Rika settlement. Settlement Class Counsel respectfully submit that the proposed settlement is in the best interests of the Settlement Class and should be preliminarily approved.

## IV.    PROVISIONAL CERTIFICATION OF THE PROPOSED TOKAI RIKA SETTLEMENT CLASS IS WARRANTED

It is well established that a class may be certified for purposes of settlement. *See, e.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997); *Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 24. At this juncture, Plaintiffs are only seeking provisional certification of the Tokai

14

Rika Settlement Class in order to send notice to Settlement Class members.[7]  Plaintiffs will later seek final approval of the Class for purposes of the settlement.  *See Ford*, 2006 WL 1984363, at *3, *18; *Cardizem,* 218 F.R.D. at 516-17.  As with preliminary approval of the settlement, Plaintiffs will address fully the factors for final certification for settlement purposes only of the proposed Class.  *See Thacker v. Chesapeake Appalachia, LLC*, 259 F.R.D. 262, 266-70 (E.D. Ky. 2009).[8]

As demonstrated below, this action meets all of the requirements of Rule 23(a) as well as the requirements of Rule 23(b)(3) for settlement purposes.

### A.    The Proposed Direct Purchaser Tokai Rika Settlement Class Satisfies Rule 23(a).

Certification of a class requires meeting the requirements of Fed. R. Civ. P. 23(a) and one of the subsections of Rule 23(b).  *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 850-51 (6th Cir. 2013); *Griffin*, 2013 WL 6511860, at *5; *Ford*, 2006 WL 1984363, at *19 (citing *Sprague v. General Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998)). Certification is appropriate under Rule 23(a) if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *Griffin*, 2013 WL 6511860, at *5); *Date,* 2013 WL 3945981, at *3.

---

[7]    A Toyoda Gosei Settlement Class was provisionally certified by the Court on January 25, 2018.  (2:12-cv-00601, Doc. No. 153)

[8] Paragraph 22 of the proposed Preliminary Approval Order provides that provisional certification of the Settlement Class will be without prejudice to the rights of any defendants to contest certification of any other class proposed in these coordinated actions.  *See Packaged Ice*, 2011 WL 717519, at *7.

### 1.    The Tokai Rika Settlement Class is Sufficiently Numerous

Class certification under Rule 23(a)(1) is appropriate where a class contains so many members that joinder of all would be "impracticable."  Fed. R. Civ. P. 23(a)(1).  There is no strict numerical test to satisfy the numerosity requirement; the most important factor is whether joinder of all the parties would be impracticable for any reason.  *Whirlpool*, 722 F.3d at 852 (noting that "substantial" number of class members satisfies numerosity).  *See also Davidson v. Henkel Corp.,* 302 F.R.D. 427, 441 (E.D. Mich. 2014) (noting it is generally accepted that class of 40 or members is sufficient to satisfy the numerosity requirement).  Moreover, numerosity is not determined solely by the size of the class, but also by the geographic location of class members.  *Marsden v. Select Medical Corp.*, 246 F.R.D. 480, 484 (E.D. Pa. 2007).

Here, Settlement Class Counsel believe that there are at least hundreds of direct purchasers of Occupant Safety Systems, geographically dispersed throughout the United States.  Thus, joinder of all Settlement Class members would be impracticable, satisfying Rule 23(a)(1).

### 2.    There are Common Questions of Law and Fact

Fed. R. Civ. P. 23(a)(2) requires that a proposed class action involve "questions of law or fact common to the class."  "We start from the premise that there need be only one common question to certify a class," *Whirlpool*, 722 F.3d at 853, and "the resolution of [that common issue] will advance the litigation."  *Sprague*, 133 F.3d at 397.  *Accord Barry v. Corrigan*, 79 F. Supp. 3d 712, 731 (E.D. Mich. 2015); *Exclusively Cats Veterinary Hosp. v. Anesthetic Vaporizer Servs., Inc.*, No. 10-cv-10620, 2010 WL 5439737, at * 3 (E.D. Mich. Dec. 27, 2010) ("[T]here need be only a single issue common to all members of the class") (citing *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1080 (6th Cir. 1996)).

It has long been the case that "allegations concerning the existence, scope and efficacy of an alleged conspiracy present questions adequately common to class members to satisfy the

commonality requirement." *In re Flat Glass Antitrust Litig.*, 191 F.R.D 472, 478 (W.D. Pa. 1999) (citing 4 NEWBERG ON CLASS ACTIONS, § 18.05-15 (3d ed. 1992)). Here, whether Defendants entered into an agreement to artificially fix prices of Occupant Safety Systems is a factual question common to all members of the Settlement Class because it is an essential element of proving an antitrust violation. *See, e.g., Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 25. Common legal questions include whether, if such an agreement was reached, Defendants violated the antitrust laws, and the impact on Class members. *Packaged Ice*, 2011 WL 717519, at *6 (holding commonality satisfied by questions concerning "whether Defendants conspired to allocate territories and customers and whether their unlawful conduct caused Packaged Ice prices to be higher than they would have been absent such illegal behavior and whether the conduct caused injury to the Class Members"). "Indeed, consideration of the conspiracy issue would, of necessity focus on defendants' conduct, not the individual conduct of the putative class members." *Flat Glass*, 191 F.R.D. at 484. Because there are common legal and factual questions related to potential liability, the commonality requirement of Rule 23(a)(2) is met.

### 3. Plaintiffs' Claims are Typical of Those of the Tokai Rika Settlement Class

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "If there is a strong similarity of legal theories, the requirement [of typicality] is met, even if there are factual distinctions among named and absent class members." *Griffin*, 2013 WL 6511860, at *6 (quoting *Ford Motor*, 2006 WL 1984363, at * 19); *Date*, 2013 WL 3945981, at *3.

"Typicality is met if the class members' claims are 'fairly encompassed by the named plaintiffs' claims.'" *Whirlpool*, 722 F.3d at 852 (quoting *Sprague*, 133 F.3d at 399). Here,

Plaintiffs' claims arise from the same course of conduct as the claims of the other members of the Tokai Rika Settlement Class: the Defendants' alleged violations of the antitrust laws. Plaintiffs and the Settlement Class are proceeding on the same legal claim and alleged violation of Section 1 of the Sherman Antitrust Act. *See UAW*, 497 F. 3d at 625; *Barry*, 2015 WL 136238, at *13. Accordingly, the Rule 23(a)(3) typicality requirement is satisfied.

### 4. Plaintiffs Will Fairly and Adequately Protect the Interests of the Tokai Rika Settlement Class

Rule 23(a)(4) requires that the class representative fairly and adequately protect the interests of the class. "There are two criteria for determining adequacy of representation: (1) the proposed class representative must have common interests with the other class members; and (2) it must appear that the class representative will vigorously prosecute the interests of the class through qualified counsel." *Sheick v. Automotive Component Carrier LLC,* No. 09–14429, 2010 WL 3070130, at *3 (E.D. Mich. Aug. 02, 2010) (quoting *Senter v. Gen. Motors Corp.,* 532 F.2d 511, 524-25 (6th Cir. 1976)).

These requirements are met here. The interests of the proposed representatives of the Tokai Rika Settlement Class - Beam's Industries, Inc., Findlay Industries, Inc., and NM Holdings Company, LLC - are the same as those of other Settlement Class members. Plaintiffs are direct purchasers of Occupant Safety Systems from a Defendant in the United States. Plaintiffs and the other Settlement Class members claim that they were injured as a result of the alleged conspiracy, and seek to prove that Defendants violated the antitrust laws. Plaintiffs' interests are thus aligned with those of the Settlement Class.

18

Moreover, Plaintiffs have retained qualified and experienced counsel to pursue this action.[9]  Settlement Class Counsel vigorously represented Plaintiffs and the Settlement Class in the settlement negotiations with Tokai Rika and have vigorously prosecuted this action. Adequate representation under Rule 23(a)(4) is therefore satisfied.

### B.    Plaintiffs' Claims Satisfy the Prerequisites of Rule 23(b)(3) for Settlement Purposes

In addition to satisfying Rule 23(a), Plaintiffs must show that the proposed class action falls under at least one of the three subsections of Rule 23(b).  Here, the Tokai Rika Settlement Class qualifies under Rule 23(b)(3), which authorizes class certification if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and… a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  *In re Scrap Metal Antitrust Litig.,* 527 F.3d 517, 535 (6th Cir. 2008); *Hoving v. Lawyers Title Ins. Co.*, 256 F.R.D. 555, 566 (E.D. Mich. 2009).

### 1.    Common Legal and Factual Questions Predominate

The Rule 23(b)(3) requirement that common issues predominate ensures that a proposed class is "sufficiently cohesive" to warrant certification.  *Amchem*, 521 U.S. at 623.  The predominance requirement is met where "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof."  *Beattie v. CenturyTel, Inc.,* 511 F.3d 554, 564 (6th Cir. 2007) (citation omitted).

---

[9] Rule 23(g) requires the court to examine the capabilities and resources of class counsel to determine whether they will provide adequate representation to the class.  The Court previously appointed Freed Kanner London & Millen LLC, Kohn, Swift & Graf, P.C., Preti, Flaherty, Beliveau & Pachios LLP, and Spector Roseman & Kodroff, P.C. as Interim Co-Lead Counsel in this case and all other *Automotive Parts Antitrust Litigation* cases.  They submit that, for the same reasons that the Court appointed them to that position, their appointment as Settlement Class Counsel is appropriate.

Courts have repeatedly recognized that horizontal price-fixing cases are particularly well-suited for class certification because proof of the conspiracy is a common, predominating question.  *See, e.g., Scrap Metal*, 527 F.3d at 535; *Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 27;  *Packaged Ice*, 2011 WL 717519, at 6; *In re Southeastern Milk Antitrust Litig.*, No. 2:07-CV-208, 2010 WL 3521747, at *5, 9-11 (E.D. Tenn. Sept. 7, 2010).   Affirming class certification in *Scrap Metal,* the Sixth Circuit observed that the "district court found that the '*allegations* of price-fixing and market allocation…will not vary among class members'…. Accordingly, the court found that the 'fact of damages' was a question common to the class even if the amount of damages sustained by each individual class member varied."  527 F.3d at 535 (emphasis in original).

In this case the same core set of operative facts and theory of liability apply across the Tokai Rika Settlement Class.  As discussed above, whether Defendants entered into an illegal agreement to artificially fix prices of Occupant Safety Systems is a question common to all Settlement Class members because it is an essential element of proving an antitrust violation. Common questions also include whether, if such an agreement was reached, Defendants violated the antitrust laws, and whether Defendants' acts caused anticompetitive effects.  *See, e.g.*, *Packaged Ice*, 2011 WL 717519, at *6.  If Plaintiffs and the other members of the Settlement Class were to bring their own individual actions, they would each be required to prove the same wrongdoing by Defendants in order to establish liability.   Therefore, common proof of Defendants' violations of antitrust law will predominate.

### 2.    A Class Action is Superior to Other Methods of Adjudication

Rule 23(b)(3) lists factors to be considered in determining the superiority of proceeding as a class action compared to individual methods of adjudication: (1) the interests of the members of the class in individually controlling the prosecution of separate actions; (2) the

extent and nature of other pending litigation about the controversy by members of the class; (3) the desirability of concentrating the litigation in a particular forum; and (4) the difficulties likely to be encountered in management of the class action. Fed. R. Civ. P. 23(b)(3).

All Occupant Safety Systems litigation has been centralized in this Court.  If a Tokai Rika Settlement Class member wants to control its own litigation, it can request exclusion from the Tokai Rika Settlement Class.[10]  Thus, consideration of factors (1) - (3) demonstrates the superiority of a class action.

With respect to factor (4), in *Amchem,* 521 U.S. at 620, the Court explained that when a court is asked to certify a settlement-only class it need not consider the difficulties in managing a trial of the case because the idea is that the settlement will end the litigation without a trial.  *See Cardizem,* 218 F.R.D. at 517.

In addition, even though the Tokai Rika Settlement Class is not composed of small retail purchasers, "[g]iven the complexities of antitrust litigation, it is not obvious that all members of the class could economically bring suits on their own."  *In re Cardizem CD Antitrust Litig*, 200 F.R.D. 297, 325 (E.D. Mich. 2007) (quoting *Paper Systems Inc. v. Mitsubishi Corp.*, 193 F.R.D. 601, 605 (E.D. Wisc. 2000)).  Moreover, by proceeding as a class action, both judicial and private resources will be more efficiently utilized to resolve the predominating common issues, which will bring about a single outcome that is binding on all members of the Settlement Class. *E.g., Cardizem*, 200 F.R.D. at 351 ("The economies of time, effort and expense will be achieved by certifying a class in this action because the same illegal anticompetitive conduct by Defendants gives rise to each class member's economic injury.").  The alternatives to a class

---

[10] Any potential Settlement Class Member who requests exclusion from the Toyoda Gosei or Tokai Rika Settlement Class shall not be precluded, restricted, barred or limited in any way from participating in any future settlements relating to other Defendants in the Action.

21

action are a multiplicity of separate lawsuits with possibly contradictory results for some plaintiffs, *In re Flonase Antitrust Litig.*, 284 F.R.D. 207, 234 (E.D. Pa. 2012), or no recourse for many class members for whom the cost of pursuing individual litigation would be prohibitive. *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 527 (S.D.N.Y 1996). Thus, class litigation is superior to the alternatives in this case.

## V.     THE NOTICE PROGRAM SHOULD BE APPROVED

Federal Rule of Civil Procedure 23(e)(1) provides that a court must direct notice in a "reasonable manner" to all class members who would be bound by a proposed settlement. Rule 23(e) notice must contain a summary of the litigation sufficient "to apprise interested parties of the pendency of the settlement proposed and to afford them an opportunity to present their objections." *UAW v. General Motors Corp.*, 497 F.3d 615, 629 (6th Cir. 2007) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)).

For class actions certified under Rule 23(b)(3), the court must also "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). In addition, the notice must clearly and concisely state:  (1) the nature of the action; (2) the class definition; (3) the class claims, issues, or defenses; (4) that a class member may enter an appearance through counsel; (5) that the court will exclude from the class any member who requests exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment on class members under Rule 23(c)(3).  *Id.*

The notice program and forms of notice proposed by Plaintiffs satisfy these requirements. The proposed Notice of Proposed Settlements of Direct Purchaser Class Action with Tokai Rika and Toyoda Gosei Defendants and Hearing on Settlement Approval and Related Matters, and Claim Form (the "Notice") (attached as Exhibit 2) sets forth all information required by Rule

22

23(c)(2)(B) and 23(e)(1), and also apprises members of the Tokai Rika and Toyoda Gosei Settlement Classes that Settlement Class Counsel will propose a plan of distribution of the Tokai Rika and Toyoda Gosei settlement funds, and will seek an award of attorneys' fees and expenses, and an award of incentive payments to the Class Representatives. The Notice will be disseminated by first class mail, postage prepaid, to all entities identified by Defendants as potential members of the Tokai Rika and Toyoda Gosei Settlement Classes. The Notice shall also be provided to all persons who request it in response to the Summary Notice of Proposed Settlements of Direct Purchaser Class Action with Tokai Rika and Toyoda Gosei Defendants and Hearing on Settlement Approval and Related Matters (the "Summary Notice") (attached as Exhibit 3). In addition, copies of the Notice shall be posted on the website dedicated to this litigation. The Summary Notice will be published in one national edition of *The Wall Street Journal* and in one edition of *Automotive News*.[11]

Plaintiffs believe that the content of and proposed method for dissemination of notice fulfill the requirements of Federal Rule of Civil Procedure 23 and due process and thus merit approval by the Court. *See In re: Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 717519, at *5 (E.D. Mich. Feb. 22, 2011).

## VI.    PROPOSED TIMETABLE

Plaintiffs propose the following schedule for final approval of the Tokai Rika and Toyoda Gosei settlements:

1.      Within twenty (20) days of the date of entry of an order preliminarily approving the Tokai Rika settlement and authorizing dissemination of notice to the members of Tokai Rika

---

[11] The proposed forms of notice and the notice program have been approved by the Court in this litigation (*Occupant Safety Systems* (2:12-cv-00601, Doc. Nos. 97, 116), and in other cases, including *Instrument Panel Clusters* (2:12-cv-00201, Doc. No. 91) and *Wire Harness* (2:12-cv-00101, Doc. Nos. 162, 319, 474).

and Toyoda Gosei Settlement Classes (the "Preliminary Approval and Notice Order"), the Notice shall be mailed by first class mail, postage prepaid, to all potential members of the Tokai Rika and Toyoda Gosei Settlement Classes identified by Defendants, and shall be posted on the Internet at www.autopartsantitrustlitigation.com, the website dedicated to this litigation;

2.      Within thirty (30) days of the date of entry of the Notice Order, the Summary Notice shall be published in one national edition of *The Wall Street Journal* and in one edition of *Automotive News*;

3.      Within fifty (50) days from the date of entry of the Preliminary Approval and Notice Order, Settlement Class Counsel shall file with the Court their motion or motions for: final approval of the proposed Tokai Rika and Toyoda Gosei settlements; approval of a proposed plan of distribution of the Tokai Rika and Toyoda Gosei settlement funds; an award from the Tokai Rika and Toyoda Gosei settlement funds of attorneys' fees and expenses; and an award of incentive payments to the Class Representatives;

4.       All requests for exclusion from either the Tokai Rika Settlement Class or the Toyoda Gosei Settlement Class must be in writing, postmarked no later than seventy (70) days from the date of entry of the Preliminary Approval and Notice Order and must otherwise comply with the requirements set forth in the Notice;

5.      Any potential Settlement Class Member who requests exclusion from the Toyoda Gosei or Tokai Rika Settlement Class shall not be precluded, restricted, barred or limited in any way from participating in any future settlements relating to other Defendants in the Action.

6.      Any objections to the proposed settlements, to the proposed plan of distribution, or to Settlement Class Counsel's request for an award of fees and expenses and incentive awards must be in writing, filed with the Clerk of Court, and postmarked no later than seventy (70) days

24

from the date of the Preliminary Approval and Notice Order, and must otherwise comply with the instructions set forth in the Notice;

7.     At least ten (10) days before the date fixed by the Court for the Fairness Hearing, Settlement Class Counsel shall file with the Court an affidavit or declaration of the person under whose general direction the mailing and posting of the Notice and publication of the Summary Notice were made, showing that mailing, posting and publication were made in accordance with the Notice Order; and

8.     The Fairness Hearing on final approval of the proposed Tokai Rika and Toyoda Gosei settlements and related matters shall be scheduled at the Court's convenience on a date on or after one-hundred and five (105) days from the date of entry of the Preliminary Approval and Notice Order.

## VII.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant preliminary approval of the Tokai Rika settlement, provisionally certify the Tokai Rika Settlement Class, and authorize dissemination notice of the proposed Tokai Rika and Toyoda Gosei settlements and related matters to the Tokai Rika and Toyoda Gosei Settlement Classes.

 DATED: February 27, 2018                          Respectfully submitted,


                                         /s/David H. Fink
                                        David H. Fink (P28235)
                                        Darryl Bressack (P67820)
                                        Nathan J. Fink (P75185)
                                        FINK + ASSOCIATES LAW
                                        38500 Woodward Ave; Suite 350
                                        Bloomfield Hills, MI 48304
                                        Telephone: (248) 971-2500

                                        *Interim Liaison Counsel for the*
                                        *Direct Purchaser Plaintiffs*

Steven A. Kanner
William H. London
Michael E. Moskovitz
FREED KANNER LONDON
  & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL  60015
Telephone: (224) 632-4500

Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA  19107
Telephone: (215) 238-1700

Gregory P. Hansel
Randall B. Weill
Michael S. Smith
PRETI, FLAHERTY, BELIVEAU
  & PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME  04112-9546
Telephone: (207) 791-3000

Eugene A. Spector
William G. Caldes
Jonathan M. Jagher
Jeffrey L. Spector
SPECTOR ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2018, I electronically filed the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

FINK + ASSOCIATES LAW

By: /s/Nathan J. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
38500 Woodward Ave; Suite 350
Bloomfield Hills, MI  48304
Telephone: (248) 971-2500
nfink@finkandassociateslaw.com

26