UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | CASE NO. 12-MD-02311<br><br>HON. MARIANNE O. BATTANI |
| In Re: OCCUPANT SAFETY SYSTEMS CASES | |
| THIS RELATES TO:<br><br>ALL DIRECT PURCHASER ACTIONS | 2:12-cv-00601-MOB-MKM<br><br>2:16-cv-10002-MOB-MKM |

**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH TOKAI RIKA DEFENDANTS AND AUTHORIZING DISSEMINATION OF NOTICE TO THE DIRECT PURCHASER TOKAI RIKA AND TOYODA GOSEI SETTLEMENT CLASSES**

Upon consideration of the Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Tokai Rika Defendants and for Authorization to Disseminate Notice to the Direct Purchaser Tokai Rika and Toyoda Gosei Settlement Classes (the "Motion"), and supporting memorandum (the "Notice Memorandum"), it is hereby ORDERED as follows:

1. The Motion is hereby **GRANTED**.

<u>Preliminary Approval of Tokai Rika Settlement Agreement</u>

2. The terms of the Tokai Rika Settlement Agreement are hereby preliminarily approved as being fair, reasonable, and adequate to the Tokai Rika Settlement Class, subject to a Fairness Hearing. The Court finds that the Tokai Rika Settlement Agreement was entered into at arm's-length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given to members of the proposed Tokai Rika Settlement Class.

3.   Notice shall also be provided to members of the Toyoda Gosei Settlement Class, which was provisionally certified by the Court on January 25, 2018. (2:12-cv-00601, Doc. No. 153).

<u>Class Certification</u>

4.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed Tokai Rika settlement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following class for settlement purposes (the "Tokai Rika Settlement Class"):

> All individuals and entities who purchased Occupant Safety Systems in the United States directly from one or more Defendants or their co-conspirators (or their controlled subsidiaries, affiliates, or joint ventures) from January 1, 2003 through February 25, 2015. Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries, and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities).

5.   For purposes of the Tokai Rika Settlement Class definition, the Defendants are: Autoliv, Inc., Autoliv ASP, Inc., Autoliv Safety Technology, Inc., Autoliv B.V. & Co. KG, Autoliv Japan Ltd., Takata Corporation, TK Holdings, Inc., Tokai Rika Co., Ltd., TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc., Toyoda Gosei Co., Ltd., Toyoda Gosei North America Corp., TG Missouri Corp., TRW Automotive Holdings Corporation, and TRW Deutschland Holding GmbH.

6.   The Court finds that provisional certification of the Tokai Rika Settlement Class is warranted in light of the Tokai Rika Settlement Agreement because: (a) the Settlement Class is so numerous that joinder is impracticable; (b) the Class Representatives' claims present common issues and are typical of the Settlement Class; (c) the Class Representatives and Settlement Class

Counsel (identified below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that the Class Representatives' interests are aligned with the interests of all other members of the Tokai Rika Settlement Class. The Court also finds that settlement of this action on a class basis is superior to other means of resolving the matter.

### Appointment of Class Representatives and Settlement Class Counsel

7. The Court hereby appoints Plaintiffs Beam's Industries, Inc., Findlay Industries, Inc., and NM Holdings Company, LLC to serve as Class Representatives for the Tokai Rika Settlement Class.

8. The Court hereby appoints the law firms of Freed Kanner London & Millen LLC, Kohn, Swift & Graf, P.C., Preti, Flaherty, Beliveau & Pachios LLP, and Spector Roseman & Kodroff, P.C. to serve as Settlement Class Counsel for the Tokai Rika Settlement Class, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by these appointments.

### Notice to Potential Tokai Rika and Toyoda Gosei Settlement Class Members

9. The Court approves the form and content of the: (a) Notice of Proposed Settlements of Direct Purchaser Class Action with Tokai Rika and Toyoda Gosei Defendants and Hearing on Settlement Approval and Related Matters, and Claim Form ("Notice"), attached as Exhibit 2 to the Notice Memorandum; and (b) Summary Notice of Proposed Settlements of Direct Purchaser Class Action with Tokai Rika and Toyoda Gosei Defendants and Hearing on Settlement Approval and Related Matters (the "Summary Notice"), attached as Exhibit 3 to the Notice Memorandum.

10. The Court finds that the mailing and publication of the Notice and Summary

Notice, respectively, in the manner set forth herein constitutes the best notice practicable under the circumstances and is valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

11. On or before May 17, 2018, the Notice, in substantially the same form as Exhibit 2 to the Notice Memorandum, shall be mailed by first class mail, postage prepaid, to all potential members of the Tokai Rika and Toyoda Gosei Settlement Classes identified by Defendants. The Notice shall also be provided to all persons who request it. In addition, a copy of the Notice shall be posted on the Internet at www.autopartsantitrustlitigation.com, the website dedicated to this litigation.

12. On or before May 25, 2018, Settlement Class Counsel shall cause the Summary Notice, in substantially the same form as Exhibit 3 to the Notice Memorandum, to be published in one national edition of *The Wall Street Journal* and in one edition of *Automotive News*.

13. On or before June 18, 2018, Settlement Class Counsel shall file with the Court their motion or motions for: final approval of the proposed Tokai Rika and Toyoda Gosei settlements; approval of a proposed plan of distribution of the Tokai Rika and Toyoda Gosei settlement funds; an award from the Tokai Rika and Toyoda Gosei settlement funds of attorneys' fees, litigation costs and expenses; and an award of incentive payments to the Class Representatives.

14. All requests for exclusion from either the Tokai Rika or Toyoda Gosei Settlement Classes must be in writing, postmarked no later than July 11, 2018 and must otherwise comply with the requirements set forth in the Notice.

15. Any potential Settlement Class Member who requests exclusion from the Toyoda

Gosei or Tokai Rika Settlement Class shall not be precluded, restricted, barred or limited in any way from participating in any future settlements relating to other Defendants in the Action.

16. Any objection by any member of the Tokai Rika or Toyoda Gosei Settlement Classes to either of the proposed settlements, the proposed plan of distribution of the Tokai Rika and Toyoda Gosei settlement funds, the award from the Tokai Rika and Toyoda Gosei settlement funds of attorneys' fees, litigation costs and expenses, or the request for an award of incentive payments to the Class Representatives, must be in writing, must be filed with the Clerk of Court and postmarked no later than July 11, 2018, and must otherwise comply with requirements set forth in the Notice.

17. Each member of the Tokai Rika Settlement Class shall retain all rights and causes of action with respect to claims against any Defendant other than Tokai Rika Co., Ltd. and TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc., regardless of whether such Settlement Class member decides to remain in, or request exclusion from, the Tokai Rika Settlement Class.

18. Each member of the Toyoda Gosei Settlement Class shall retain all rights and causes of action with respect to claims against any Defendant other than Toyoda Gosei Co., Ltd., Toyoda Gosei North America Corp., and TG Missouri Corp., regardless of whether such Settlement Class member decides to remain in, or request exclusion from, the Toyoda Gosei Settlement Class.

19. At least ten (10) days before the date fixed by this Court for the Fairness Hearing, Settlement Class Counsel shall file with the Court affidavits or declarations of the person under whose general direction the mailing and posting of the Notice, and publication of the Summary Notice, were made, showing that mailing, posting and publication were made in accordance with this Order.

20. The Court will hold a Fairness Hearing on September 26, 2018, at 3:00 p.m., at the

Theodore Levin U.S. Courthouse, Courtroom 272, 231 West Lafayette Blvd., Detroit MI, 48226, to determine whether: (1) the proposed settlements with Tokai Rika and Toyoda Gosei are fair, reasonable and adequate and should be approved; (2) to approve the proposed plan of distribution of the Tokai Rika and Toyoda Gosei settlement funds; (3) Settlement Class Counsel's request for an award of attorneys' fees and litigation costs and expenses should be approved; and (4) to approve the request for an award of incentive payments to the Class Representatives. Any Settlement Class member who follows the procedure set forth in the Notice may appear and be heard at this hearing. The Fairness Hearing may be rescheduled, adjourned or continued without further notice to the Settlement Classes.

21. Any Settlement Class member who wishes to participate in the distribution of the Tokai Rika or Toyoda Gosei settlement funds may either rely on the Claim Form that it previously submitted in connection with prior settlements in this litigation, or submit a Claim Form that would relate only to the Tokai Rika and Toyoda Gosei settlements. Any Settlement Class member that chooses the latter option must submit a Claim Form in accordance with the instructions therein, postmarked no later than August 17, 2018.

<u>Other Provisions</u>

22. In the event that the Tokai Rika Settlement Agreement is terminated in accordance with its provisions, that Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of the Direct Purchaser Plaintiffs, Tokai Rika, and the members of the Tokai Rika Settlement Class.

23. The Court's provisional certification of the Tokai Rika Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest

certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any Defendant's motion, and no party may cite or refer to the Court's approval of the Tokai Rika Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

24. The Court approves the escrow account referenced in the Tokai Rika Settlement Agreements as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation or administration of the QSF. Settlement Class Counsel are authorized to use funds from the QSF in accordance with the Tokai Rika Settlement Agreement, including to pay costs of notice, taxes, tax expenses and settlement administration costs.

25. The Direct Purchaser Class litigation against Tokai Rika is stayed except to the extent necessary to effectuate the Settlement Agreement.

**IT IS SO ORDERED.**

_____
HON. MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Date: _April 25_, 2018