**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION** | **CASE NO. 12-MD-02311** |
| | **HON. MARIANNE O. BATTANI** |
| **In Re: OCCUPANT SAFETY SYSTEMS CASES** | |
| **THIS RELATES TO:** | **2:12-cv-00601-MOB-MKM** |
| **ALL DIRECT PURCHASER ACTIONS** | **2:16-cv-10002-MOB-MKM** |

**ORDER AND FINAL JUDGMENT**

Beam's Industries, Inc., Findlay Industries, Inc., and NM Holdings Company, LLC (the "Direct Purchaser Plaintiffs") on behalf of themselves and the Settlement Class members, and Defendants Tokai Rika Co., Ltd. and TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc. (collectively, "Tokai Rika") entered into a Settlement Agreement dated January 29, 2018 to fully and finally resolve the Settlement Class's claims against Tokai Rika and the other Releasees.  On April 25, 2018, the Court entered its Order granting preliminary approval of the proposed Tokai Rika settlement and authorizing dissemination of notice of the proposed settlement, the fairness hearing, and related matters.  (the "Notice Order").  Notice was provided to the Settlement Class pursuant to the Notice Order and the Court held a fairness hearing on September 26, 2018.

Having considered the Direct Purchaser Plaintiffs' Motion for Final Approval of Proposed Settlement with the Tokai Rika Defendants, oral argument presented at the fairness hearing, and the complete record in this matter,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.      This Court has jurisdiction over the subject matter of this litigation.

2.      Terms capitalized in this Order and Final Judgment and not otherwise defined herein have the same meanings as those used in the Settlement Agreement.

3.      The Notice Order outlined the form and manner by which the Direct Purchaser Plaintiffs would provide the Settlement Class with notice of the settlement, the fairness hearing, and related matters.  The notice program included individual notice via first class mail to members of the Settlement Class who could be identified through reasonable efforts, as well as the publication of a summary notice in *The Wall Street Journal* and in *Automotive News* and posting of the Notice on the Internet on a website dedicated to this litigation.  Proof that mailing, publication and posting conformed with the Notice Order has been filed with the Court.  This notice program fully complied with Fed. R. Civ. P. 23, and the requirements of due process.  It provided due and adequate notice to the Settlement Class.

4.      The settlement was attained following an extensive investigation of the facts.  It resulted from vigorous arm's-length negotiations, which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

5.      The settlement was entered into by the parties in good faith.

6.      Final approval of the settlement with Tokai Rika is hereby granted pursuant to Fed. R. Civ. P. 23(e), because it is "fair, reasonable, and adequate" to the Settlement Class.  In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the Settlement Class's reaction to the settlement, and the result achieved.

7.      The Settlement Class provisionally certified by the Court in its Notice Order is hereby certified as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and is composed of: "All individuals and entities who purchased Occupant Safety Systems in the United States directly from one or more Defendants or their co-conspirators (or their controlled

subsidiaries, affiliates, or joint ventures) from January 1, 2003 through February 25, 2015.

Excluded from the Settlement Class are Defendants, their present and former parent companies,

subsidiaries, and affiliates, federal governmental entities and instrumentalities of the federal

government, and states and their subdivisions, agencies and instrumentalities)." The Court

adopts and incorporates herein all findings made under Rule 23 in its Notice Order.

8.      The Court's certification of the Settlement Class as provided herein is without

prejudice to, or waiver of the rights of any Defendant to contest certification of any other class

proposed in these coordinated actions. The Court's findings in this Order shall have no effect on

the Court's ruling on any motion to certify any class in these actions or on the Court's rulings

concerning any Defendant's motion, and no party may cite or refer to the Court's approval of the

Settlement Class as persuasive or binding authority with respect to any motion to certify any

such class or any defendant's motion.

9.      The entities identified on Exhibit "A" hereto have timely and validly requested

exclusion from the Settlement Class and, therefore, are excluded. Such entities are not included

in or bound by this Order and Final Judgment. Such entities are not entitled to any recovery

from the settlement proceeds obtained through this settlement.

10.     The Action and all Released Claims are hereby dismissed with prejudice with

respect to the Releasees and without costs. The Releasors are barred from instituting or

prosecuting, in any capacity, an action or proceeding that asserts a Released Claim against any of

the Releasees. This dismissal applies only in favor of Tokai Rika and the other Releasees.

11.     The Escrow Account, plus accrued interest thereon, is approved as a Qualified

Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations

promulgated thereunder.

12.     Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

13.     This Order and Final Judgment does not settle or compromise any claims by the Direct Purchaser Plaintiffs or the Settlement Class against any other Defendant or other person or entity other than Tokai Rika and the other Releasees, and all rights against any other Defendant or other person or entity are specifically reserved.

14.     Without affecting the finality of this Order and Final Judgment, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order and Final Judgment; (b) the enforcement of the Settlement Agreement; (c) any application for distribution of funds, attorneys' fees or reimbursement made by Plaintiffs' Counsel; (d) any application for incentive awards for the Direct Purchaser Plaintiffs; and (e) the distribution of the settlement proceeds to Settlement Class members.

15.     Pursuant to Fed. R. Civ. P. 54, the Court finds that there is no just reason for delay and hereby directs the entry of judgment as to Tokai Rika.

**IT IS SO ORDERED.**

Date:   November 21, 2018                         s/Marianne O. Battani
                                                  MARIANNE O. BATTANI
                                                  United States District Judge


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on November 21, 2018.

                                                  s/ Kay Doaks
                                                  Case Manager

**EXHIBIT "A"**

**AUTOMOTIVE PARTS ANTITRUST LITIGATION, 12-MD-02311,**
**OCCUPANT SAFETY SYSTEMS, 2:12-CV-00601-MOB-MKM,**
**2:16-CV-10002-MOB-MKM**

REQUESTS FOR EXCLUSION FROM THE DIRECT
PURCHASER TOKAI RIKA SETTLEMENT CLASS

1.    FORD MOTOR COMPANY and its wholly-owned divisions, subsidiaries and affiliates

2.    NISSAN MOTOR CO., LTD.

3.    TOYOTA

- Toyota Motor North America, Inc.
- Toyota Motor Engineering & Manufacturing North America, Inc.
- Toyota Motor Sales U.S.A., Inc.
- Toyota Motor Manufacturing, Mississippi, Inc.
- Toyota Motor Manufacturing, Indiana, Inc.
- Toyota Motor Manufacturing, Kentucky, Inc.
- Toyota Motor Manufacturing
- Toyota Motor Corporate Service
- Toyota Motors of America
- Toyota Motor Manufacturing de Baja California, S. de R.L. de C.V.
- Toyota Motor Manufacturing, West Virginia, Inc.
- Toyota Motor Manufacturing, Alabama, Inc.
- Toyota Motor Manufacturing, Texas, Inc.
- Toyota Motor Manufacturing Canada, Inc.
- Toyota Motor Corporation
- Toyota Motor Engineering
- New United Motor Manufacturing, Inc.
- Bodine Aluminum, Inc.
- TABC, Inc.
- Canadian Autoparts Toyota Inc.
- Toyota Motor Manufacturing de Guanajuato, S.A. de. C.V.
- Toyota Motor Manufacturing California, Inc.
- Toyota Motor Manufacturing, Northern Kentucky, Inc.