UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | CASE NO. 12-MD-02311<br>HON. SEAN F. COX |
| In Re: OCCUPANT SAFETY SYSTEMS | |
| THIS RELATES TO:<br>ALL DIRECT PURCHASER ACTIONS | 2:12-cv-00601-SFC-RSW<br>2:16-cv-10002-SFC-RSW |

**ORDER GRANTING PRELIMINARY APPROVAL
OF PROPOSED SETTLEMENT WITH TRUSTEE OF THE
REORGANIZED TK HOLDINGS TRUST AND FOR PROVISIONAL
CERTIFICATION OF THE SETTLEMENT CLASS**

Upon consideration of the Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Joseph J. Farnan, Jr., solely as Trustee (the "Trustee") of the Reorganized TK Holdings Trust (the "Trust"), and for Provisional Certification of a Direct Purchaser TK Holdings Settlement Class (the "Motion"), it is hereby ORDERED as follows:

1. The Motion is hereby **GRANTED**.

2. Terms used in this Order that are defined in the settlement agreement with the Trustee (the "Settlement Agreement") are, unless otherwise defined herein, used as defined in the Settlement Agreement.

1

Preliminary Approval of Settlement Agreement

3. The terms of the Settlement Agreement are hereby preliminarily approved as being fair, reasonable, and adequate to the Settlement Class, subject to a fairness hearing. In preliminarily approving the Settlement Agreement, the Court makes the following findings:

a. The proposed class representatives and Settlement Class Counsel have adequately represented the Settlement Class;

b. The Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given to members of the proposed Settlement Class, pursuant to a plan to be submitted by Settlement Class Counsel to the Court for approval in a separate motion;

c. The relief provided for the Settlement Class is adequate; and

d. The Settlement Agreement treats members of the Settlement Class equitably relative to each other.

Class Certification

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met, and provisionally certifies the following class for settlement purposes (the "Settlement Class"):

> All direct purchasers of Occupant Safety Systems in the United States from one or more of the Defendants or their co-conspirators (or their controlled subsidiaries, affiliates or joint ventures) from January 1, 2003, through June 25, 2017.

5. For purposes of the Proposed Settlement Class definition, following entities are Defendants: Autoliv Inc.; Autoliv SP Inc.; Autoliv BV & Co. KG; Autoliv Japan Ltd.; Takata Corp.; TK Holdings Inc.; Tokai Rika; TRAM Inc.; TRW Automotive Holdings Corp.; TRW

Deutschland Holding GmbH; Toyoda Gosei Co Ltd.; Toyoda Gosei North America Corp.; and TG Missouri Corp.

6. The Court finds that provisional certification of the Settlement Class is warranted in light of the Settlement Agreement because: (a) the Settlement Class is so numerous that joinder is impracticable; (b) the Direct Purchaser Plaintiff Class Representatives' claims present common issues and are typical of the Settlement Class; (c) the Direct Purchaser Plaintiff Class Representatives and Settlement Class Counsel (identified below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that the Direct Purchaser Plaintiff Class Representatives' interests are aligned with the interests of all other members of the Settlement Class. The Court also finds that settlement of this action on a class basis is superior to other means of resolving the matter.

<u>Appointment of Class Representatives and Settlement Class Counsel</u>

7. The Court hereby appoints Beam's Industries, Inc. and Findlay Industries, Inc. ("Plaintiffs") to serve as Class Representatives for the Settlement Class.

8. The Court hereby appoints the law firms of Freed Kanner London & Millen LLC; Kohn, Swift & Graf, P.C.; Preti, Flaherty, Beliveau & Pachios LLP; and Spector Roseman & Kodroff, P.C. to serve as Settlement Class Counsel for the Settlement Class, having determined that the requirements of Rule 23(g) are fully satisfied by these appointments.

<u>Other Provisions</u>

9. If the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without

17005209.1

prejudice to the status quo and rights of Plaintiffs, the Trust, and the members of the Settlement Class.

10. The Court's provisional certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any Defendant's motion, and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

11. The Court approves the escrow account referenced in the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation or administration of the QSF. Settlement Class Counsel are authorized to use funds from the QSF in accordance with the Settlement Agreement, including to pay costs of notice, taxes, tax expenses, and costs of maintaining and administering the Settlement Fund.

12. The Direct Purchaser Class litigation against the Trustee is stayed except to the extent necessary to effectuate the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: February 8, 2021

s/Sean F. Cox
Sean F. Cox
U. S. District Judge

17005209.1